# LIST OF CONDITIONAL TRANSFEREES

1. Aquino, Russel
2. Baay, Cristina
3. Balicha, Estelita E.
4. Bantillo, Delma B.
5. Basto, Zenaida G.
6. Butic, Teresita, M.
7. Capacite, Emerita B.
8. Fajarda, Amelita S.
9. Gadiane, Marilyn J.
10. Gonzales, Guadalupe F.
11. Hernandez, Wendelyn M.
12. Ladia, Victoria T.
13. Lozana, Nelia D.
14. Mateo, Marla F.
15. Molina, Elizabeth
16. Nabor, Celestina
17. Navida, Marichu
18. Nimo, Eulalia
19. Pangan, Marita
20. Pangelinan, Teresita
21. Pomarejos, Gloria
22. Quipot, Mercia
23. Tapiador, Teresa
24. Teberio, Jessica
25. Villanueva, Maribel

**EXHIBIT 1**

# LIST OF CONSENSUAL TRANSFEREES

1. Abellanosa, Joanna B.
2. Alvarado, Marissa A.
3. Antatico, Nora T.
4. Apit, Loly L.
5. Aranda, Marlou C.
6. Arcega, Prescilla V.
7. Asia, Angelita M.
8. Balbido, Marissa G.
9. Balcita, Amalia P.
10. Banaag, Evelyn J.
11. Banguilan, Teresita D.
12. Bautista, Consolita T.
13. Bernardino, Eva G.
14. Cabanit, Anastacia A.
15. Carait, Ruby B.
16. Cava, Maratita A.
17. Chavez, Evangeline G.
18. Concepcion, Andrea M.
19. Contemplacion, Nelida D.
20. Correa, Haide C.
21. Cruz, Agnes A.
22. Cruz, Helen L.
23. Dela Cruz, Ma. Rosario R.
24. Delos Santos, Elena O.
25. Domine, Corazon A.
26. Dugay, Nomielaida, W.
27. Gases, Nenita D.
28. Gelera, Eireen C.
29. Inopiquez, Rosalina A.
30. Lejano, Angel B.

**EXHIBIT 2**

31. Maclang, Marideth L.
32. Magnaye, Beatriz M.
33. Manzanilla, Edelita C.
34. Mendoza, Belinda A.
35. Miranda, Amalia M.
36. Mansalud, Eva U.
37. Nipaya, Leonila A.
38. Nisperos, Jenita A.
39. Nueva, Maritess A.
40. Olermo, Ruby T.
41. Pascua, Dyna C.
42. Pascual, Myrna M.
43. Pelegrino, Adoracion H.
44. Perfecto, Charito F.
45. Relevante, Adora Mae
46. Reyes, Amalia J.
47. Salvador, Janna J.
48. Sapiandante, Mila M.
49. Soriano, Marietta DLC
50. Tobias, Jocelyn L.
51. Valdoz, Sherowin C.

# PLAINTIFFS WHO PAID BOTH
# PHYSICAL EXAMINATION AND HEALTH CLEARANCE FEES

1. Alvarado, Marissa A.
2. Arcega, Prescilla V.
3. Baay, Cristina
4. Balbido, Marissa G.
5. Banaag, Evelyn J.
6. Bantillo, Delma B.
7. Balicha, Estelita E.
8. Basto, Zenaida G.
9. Butic, Teresita, M.
10. Capacite, Emerita B.
11. Cava, Maratita A.
12. Chavez, Evangeline G.
13. Contemplacion, Nelida D.
14. Correa, Haide C.
15. Dugay, Nomielaida, W.
16. Fajarda, Amelita S.
17. Gases, Nenita D.
18. Gonzales, Guadalupe F.
19. Maclang, Marideth L.
20. Manzanilla, Edelita C.
21. Mendoza, Belinda A.
22. Monsalud, Eva U.
23. Nipaya, Leonila A.
24. Pascua, Dyna C.
25. Pelegrino, Adoracion H.
26. Reyes, Amalia J.
27. Salvador, Janna J.

