FILED
Clerk
District Court

SEP 2 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917 Box 10001
Saipan, Mariana Islands 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Defendant*

# IN THE DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABELLANOSA, JOANNA, et. al., ) | Civil Action No. 05-0010 |
| Plaintiffs, ) | |
| vs. ) | REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| L & T INTERNATIONAL CORPORATION. ) | |
| Defendant. ) | Date : September 29, 2005<br>Time : 9:00 a. m.<br>Judge : Hon. Alex R. Munson |

## I.

## INTRODUCTION

Defendant filed a Motion to Dismiss Plaintiffs' First, Second and Seventh causes of action. Defendant moved this Court to dismiss Plaintiffs' claims for intentional infliction of emotional distress because for failure to state a claim upon which relief can be granted. Based on the facts plead, the Court should determine as a matter of law that the conduct alleged was not "outrageous". In opposition, the Plaintiffs set forth, verbatim, eighteen paragraphs from the Complaint. The Plaintiffs do not cite a single employment termination case supporting a valid intentional infliction of emotional distress claim. Plaintiffs do not argue that with amendments, they could cure the deficiencies in their cause of action. Instead, they rely on the language of the Complaint, which ultimately falls far short of the threshold legal standard for a claim of intentional infliction of emotional distress. Therefore, the Seventh cause of action should be dismissed with prejudice.

1

Defendant also moved the Court to dismiss two causes of action grounded on the allegation that Defendant failed to pay for the Health Certificates and medical exams (collectively "Medical Costs") for the Plaintiffs. Plaintiffs concede that the first two causes of action rest on this single proposition; that it was illegal for the Defendant to require Plaintiffs to pay for the Medical Costs. However, Plaintiffs do not cite a single case to support their contention that the Defendant was required to pay for the Plaintiffs' Medical Costs. Plaintiffs do not argue that with amendment they could establish a claim under the First and Second causes of action and therefore amendment would be futile. Because Defendant was not legally bound to pay for the Plaintiffs' Health Clearances and medical exams, the First and Second causes of action should be dismissed with prejudice.

## II.

## ARGUMENT

**Defendant Was Not Obligated To Pay For Plaintiffs Health Certificates And Medical Exams.**

The parties agree that an employer is required to pay for all medical expenses. The Parties dispute whether the Defendant was an employer at the time Defendant allegedly demanded that Plaintiffs pay for the Medical Costs. The Complaint alleges that all of the Plaintiffs were employed in the Commonwealth at the time they applied for work with the Defendant. Each Plaintiff was allegedly hired by the Defendant through a process of transfer from another Commonwealth employer to the Defendant. See Exhibit 1 & 2 to the Complaint. This was accomplished either through a consensual transfer or a conditional transfer.

Historically, a Non-Resident Worker in the Commonwealth could only have one employer[1] and was prohibited from working for anyone other than their employer of record.[2] With the limited

---

[1] 3 CMC § 4437 (d) No employer or nonresident worker shall execute any contract, make any other agreement, or change any existing contract, in writing or otherwise, regarding the employment of such worker, without the approval of the chief, and no nonresident worker shall perform labor or services within the Commonwealth except pursuant to an approved

exception related to multiple employers, a Non-Resident Worker can have only one employer. Because the Plaintiffs were employed in the Commonwealth, the Defendant was not the employer at the time when Defendant allegedly required Plaintiffs to pay for the Medical Costs. Therefore, the first two causes of action fail to state a claim upon which relief may be granted and should be dismissed.

Plaintiffs take issue with the term used in the Complaint. "Notably, Defendant fails to delineate what it contends to be the alluded "relevant time." [Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Opp.") at Pg. 3, lines 17-19]    Plaintiff's Complaint at paragraph 38 reads:

> "At all **relevant times** herein, defendant was required by 3 CMC § 4438(b) and the employment contract, to pay the cost of required physical examinations and for health clearance certificates of plaintiffs as nonresident workers".

Plaintiff's Complaint at paragraph 39 reads:

> "At all **relevant times** herein, defendant was required by the Non-Resident Worker Agreement to which each plaintiff is a third-party beneficiary, to be responsible for the payment of each plaintiff's physical examination and health clearance fees which are employer expenses."

The relevant time is further clarified by reading through other paragraphs of the Complaint. "Defendant L&T, by and through its employee and agent, Baby Lopez,…required and demanded <u>as a condition to hiring, employing, and contracting</u> of each plaintiff with L&T, that each plaintiff must provide for and / or pay their physical examination and health clearance fees. Implicit in this demand and condition was that plaintiffs would <u>not be hired unless plaintiffs agreed to and provided for or paid for said examination and health fees</u>." Complaint at ¶15.   The allegations in the Complaint show that

---

contract or an approved change to this contract. Any nonresident employment contract or change thereto which has not been approved by the chief or which violates any provisions of this chapter shall, in the discretion of the chief:
    (1) Be voidable;
    (2) Be grounds for certificate revocation;
    (3) Be grounds to disqualify an employer from further use of any nonresident labor.

3

the relevant time occurred before the plaintiffs were hired and before the Defendant became their employer.

