FILED
Clerk
District Court

SEP 29 2005

For The Northern Mariana Islands
By________________
(Deputy Clerk)

**JOE HILL**
**HILL LAW OFFICES**
P.O. Box 500917
Saipan, MP 96950
Tel.: (670) 234-6806/7743
Fax: (670) 234-7753

Attorney for Plaintiffs

JOE HILL
Attorney at Law
Hill Law Offices ~ Susupe
P.O. Box 500917 ~ Saipan MP 96950 ~
TEL: (670) 234-6806/7743 ~ FAX: (670) 234-7753
ORIGINAL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **ABELLANOSA, JOANNA, *et. al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**L & T INTERNATIONAL CORPORATION,**<br><br>**Defendant.** | **Civil Action No. 05-0010**<br><br>**REQUEST FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)** |

Plaintiffs ask the Court to enter default of Defendant L&T Corporation for its failure to file an answer or respond to the Third, Fourth, Sixth, and Seventh Causes of Action of the Complaint as authorized by Federal Rule of Civil Procedure 55(a).

**A. Procedural Background**

1. On March 31, 2005, Plaintiffs filed a complaint containing seven (7)

separate counts for relief.

2. On July 29, 2005, Defendant L&T Corporation was served with the Summons and Complaint. *See* **Exhibit 1** hereto.

3. On or about August 9, 2005, Defendant's counsel requested and counsels agreed that Defendant's answer/response may be filed and served by September 1, 2005.

4. On September 1, 2005, Defendant, without filing an answer, filed a Rule 12(b)(6) motion to dismiss directed at only three of the seven counts in the Complaint. Defendant has not filed an answer or other responsive pleading to the Third, Fourth, Sixth, and Seventh causes of action.

5. On September 2, 2005, as a courtesy, Plaintiffs' counsel first verbally informed counsel for Defendant that the partial motion to dismiss was not proper and that he should file an answer forthwith to those causes of action which are not the subjects of Defendant's motion to dismiss.

6. Later in the day, September 2, 2005, Plaintiffs' counsel served counsel for Defendant with a confirmation letter of the above. *See* **Exhibit 2** hereto.

7. On September 3, 2005, counsel for Defendant, by letter, replied to Plaintiff's counsel's letter, indicating that it was his position that his partial motion to dismiss was authorized, and therefore Defendant's answer need not be filed

until after the Court rules on the Rule 12(b)(6) motion. *See* **Exhibit 3** hereto.

8. Plaintiffs are entitled to an entry of default with respect to the Third, Fourth, Sixth, and Seventh causes of action of the Complaint which were not responded to or contested in Defendant's Motion to Dismiss.

## B. Argument

9. The clerk of the court may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a).

10. The clerk should enter a default against Defendant because it did not file an answer/response to the Third, Fourth, Sixth, and Seventh causes of action of the Complaint within 20 days after the Summons and Complaint were served on Defendant on July 29, 2005 pursuant to Fed. R. Civ. P. 12(a)(1)(A), or alternatively 20 days after the agreed to September 1, 2005 extended date to file the answer/response.

11. In Gerlach v. Michigan Bell Tel. Co., 448 F. Supp. 1168 (E.D. Mich. 1978), the Court was confronted with the issue of whether defendant must answer certain counts in the complaint within 20 days after the service of the summons and complaint pursuant to Fed. R. Civ. P. 12(a) even though the remaining counts of the complaint were the subject of a pending motion to dismiss and therefore

need not be answered until 10 days after notice of the court's action on the motion, pursuant to Fed. R. Civ. P. 12(a)(1). The *Gerlach* Court reasoned as follows:

> Defendant argues that it should be able to quickly narrow the scope of a lawsuit to those claims really in conflict before the court. While this court fully agrees with defendant's argument, their proposition presents no reason for delaying the progress of litigation with respect to those counts of a complaint which are not addressed by a motion filed under F.R.C.P. 12(b). Separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b). (Emphasis added)

Gerlach, 448 F. Supp. 1168.

12. One commentator pointing to the advantages of requiring an answer to the remaining counts of a complaint where defendant filed a partial motion to dismiss addressing certain, but not all, counts of a complaint observed as follows:

> The major advantage of requiring a defendant to answer the unchallenged counts of the complaint within the 20-day time limit is that the plaintiff can narrowly tailor its discovery requests, because the defendant will be forced to admit or deny allegations relevant to the unchallenged counts and assert any defenses thereto. Requiring an answer to the challenged counts within 20 days of service of the summons and complaint is also consistent with the rules' underlying policy that discovery is not automatically stayed during the pendency of a motion. A partial motion to dismiss often has the practical

> effect of impeding, often paralyzing, the progress of discovery, and the rules contemplate a steady - if not swift - discovery pace.
>
> Moreover, requiring an answer within 20 days of service of the summons and complaint is consistent with the rules' language that a plaintiff may commence discovery against a party after service of the complaint and summons upon that party, and not after the defendant's filing of an answer. Although one might argue that this language suggests that discovery may proceed in the absence of an answer, a plaintiff can commence more meaningful, narrowly tailored discovery after reviewing a defendant's answer. Clearly, more extensive and focused discovery occurs after service of the answer, which informs the plaintiff of the defendant's admissions, denials, and defenses. Thus, the fact that discovery may be sought by the plaintiff after service of the complaint and summons does not militate in favor of interpreting Rule 12(a) to permit a defendant to delay to answer to any unchallenged counts.
>
> Finally, requiring a defendant to answer the unchallenged counts discourages the filing of a partial motion to dismiss solely as a dilatory tactic, and encourages expedient discovery. This, in turn, may lead to an earlier resolution of the case, by way of settlement or verdict, as the case is likely to be in a trial posture sooner. (Emphasis added)

A "PARTIAL" MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12: YOU HAD BETTER ANSWER, Scott L. Cagan, Florida Bar Journal/May 1992, pp. 83-84.