**EXHIBIT 3**

PLAINTIFFS WHO PAID PHYSICAL EXAMINATION
AND HEALTH CLEARANCE FEES

28. Sapiandante, Mila M.
29. Lozano, Nelia D.
30. Mateo, Marla F.
31. Molina, Elizabeth
32. Nabor, Celestina
33. Navida, Marichu
34. Pangan, Marita
35. Pangelinan, Teresita
36. Quipot, Mercia
37. Tapiador, Teresa
38. Teberio, Jessica
39. Villanueva, Maribel

## PLAINTIFFS WHO PAID EITHER PHYSICAL EXAMINATION OR HEALTH CLEARANCE FEES

1. Abellanosa, Joanna B.
2. Perfecto, Charito F.
3. Pomarejos, Gloria

EXHIBIT 4

# PLAINTIFFS WITH STILL VALID HEALTH CLEARANCE CERTIFICATE USED BY L&T

1. Antatico, Nora T.
2. Apit, Loly L
3. Aquino, Russel
4. Aranda, Marlou C.
5. Asia, Angelita M.
6. Balcita, Amalia P.
7. Banguilan, Teresita D.
8. Bautista, Consolita T.
9. Bernardino, Eva G.
10. Cabanit, Anastacia A.
11. Carait, Ruby B.
12. Concepcion, Andrea M.
13. Cruz, Agnes A.
14. Cruz, Helen L.
15. Dela Cruz, Ma. Rosario R.
16. Delos Santos, Elena O.
17. Domine, Corazon A.
18. Gadiane, Marilyn J.
19. Gelera, Eireen C.
20. Hernandez, Wendelyn M.
21. Inopiquez, Rosalina A.
22. Ladia, Victoria T.
23. Lejano, Angel B.
24. Magnaye, Beatriz M.
25. Miranda, Amalia M
26. Nimo, Eulalia

**EXHIBIT 5**

27. Nisperos, Jenita A.
28. Nueva, Maritess A.
29. Olermo, Ruby T.
30. Pascual, Myrna M.
31. Relevante, Adora Mae
32. Soriano, Marietta DLC
33. Tobias, Jocelyn L.
34. Valdoz, Sherowin C.

**PLAINTIFFS WITH STILL VALID HEALTH CLEARANCE CERTIFICATE USED BY L&T**

# EMPLOYMENT CONTRACT

This Employment contract is entered into by and between **L&T INTERNATIONAL CORPORATION**, of P.O. Box 501280, Saipan, MP 96950, hereinafter referred to as the Employer, and  **CRISTINA R. BAAY** of **Ligaspit St., Talisay, Camarines Norte, Phils.**, hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties stipulated herein or as may be assigned from time to time.

The employee understands and recognizes that the employer must operate efficiently in a highly competitive market or industry and the employee assumes the responsibility for cooperating fully to the attainment of the employer's goals. To this end, the employee agrees to devote his/her entire time and attention to the performance of his/her duties and use his/her utmost endeavors to promote the interests of employer and to conform to the rules and regulations of the company now in force or as these rules and regulations are amended. The employee further agrees that he/she will support the employer in its effort to improve productivity and quality of workmanship; living and working conditions; and strengthen goodwill between them.

## DUTIES AND RESPONSIBILITIES

The parties hereto agree that the Employee shall be employed as  **PACKAGER,HAND** and shall perform the following duties and responsibilities:

Packages materials manually, performing any combination of the following duties. Cleans packaging containers. Lines & pads crates & assembles cartons. Obtains & sort product, wraps protective material around product. Labels product. Sorts bundles or filled containers. Packs specials arrangements or selections of product. Inspects materials products at each step of packaging process. Records information, such as weight time & date packaged. May stack, separate, count, pack ,wrap & weigh product. Perform other related duties as required or assigned.

## TERM

The initial term of this Contract shall be for a period of one (1) year commencing on the employee's departure from the Philippines and ending twelve months thereafter unless the Director of Labor stipulates a different date: _____.