While there is no Commonwealth statute expressly requiring a prospective employer to pay for the Health Clearance and Medical Exams for prospective transferee employees, local regulations define the moment in time when an accepting employer becomes liable for medical costs. Nonetheless, Plaintiffs insist that the Court should read 3 CMC § 4438[3] to require that an accepting employer must pay for the Medical Costs of transferee employees <u>before the transfer is consummated</u>.

> The mandate of the statute and the legislative intent is thus crystal clear; the statute on its face is unambiguous and is not in need of judicial interpretation to reach the conclusion that the "cost of any examination of its non-resident workers <u>shall</u> be borne by the employer." A reasonable and logical interpretation of this Code Section 4438(b) is that the person or company then presenting for approval an employment application to DOL to employ (hire) the potential alien worker, is the referenced "employer" to bear the examination costs of its intended worker.
> L&T's attempt and argument to shift its responsibility to pay for its worker statutory required medical examination, is disingenuous, and, in light of the clarity of Section 4438(b) and the widely known practice and policy of DOL in requiring the employers submitting the employment application to pay the medical examination fees, frivolous and made in bad faith. <u>See,</u> Fed R. Civ. P. Rule 11. Notably, L&T cites no supporting case authority or other authority in support of its strained and contrived proffered interpretation of the law. [Opp. Pg. 5, lines 2-18]

Plaintiffs' hyperbole does not alter the law set forth in CNMI statutes and regulations.[4]

The Alien Rules and Regulations define when an accepting employer assumes the responsibility for the medical costs of a transferring employee. In the case of a consensual transfer, the accepting employer becomes responsible for medical costs "as soon as the consensual transfer is

---

[2] The Alien Labor Rules and Regulations published in the Commonwealth Register Vol. 26, No.6 at page 022676 provide in Section II (H) for multiple employers under certain express conditions not applicable to the case at bar.
[3] A search of the Commonwealth case law revealed no cases interpreting the issue raised about who bears the cost of Health Certificates and Medical Exams in the circumstances presented.
[4] Plaintiffs' reference to Rule 11 is wholly inappropriate. Further, Plaintiffs' counsel did not comply with the safe harbor provisions of that rule.

4

approved by the Director of Labor or his designee."[5]  In the case of a conditional transfer, the accepting employer assumes responsibility for medical costs on the date of the approval of the conditional grant of transfer by the Director of Labor.[6]  All of the Plaintiffs are alleged to be either conditional or consensual transferees. See exhibits 1 and 2 to the Complaint.  The Complaint speaks only of a demand for payment of medical expenses prior to employment and thus prior to the approvals required by the Director of Labor.   Because Defendant was not the Plaintiffs' employer and because the Director of Labor had yet approve the transfers at the relevant time, Defendant was not obligated to pay for Plaintiffs Medical Costs.

      To defeat this motion, Plaintiffs asked the Court to take judicial notice of DOL practices and policies.

> "The Court may take judicial notice of DOL practices and policies concerning submission and processing of non-resident worker employment applications, that the medical examination is a requirement and part of the hiring process and the health certificate of the worker is one of the requirements to be met and submitted during and for the "hiring" and "employment" of nonresident worker. The CNMI (DOL) form called "Prescreen Checklist. Transfer. Consensual /Administrative/Expiration (attached as Exhibit "A") Shows that the "Health Certificate" is one of the prescribed requirements. [Opp. At Pg. 7, lines 17-22 & Pg. 8, lines 1-7].

This is not the type of information that is readily verifiable and subject to Judicial Notice. Moreover, even if the Court did take judicial notice of the checklist, it is not helpful. The checklist says nothing about who is responsible for paying for Medical Costs.

---

[5] The Alien Labor Rules and Regulations published in the Commonwealth Register Vol. 26, No.6 at page 022676 provide in Section IV(B)(5) that "as soon as the consensual transfer is approved by the Director of Labor or his designee, the accepting employer becomes responsible for all costs associated with the nonresident worker, including but not limited to medical and repatriation costs."

[6] The Alien Labor Rules and Regulations published in the Commonwealth Register Vol. 26, No.6 at page 022676 provide in Section IV(E)(2) that "the date of approval by the Director of the conditional grant of transfer shall be considered the officially accomplished transfer date for purposes of identifying when liability is assumed by the new employer."

In sum, the first two causes of action stand or fall on a single issue. The issue is whether the Defendant was obligated to pay for the Plaintiffs' Medical Costs. The issue may be resolved as a matter of law. Defendant was not so obligated. Defendant was not Plaintiffs' employer at the time it allegedly demanded that Plaintiffs pay for their Medical Costs. A Non-Resident Worker can have only one employer and at the relevant time, all of the Plaintiffs were employed by someone other than the Defendant. In cases of transfers, the obligations to pay for Medical Costs are assumed by an accepting employer only upon the approval of the transfer by the Director of Labor. Therefore, Plaintiffs fail to state a claim in the first two causes of action and it is respectfully submitted that they should be dismissed with prejudice.

### III.
### CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss the First, Second and Seventh Claims of the Complaint.

Dated this 22nd day of September, 2005.

_____
COLIN M. THOMPSON, ESQ.
Attorney for L&T International Corporation