13. Although Mr. Cagan recognized the different and opposing views among the jurisdictions, he adopted the more reasoned position that Rule 12(a)

should be interpreted as to require a defendant to answer the unchallenged counts of a complaint within 20 days of service of the summons and complaint, and reasoned thusly:

> This interpretation is most consistent with the underlying policies behind the Federal Rules of Civil procedure, under which discovery is not automatically stayed by the filing of a Rule 12 motion. Further, this interpretation will promote efficient discovery by enabling plaintiffs to commence immediately narrowly tailored discovery and by preventing defendants from unnecessarily delaying the progression of the law suit. This conclusion also takes into account the practical consideration that courts often do not resolve motions to dismiss until several months after they are briefed. Judicial economy is not served by delaying discovery during the pendency of a motion to dismiss, especially in view of the fact that it is hardly burdensome for a defendant to answer the unchallenged accounts. Finally, any hardships which could result in particular cases can be raised by defendants by appropriate motion and resolved on a case-by-case basis.

Id.

14. Plaintiffs meet the procedural requirements for obtaining an entry of default from the clerk as further demonstrated by the attached Declaration of Joe Hill.

15. Defendant is not an infant, an incompetent person, or in the military service. 50 U.S.C. App. §521(b)(1); Fed. R. Civ. P. 55(b)(1), (e).

\\

## C. Conclusion

For the foregoing reasons, Plaintiffs ask the clerk to enter the default of Defendant as to the Third, Fourth, Sixth, and Seventh Causes of Action of the Complaint.

**SIGNED** this 29th day of September 2005.

**JOE HILL**
Attorney for Plaintiffs

civ.05.L&T.mot.default/mario

O 440 (Rev. 5/85) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | DATE July 29, 2005 |
|---|---|
| NAME OF SERVER MARIO N. CORPUS | TITLE PARALEGAL |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: ____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: ____

☐ Returned unexecuted: ____

☒ Other (specify): Served on Atty. Steven Pixley, counsel for L & T

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 8-01-05
*Date*

MARIO N. CORPUS
*Signature of Server*

P.O. Box 500917, Saipan, MP 96950
*Address of Server*

EXHIBIT 1

Joe Hill
**Hill Law Offices**
P.O.Box 500917
Saipan, CM-MP 96950
(670) 234 6806/7743
Fax:(670) 234 7753

September 02, 2005

Mr. Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917, Box 10001
Saipan, MP 96950

Re: Abellanosa, et. al. v. L & T International Corporation
C.A. No. 05-0010

Dear Colin:

This is to confirm that, as a matter of courtesy, I suggested to you early today, September 2, 2005 at the U.S. District Court Clerk Office that your answer is due with respect to those causes of action which are not the subjects of the Motion to Dismiss which you filed on September 1, 2005 and that said answer should be filed forthwith.

Respectfully,

Joe Hill, Esq.

EXHIBIT 2

FAXED
SEP 03 2005
# Pages

**_Colin M. Thompson_**
**Attorney at Law**

**PMB 917 Box 10001, Saipan, MP 96950, U.S.A.**
**E-mail: colin.thompson@saipan.com**
**Telephone No. : (670) 233-0777**
**Facsimile No. : (670) 233-0776**

September 3, 2005

Joe Hill, Esq.
Attorney at Law
P. O. Box 500917
Susupe, Saipan
MP 96950

Re: Abellanosa et al. vs. L&T International Corporation
Civil Action No. 05-0010

Dear Joe,

Thank you for your letter dated September 1, 2005. I appreciate the courtesy. I do not, however, agree with your conclusion.

Researching whether the filing of a motion to dismiss some, but not all causes of action, enlarges the time that a defendant has to file a responsive pleading leads to the following cases showing that Pursuant to Federal Rule of Civil Procedure Rule 12(a) (4) the answer in this case is not due until 10 days after the court rules on the motion to dismiss.

- Fed. R. Civ. P. 12(a)(4) states that if motion is filed pursuant to Fed. R. Civ. P. 12, time period allotted for responsive pleading is altered and such responsive pleadings shall be served within 10 days after notice of court action on motion. Fid. Mortg. Corp. v Seattle Times Co. (2003, WD Wash) 213 FRD 573, 32 Media L R 1094, summary judgment gr, claim dismissed, remanded (2004, WD Wash) 304 F Supp 2d 1270, 32 Media L R 1311.

- Rule 12(a) provides that service of Rule 12(b) motion, whether or not it goes to all claims in complaint, enlarges time for answering remaining portions of pleading. Brocksopp Engineering, Inc. v Bach-Simpson, Ltd. (1991, ED Wis) 136 FRD 485, 21 FR Serv 3d 205.

- Filing of motion to dismiss as to one count of complaint, tolled time for filing answer to remaining claim in complaint. Godlewski v Affiliated Computer Servs. (2002, ED Va) 210 FRD 571, 53 FR Serv 3d 1283.

---

- Motion made under Rule 12 asserting that complaint fails to state claim upon which relief can be granted stops running of 20-day period referred to in Rule 12(a), and since defendant made such motion within prescribed period of time, he was not in default. Rudnicki v Sullivan (1960, DC Mass) 189 F Supp 714, 4 FR Serv 2d 107.

If you are aware of applicable authority contrary to the positions provide for in the above cases, please let me know. I will be away from Saipan until September 8, 2005.

If you have any questions or concerns, please give me a call.

Sincerely,

Colin M. Thompson

cc: Client
Steven P. Pixley

CMT/esl