## WORK DAYS AND HOURS

The work schedule will be as follows: Monday to Friday, from __9__ AM to __6__ PM for a total of 40 hours per week. This work schedule is subject to change depending on the Employer's business requirements. Overtime is not compulsory. In the event, however, that an Employee is scheduled to work and agrees to work overtime and does not notify the Employer in advance that he/she will not report and then is absent, unless for reasons beyond his/her control, it shall be considered absenteeism, the same as a failure to report on a regular work day. The workweek shall commence at 8:30 A.M. Monday morning and end the following Monday morning at 8:30 A.M.

## COMPENSATION

The employee shall be compensated for services rendered or work performed at the regular rate of **$3.05** per hour for the first 40 hours of work per week; and one and one half times (x 1.5) the regular rate for all time worked over forty (40) hours in any one work week. The employee shall be paid on a bi-weekly interval unless applicable law provides otherwise.

## DEDUCTIONS

CNMI taxes, statutory or regulatory fees imposed on employees by applicable laws, and Social Security, if applicable, shall be withheld from the employee's salary at each pay period. Deductions such as remittances to family and obligations for the payment of loans and other obligations, unless specified herein, may be made only upon the request of the employee. Such authorization must be voluntarily given in writing and in the language spoken and understood by the employee together with an English translation, signed and delivered to the payroll department. The employer shall keep and maintain true, accurate and complete records of all such authorizations and deductions and shall make the same available for inspection and examinations upon demand by the Department of Labor and Immigration. The employee shall be provided with a copy of all deductions made from each payroll.

## FOOD, LODGING AND OTHERS

1. The employer shall ensure that the following facilities are provided:
   ( ) employer provided housing at a charge of **$100.00** per month or **$46.15** pay period.
   ( ) three meals per day, six days per week at a charge of **$100.00** per month or **$46.15** pay period.
   (X) employee to provide own food/housing (will stay with relative/family)

2. The employee agrees that the employer has the right to increase or decrease the employee's food and lodging deduction, if applicable, based on actual or reasonable cost of providing such facilities at the time these costs are incurred subject to approval by the Department of Labor and Immigration or its successor agency or department.

3. The employee shall have primary responsibility for providing his/her own transportation to and from work unless applicable laws provide otherwise. Employee agrees to pay the cost of transportation if he/she desires to avail himself/herself of company's transportation service unless applicable laws provide otherwise.

4. Medical insurance or payment of all medical expenses of the employee during the employee's legal stay in the Commonwealth under the term of this contract or modification thereof, including the cost of referral and evacuation by the Commonwealth Health Center (CHC) for medical treatment outside of the Commonwealth, and the cost of embalming and transportation of the employee's corpse back to his/her point of origin in the event of death, will be paid by the Employer unless applicable law provides otherwise or except as modified by case law. Any changes in CNMI laws that allow employer to have employees bear medical cost, the employees shall pay whatever costs are incurred in excess of what the company subsidizes.

Page 1 of 4

# EXHIBIT 6

5. Employee shall respect and obey all laws, rules and regulations of the Commonwealth of the Northern Mariana Islands and comply with such reasonable rules and regulations as the employer may establish from time to time.

6. Employee agrees to work and live in harmony with her/his co-workers, and at all times to conduct herself/himself in an orderly manner, with due regard to the comfort and convenience of her/his co-workers.

### PRINCIPAL PLACE OF WORK

The Employee's principal place of employment shall be in Saipan, CNMI. However, the employee may be required to perform his/her duties outside the CNMI or at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor rules and/or regulations.

### REPATRIATION

The employer shall be responsible for the booking and purchase of the employee's return airplane ticket to his/her point of hire at the expiration or termination of the employment contract. The employee expressly agrees to depart the Commonwealth no later than three days after the expiration of the permit unless the permit is renewed, or the employee is permitted to stay in the Commonwealth by operation of law. The employer shall not be responsible for repatriation expenses in the event the employee is transferred to another employer by the Department of Labor and Immigration or where repatriation is not required or mandated by law due to a change in labor or immigration status of the employee.

### NOTIFICATION AND REPATRIATION

In the event of a serious illness, accident or death of the Employee, the Employee grants the Employer sole discretion to take any and all appropriate action under applicable laws and rules and this agreement relative to notification of next of kin and repatriation to the country of hire.

### OTHER PROVISIONS

The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct, etc.). Company rules and regulations previously filed with DLI.

### SAFETY AND HEALTH

The employer agrees to post at the work site, employer-provided housing or supply employee and the employee agrees to strictly adhere to policies, rules and regulations concerning safety, health, fire protection and sanitation. The employer may call general employee and educational meetings which it may deem proper and the time spent at such meetings shall not be considered as working time if held before or after the regular hours of work.

### GRIEVANCES

1. All grievances or disputes between the parties herein arising out of or in connection with this employment contract as to hours, wages or other conditions of employment including health, safety, work and living conditions shall be dealt with in accordance with the following procedures:

    [a] Any employee who has a grievance or dispute shall promptly take the matter with the immediate supervisor; in the case of living accommodations, with the Asst. Housing Manager. The immediate supervisor or Asst. Housing Manager shall have 24 hours to adjust or settle the grievance or dispute. If either or both is unable to adjust or settle the matter within 24 hours, then the grievance or dispute shall be reduced to writing by the immediate supervisor or Asst. Housing Manager. The Section or Unit Supervisor or Housing Manager shall have two working days to adjust or settle the grievance or dispute or give his/her answer in writing stating the reasons why he/she was unable to adjust or settle the grievance or dispute.

    [b] If the grievance or dispute is not adjusted or settled in paragraph [a], the grievance or dispute shall be referred to the Department Manager who shall have three working days to adjust the grievance or dispute or state in writing his/her reasons why the grievance or dispute cannot be adjusted or why a satisfactory settlement cannot be reached.

    [c] If not adjusted or settled, in paragraph [b], the grievance or dispute shall be referred to the General Manager. Management shall have three working days to answer the grievance or dispute in writing or state the reasons why the grievance or dispute cannot be adjusted or why a satisfactory settlement cannot be reached.

    [d] If not adjusted in paragraph [c], the employee shall have the option at his/her election to either file his/her grievance with the Department of Labor and Immigration or request for arbitration with outside representatives present for either party, plus a representative of the Department of Labor and Immigration, Division of Labor.

    [e] If not adjusted in paragraph [d], within 30 days, the employee shall have the right to do any and all things necessary to vindicate his/her rights under applicable law or under this employment contract.

2. It is the intent of the parties hereto that the procedures set forth herein shall serve as a means for the prompt, fair and amicable adjustment or settlement of grievances, dispute or differences that may arise between them. Accordingly, if any grievance or dispute should arise between the employer and employee, there shall be no interruption of operations by the employer or employee. The employee further agrees that he/she shall not cease or take part in any strike, picketing, sit-down, stay-in, slow-down, or other curtailment or restriction of production and/or interference with work in or about the employer's factories or premises, until the procedure provided herein for settlement of grievances or disputes has been fully complied with. The employer reserves the right to suspend with or without pay or terminate the employee for violation of this section.

3. Any grievance or dispute will automatically be granted if the employer fails to give a disposition within the specified time limit in that step of the grievance procedure. Any grievance not advanced to the next step by the employee within the time limit specified in that step shall be deemed abandoned.

The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

## SEVERABILITY AND APPLICATION

In the event that any part hereof or any provision herein contained be rendered or declared invalid by a decree of a court of competent jurisdiction, such invalidation of such part or portion of the employment contract shall be deemed separable from all other provisions of this employment contract other than those held invalid shall be in full force and effect. The parties to this contract shall correct the invalidated portion as soon as practicable by joint negotiations. The parties agree to negotiate in good faith to reform this employment contract in the event some of the provisions are declared invalid.

IN WITNESS WHEREOF, the parties hereto affix their names on the date and space so specified.

## DECLARATION

*I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on* ___3-3-04___ *at Saipan, Commonwealth of the Northern Mariana Islands.*

DATE: ___3-03-04___         BY: ___JOAQUIN S. TORRES/*Human Resources Director*___
                                                     *(Print Name, Title and Sign)*
                                                     **L&T INTERNATIONAL CORPORATION**

## DECLARATION

*I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on* ___3-03-04___ *at Saipan, Commonwealth of the Northern Mariana Islands.*

DATE: ___3-03-04___         ___Cristina R. Baay___
                                                     CRISTINA R. BAAY
                                                     EMPLOYEE *(Print Name and Sign)*

DATE: _____   APPROVED BY: _____
                                                     **DIRECTOR OF LABOR**

4.  Failure to file any grievance or dispute promptly on occurrence of the grievance or dispute shall be considered to be not consistent with the terms of this employment contract.

5.  Employee shall respect and obey all laws, rules and regulations of the Commonwealth of the Northern Mariana Islands and comply with such reasonable rules and regulations as the employer may establish from time to time.

6.  Employee agrees to work and live in harmony with her/his co-workers, and at all times to conduct herself/himself in an orderly manner, with due regard to the comfort and convenience of her/his co-workers.

## MANAGEMENT RIGHT

The employer reserves exclusively to itself and retains all management rights not expressly prohibited by law. Management shall have the right to determine and control the methods and manner of its operation; establish production, work or efficiency standards; benchmark to measure overall or single job order performance; admonish, suspend and discharge employee for failing to meet standards; promulgate reasonable rules not inconsistent with law and to enforce such rules through disciplinary action; change pay periods consistent with law; transfer, move, eliminate jobs or classification or combined jobs, change the work schedule depending on business requirements, change duties and assignments unless prohibited by law.

The right to hire, discipline, suspend, or terminate for cause, the right to relieve employees from duty because of lack of work or other legitimate reasons, renew employment, and to maintain order and efficiency shall vest exclusively with the employer. The right to discipline, suspend, or discharge for cause shall likewise vest with the employer, provided that claims of wrongful or unjust discipline, suspension, or discharge shall be subject to the grievance procedure herein provided.

The employee understands and agrees that he/she has no right in law or equity to renew his/her employment contract prior to, or after the expiration of this employment contract. Renewal of employment shall be as provided herein and subject to the approval of the Department of Labor and Immigration.

The employee covenant and agree that so long as he/she is in the employ of the Company (herein employer) and for a period of one year after the expiration of his/her work permit or termination of employment, he/she will not directly or indirectly, disclose, communicate, divulge or furnish to or use for the benefit of himself/herself (except while he/she is in the employ solely and in the pursuit of the activities of the company) or any other person, firm, corporation, partnership or association, the names of the customers of the Company, or any trade secrets, designs, strategies, ideas or products or articles sold or distributed by the Company, other proprietary information or materials of the Company which may be communicated to him/her or which he/she may learn or have access to by virtue of his/her activities under this employment contract.

The employee further agree that he/she will not, without the consent of the Company in writing first obtained, for a period of one year after his/her employment ceases either by resignation, termination, expiration of permit, or other causes, enter the employ of or render services to any person, firm, partnership or corporation dealing in products or services which compete with any products of or services of the company or engage in any competing business on his/her own account or become interested therein as director, principal, representative, employee or in any relationship or capacity.

## TERMINATION

This contract may be terminated as follows:

1.  With cause by either party by giving the other party ten (10) days advance written notice.

    a.  In the event of termination for cause, the employee may, at his/her election, contest such termination in accordance with the grievance procedures set forth herein, or accept termination and receive payment of services rendered up to the effective date of termination plus a one-way airline ticket for his/her return to his/her point of hire.

    b. Termination for cause shall include any of the following:
    - use or possession of firearms, dangerous weapons, explosives, or drugs at place of employment or at employer provided housing facility
    - bringing in of unauthorized person(s) into the employee's assigned quarters or employer provided facilities
    - misrepresentation of the qualifications, skills, physical or mental fitness or inability to satisfactorily perform the duties for which the employee was hired - mental instability - neurosis - psychosis
    - failure to perform in accordance with established standards of performance
      off-duty conduct that is detrimental to the employee's performance on the job, to the employer's business success, reputation, or similar concerns
    - careless performance, non-performance, or non-completion of assigned work
    - false statements given in obtaining or renewing a leave of absence
    - conviction in the CNMI of any felony or two or more misdemeanors
    - discrimination on the basis of sex, age, race, color, nationality, religion or handicap
    - use or possession of alcohol on the job, or intoxication on the job
    - reduction in force due to adverse economic conditions or economic necessity
    - shutdown of business operations on economic or institutional grounds
    - employee conduct reflecting unfavorably upon the employer
    - unauthorized taking or use of another person's or company's property
    - cessation of business or down-size of business operation
      engaging in any unauthorized employment or business activity
    - purposely using company name for personal gains - violation of CNMI or U.S. federal law
      the breach of any provision of this contract
      driving without a valid driver's license - five unauthorized absences or tardiness
      false employment application - abandoning of job or assigned duty
    - violation of company policies - destruction of property - fighting with co-worker(s)
    - assault - theft - insubordination - incompetence - neglect of duty - disloyalty

## REMITTANCE/OTHER OBLIGATIONS

The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

## ENTIRE AGREEMENT

Page 3 of 4

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR AND IMMIGRATION
DIVISION OF LABOR
CK, SAIPAN, NORTHERN MARIANA ISLANDS

## CHIEF OF LABOR ENDORSEMENT

1. JOB CLASSIFICATION: _____ NUMBER OF OPENINGS: _____

   Identification Certificate No. _____ through _____

   Agreement Number: _____ Issue Date: _____ Expiration Date: _____

2. JOB CLASSIFICATION: _____ NUMBER OF OPENINGS: _____

   Identification Certificate No. _____ through _____

   Agreement Number: _____ Issue Date: _____ Expiration Date: _____

3. JOB CLASSIFICATION. _____ NUMBER OF OPENINGS: _____

   Identification Certificate No. _____ through _____

   Agreement Number: _____ Issue Date: _____ Expiration Date: _____

_____ _____
Date                                              CHIEF OF LABOR

## APPLICATION TO EMPLOY NON-RESIDENT WORKER(S)
## AND
## EMPLOYER'S NON-RESIDENT WORKER AGREEMENT

BOND NO. _____

### SECTION A - APPLICATION

1. Name of Employer: _____
2. Address: _____
3. Nature of Business: _____
   _____ Business License No.: _____
4. Principal place of employment:  \_\_\_\_\_ Saipan   \_\_\_\_\_ Rota   \_\_\_\_\_ Tinian
5. Work Force, Housing & Business:   Last Calendar Year        This Year to Date

   Number of Resident Workers:       _____          _____

   Number of Nonresident Workers:    _____          _____

   Number of Rooms Inspected and Approved:  _____     _____

   Business Gross Income:            _____          _____

6. The Employer requires the services of nonresident worker(s) to be employed in the job classification or title and salary as stated below, commencing on or about _____ :

   **Job Classification/Number**    **Rate of Pay**    **Period of Employment**

### SECTION B - AGREEMENT

This Agreement is entered into between the Chief of Labor and the Employer named in Section A above.

1. For and in consideration of being allowed to employ nonresident worker(s), the Employer agrees to the terms and conditions herein set forth by the Chief as follows:

   A. To strictly adhere to the provisions of the Nonresident Worker's Act and amendments thereto, Wage and Hour Act and all other applicable Commonwealth laws, rules, regulations, the employment contract(s) and this agreement; and to procure copies of these laws.

   B. To hire and submit with this application a list of resident workers hired and to place on the payroll all resident workers within ten (10) working days of approval of

Form: L921014.2

EXHIBIT 7

this agreement for all new businesses unless a different date is specified by the Chief and to ensure that the resident worker requirement is complied with at all times.

C. To provide board, lodging, and transportation to resident workers recruited from the islands of Rota, Tinian, and the islands north of Saipan for jobs to be performed in Saipan under the same terms and conditions provided to nonresident workers. All other personnel benefits extended to nonresident workers shall be made applicable to resident workers, at their election. When resident workers elect not to take these benefits or monetary compensation of equivalent value, the Employer must keep and maintain records indicating such action by the resident workers.

D. To ensure that nonresident worker(s) to be employed in any job classifications or titles have the required minimum of two years work experience in the occupational field for which the nonresident worker(s) is/are to be hired and such worker(s) shall not be permitted to work for any other employer or in any other job classification or title without the approval of the Chief of Labor or be permitted to own any business or be engaged in any business activity. The Employer shall notify the Chief of Labor in writing within ten (10) days of any changes in the principal place of employment of any nonresident worker.

E. Responsible for the repatriation and medical expenses, as well as all other expenses required by law of any nonresident worker to be employed or employed under this Agreement until the worker leaves the Commonwealth or is transferred to another Employer.

F. That a minimum of forty (40) hours of work per week will be readily available at all times for the duration of the employment contract for any nonresident worker covered under this Agreement except when a work week is interrupted by recognized Commonwealth holidays, natural disasters, inclement weather and other circumstances which the Chief, in his sole discretion, determines that the Employer's inability to provide forty (40) hours of work was beyond the control of the Employer or an exception is granted.

G. That upon approval of this Agreement by the Chief or his designee, the Employer shall deliver to the Chief a copy of the draft employment contract for his review containing, among other information, the occupational category or job title; term of employment; location of work; work schedule; duties and responsibilities; salary for regular and overtime compensation, and deductions for taxes (including Social Security, if applicable) and other facilities. Any contract entered into between the Employer and any nonresident worker shall be contingent upon approval by the Chief or his designee.

H. That immediately after receiving notice that the employment contract has been approved, the Employer shall deliver to the Chief a bond in accordance with Section II(B)(5) of the Alien Labor Rules and Regulations.

I. To maintain and keep complete and accurate records in English of all workers including workers covered under this Agreement and shall, upon demand, immediately present the same to the Chief or his authorized representative all records required to be kept under the Nonresident Workers Act, Wage and Hour Act and rules and regulations.

J. To ensure that no employee occupies an employer-provided housing without first obtaining an inspection clearance or certificate of occupancy from the Chief of Labor or his duly authorized designee and to further ensure that all housing facilities are maintained in a clean and sanitary condition and at all times be in compliance with all applicable housing standards.

K. That within nine (9) months of the date hereof, the Employer shall make a bona fide effort to locate qualified resident workers to replace any nonresident workers filling the positions mentioned above and shall advise the Chief of Labor and Chief of Employment Services in writing of efforts taken in locating qualified resident workers.

L. That any nonresident worker to be employed under this Agreement shall be utilized to train resident worker(s) and shall submit a report every _____ (___) months to the Chief of Employment Services regarding the training of resident worker(s).

M. Other special conditions: _____

_____

_____

N. Consents to entry, without issuance of any warrant, by the Chief, Director, or their designees to any job site or housing of any nonresident worker covered under this Agreement for purposes of compliance monitoring, inspection, investigation, or enforcement of the nonresident workers act, the rules and regulations, the Employer's Nonresident Employment Agreement, the employment contract, and/or any applicable law of the Commonwealth.

2. Endorsement of this Agreement by the Chief of Labor or his designee constitutes an agreement between the Chief of Labor and the Employer and shall be binding on the part as herein, their successors and assigns.

IN WITNESS WHEREOF the Employer affixes his/her name on the date indicated below.

Date:_____      _____
                                              Print Name and Sign

                                           _____
                                              Title

Form: L921014.2                                                    Page 2 of 2



**L&T**
Group of
Companies, Inc.

May 12, 2004

Ms. Marisa Alvarado
Saipan, MP 96950

Dear Ms. Alvarado:

**SUBJECT: NOTICE OF TERMINATION**

It is with much regret that we inform you that your employment with the company is hereby terminated effective 10 days from receipt of this notice due to the on-going re-engineering and reduction in force due to economic necessity.

Please turn over any and all company properties in your possession including but not limited to reports and other documents to the undersigned and/or her designee on or before May 13, 2004

Should you have any questions about this notice, please feel free to discuss the same with the undersigned.

Sincerely,

**MA. LUISA DELA-CRUZ ERNEST**
*Human Resources Manager*

*diskfileref/trm_ntc_122*
*/diver*

**EXHIBIT 8**

P.O. Box 501280, Saipan, Commonwealth of the Northern Mariana Islands, MP 96950
Telephone: (670) 236-2143/2145; 322-9006/5451 ● Facsimile: (670) 322-9202/0893