81. Alternatively, the promises and representations of defendant and its agents described herein constituted a representation and promise by defendant that each plaintiff would be employed and given work for one full year, and that thereafter the contracts would be renewed for an additional year.

82. Defendant L&T, its agents and employees, in representing and <u>telling plaintiffs that if plaintiffs paid or provided for their medical examination and health certificate fees for the first year, that the company, L&T, would pay said fees</u> thereafter, beginning with the first renewal of their one-year contract, made said promises and representations knowing or reasonably should have known that Plaintiffs would rely on said defendant's promise and assurance that each plaintiff's contract would be renewed for an additional year upon expiration of the first year contract.

83. Plaintiffs did in fact act in reliance on defendant's promises and representations to their detriment and damage.

84. Defendant's conduct and acts were done intentionally, maliciously, and oppressively and in conscious disregard of plaintiffs' rights and constituted a willful breach of the express and implied covenants of good faith and fair dealing of the contracts, thus, entitling each plaintiffs to an award of special, compensatory, consequential, and exemplary damages in an amount to be proven at trial and an equitable award of attorney's fees.

## Fifth Cause of Action
### Intentional Infliction of Emotional Distress

85. The allegations in paragraphs 1 through 84 are re-alleged and incorporated by reference in this Fifth Cause of Action.

86. Defendant's combined acts in terminating plaintiffs, without just or valid cause and L&T's post-termination conduct in interfering with plaintiffs' efforts and rights to have their health certificates and deliberately/maliciously causing Public Health to not give plaintiffs their certificates, thus impeding and unjustly interfering with plaintiffs' efforts to locate and find other employment, were malicious, deliberate, and intentional and designed to, and defendants knew or should have reasonably known would, cause plaintiffs great, severe emotional distress, mental anguish, and did cause such emotional distress and damage.

87. The following acts and conducts of Defendant L&T, taken individually and in combination with the others, were so extreme, outrageous, malicious, deliberate, and intentional and designed to, and defendants knew or should have reasonably known would, cause plaintiffs extreme, severe emotional distress and severe mental anguish, anxiety, and did cause the same and damage.

    a. Defendant caused each plaintiff to forego other employment opportunities and/or to leave their respective employers with a promise and assurance of stable employment with L&T.

    b. Defendant demanded as a condition to hiring, continued

Page 24

employment and contracting with each plaintiff that they must provide for and/or pay for their physical examination and health clearance fees with the assurance and representation that plaintiffs would be employed with L&T for a minimum of one (1) year and that their contract would be renewed for a second term of one year upon expiration.

88. Defendant in so terminating plaintiffs acted without care for their individual rights and without consideration of each plaintiff's individualized needs, merits, experience under each plaintiff's respective contract. Defendant terminated plaintiffs *en masse* in complete disregard, violation and breach of the express and implied covenants of good faith and fair dealing of each contract.

89. Defendant's acts and conduct were deliberate, intentional, malicious, and outrageous, and were so extreme, atrocious, and outrageous, they shock the conscience and go beyond all bounds of decency and cannot be tolerated in a civilized community, and were done with the intent to, and in fact did cause, each plaintiff great, extreme and severe emotional distress, and mental anguish and anxiety.

90. As a direct and proximate result of defendant's deliberate, intentional, malicious, outrageous, and atrocious acts, each plaintiff suffered, now suffers, and will continue to suffer physical, psychological, and severe and extreme emotional distress, anxiety, insomnia, mental anguish, and fear, that no reasonable

person should be expected to endure, as a result of which each plaintiff has suffered damages, and in the future will continue to suffer damages.

91. Plaintiffs are therefore entitled to recover from defendant an award of special, compensatory, and exemplary damages and an equitable award of attorney's fees for defendant's intentional infliction of emotional distress, in an amount to be proven at trial.

### Sixth Cause of Action
### Fraud and Deceit

92. The allegations in paragraphs 1 through 91 are re-alleged and incorporated by reference in this Sixth Cause of Action.

93. At the time defendant and it agents made said promises, representations and executed the employment contract with plaintiffs, it knew or should have reasonably known that because of its ostensible "on going re-engineering" and "reduction in force due to economic necessity", it could not, or did not, want to employ plaintiffs with full-time employment of 40 hours a week under one-year renewable contracts.

94. On information and belief, at all pertinent times, defendant was thus aware of its true economic condition and that it would not be able to employ and provide work to plaintiffs under their said contracts for a term of one (1) year.

95. Notwithstanding, defendant, with knowledge of its economic and financial condition represented and misrepresented to plaintiffs that they could

reasonably rely on and expect employment for at least one year, with a promise of renewal for an additional second year with defendant.

96. The statements made by L&T to plaintiffs, through its agent Lopez, that <u>beginning with plaintiffs' second year or renewal contract</u>, defendant would pay each year thereafter plaintiffs' medical examination and health certificate fees was false when made or defendant and Lopez failed to exercise reasonable care or competence in communicating to plaintiffs that the company (L&T) intended and would pay said fees beginning with their first renewal contract. Lopez had the means to know, ought to have known or had the duty to know that her statement was a misrepresentation to plaintiffs. Plaintiffs justifiedly relied on Lopez' statement to their detriment.

97. As the result of the said actions and conduct of defendant, Plaintiffs were caused and have suffered lost pay and benefits, mental pain and anguish, loss of esteem, physical pain and suffering. The plaintiffs therefore seek and are entitled to compensatory and punitive damages, costs and an equitable award of attorney's fees.

98. The foregoing described deceit, failure to communicate, acts and conducts of defendant constitute fraud and were done willfully, maliciously, fraudulently, and with reckless disregard for plaintiffs' rights.

99. As a result of defendant's misrepresentation, fraud and deceit, each plaintiff reasonably relied thereon and suffered damages, including but not limited

to lost income, benefits, special and consequential damages in an amount to be proven at trial.

### Seventh Cause of Action
### Claim for Declaratory Relief for Return Air Fare

100. The allegations in paragraphs 1 through 99 are re-alleged and incorporated by reference in this Seventh Cause of Action.

101. Under the contracts of each plaintiff and pursuant to the NWA, defendants are obligated to provide and pay for the return transportation fare of each plaintiff to their point of hire in the Philippines.

102. Plaintiffs therefore seek and are entitled to a declaration of the Court, of their rights and entitlement to have defendants pay and provide for their return transportation cost to their point of hire in the Philippines.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for relief as follows:

1. An award of compensatory damages and reimbursements of fees paid or the reasonable costs of said physical examination and health certificate fees, an equal amount as liquidated damages, and prejudgment interest, under the First Cause of Action;

2. An award of compensatory damages, plus an equal amount as liquidated damages, prejudgment interest, costs and reasonable attorney's fees under the Second Cause of Action;

3.   An award of compensatory damages for lost wages and benefits through the unexpired term of each plaintiff's respective employment contract, in an amount to be proven at trial, plus an equal amount as liquidated damages, costs and reasonable attorney's fees, and prejudgment interest under the Third Cause of Action;

4.   An award of special, compensatory, consequential, and exemplary damages in an amount to be proven at trial, an equal amount as liquidated damages, prejudgment interest, costs, and an equitable award of reasonable attorney's fees under the Fourth Cause of Action;

5.   An award of special, compensatory, and punitive damages in an amount to be proven at trial, an equal amount as liquidated damages and prejudgment interest, costs, and reasonable attorney's fees under the Fifth Cause of Action;

6.   An award for lost wages, benefits, special, consequential, punitive damages, and attorney's fees in an amount to be proven at trial under the Sixth Cause of Action;

7.   For a declaration that defendants are obligated to pay for the costs of the return transportation of plaintiffs under their contracts and pursuant to the NWA under the Seventh Cause of Action.

8.   For temporary work authorization during the pendency of this matter;

9. For transfer relief; and

10. Such other and further relief as may be deemed proper at law and in equity.

**SIGNED** this 17th day of October 2005.

_____
JOE HILL
Attorney for Plaintiffs

dc.05.LT.amdcomp./mario

# LIST OF CONDITIONAL TRANSFEREES

1. Aquino, Russel
2. Baay, Cristina
3. Balicha, Estelita E.
4. Bantillo, Delma B.
5. Basto, Zenaida G.
6. Butic, Teresita, M.
7. Capacite, Emerita B.
8. Fajarda, Amelita S.
9. Gadiane, Marilyn J.
10. Gonzales, Guadalupe F.
11. Hernandez, Wendelyn M.
12. Ladia, Victoria T.
13. Lozana, Nelia D.
14. Mateo, Marla F.
15. Molina, Elizabeth
16. Nabor, Celestina
17. Navida, Marichu
18. Nimo, Eulalia
19. Pangan, Marita
20. Pangelinan, Teresita
21. Pomarejos, Gloria
22. Quipot, Mercia
23. Tapiador, Teresa
24. Teberio, Jessica
25. Villanueva, Maribel

EXHIBIT " 1 "

Commonwealth of the Northern Mariana Islands
**DIVISION OF LABOR**
P.O. Box 10007, Saipan, MP 96950

## DECLARATION OF ACCEPTING EMPLOYER

I, __JOAQUIN S. TORRES__ of __L&T INTERNATIONAL CORP.__, located in the CNMI,
(NAME OF AUTHORIZED SIGNATORY) (CORPORATION/BUSINESS NAME)
declare under penalty of perjury that I knowingly and freely accept the transfer of
employment of __MA. RUSSEL D. AQUINO__, of the _____, from
(NAME OF EMPLOYEE) (COUNTRY OF ORIGIN)
__FE CABRERA__ the Employer of Record. Furthermore, I hereby declare
that I will assume all duties, responsibilities, obligations, etc., of an Employer of Non-resident
Worker as required and provided under the Non-resident Workers Act, Minimum Wage and Hour
Act and the CNMI Alien Labor Rules and Regulations, C.R. Vol. 10, No. 4 (April 15, 1988), et seq.
Furthermore, I hereby declare that the above named transferee will be under my employment as a
__PACKAGER HAND__ and that I will be responsible for the payment of all
applicable fees to effectuate this Transfer and that I knowingly assume all liabilities.

Entry Permit No. _____    Surety Bond Co./No. _____

## CONDITIONAL GRANT OF TRANSFER

The transfer of the employee __MA. RUSSEL AQUINO__
to __L&T INTERNATIONAL CORP.__ Accepting Employer
is hereby **CONDITIONALLY GRANTED** as of this date pursuant to Section 3(b) of Public Law
No. 11-6 and Section 5 (b) of P.L. 12-11, to perform services in the job category of
__PACKAGER HAND__.
The Employee's Work Days and Hours shall be __MONDAYS__ to __FRIDAYS__,
from __9am__ to __6pm__, for a total of __40__ hours per week.

**Compensation:** In consideration of the Services to be performed by the Employee, the Employer
agrees to pay the Employee compensation in the amount of:
  1. $ __3.05__ per __HR__ and
  2. $ __1.5%__ per __OT__ for overtime compensation payable by check
     in bi-weekly intervals.
  3. Other compensation, specify amount and method of calculation.

**All other contract provisions, obligations and restrictions** including **termination** of
employment shall be controlled by the terms and conditions of the attached employment contract
signed by the employer and employee.

Both the Accepting Employer and the Employee understand this conditional transfer /
accompanying application shall be **denied later** should the Accepting employer **fail to comply
with all requirements** of law, regulation and policy **within the standard time allowed** in order to
obtain a Work/Entry Permit. Should the application be denied or should either the employee or
Accepting Employer terminate the employment relationship, the Accepting Employer shall be
liable for/required to purchase a one-way ticket to the employee's original point of recruitment
outside the Commonwealth and the employee shall depart on the next available flight.

If the application is denied by the Division, this conditional transfer will also expire the same day
of denial issuance. However, if for any reason the application is neither approved nor denied by the
Division, this conditional transfer will expire one year from the date the conditional transfer is
approved.

Date: __3/16/04__                          Date: __3/16/04__

__JOAQUIN S. TORRES__                      __MA. RUSSEL AQUINO__
Accepting Employer: Print Name and Sign    Employee: Print Name and Sign
Title: _____

IN WITNESS WHEREOF, I hereunto set my hand and official seal this __16th__ day of
__MARCH__, 200__4__.
**VERTILIA ELENA C. LEON GUERRERO**
Notary Public
Commonwealth of the Northern Mariana Islands
My commission expires on the
__11th__ day of __February__, 20__06__

                                           NOTARY PUBLIC

__3/18/04__
                        EXHIBIT " 2 "
**Approval Date**                        X Director of Labor/Designee

# LIST OF CONSENSUAL TRANSFEREES

1. Abellanosa, Joanna B.
2. Alvarado, Marissa A.
3. Antatico, Nora T.
4. Apit, Loly L.
5. Aranda, Marlou C.
6. Arcega, Prescilla V.
7. Asia, Angelita M.
8. Balbido, Marissa G.
9. Balcita, Amalia P.
10. Banaag, Evelyn J.
11. Banguilan, Teresita D.
12. Bautista, Consolita T.
13. Bernardino, Eva G.
14. Cabanit, Anastacia A.
15. Carait, Ruby B.
16. Cava, Maratita A.
17. Chavez, Evangeline G.
18. Concepcion, Andrea M.
19. Contemplacion, Nelida D.
20. Correa, Haide C.
21. Cruz, Agnes A.
22. Cruz, Helen L.
23. Dela Cruz, Ma. Rosario R.
24. Delos Santos, Elena O.
25. Domine, Corazon A.
26. Dugay, Nomielaida, W.
27. Gases, Nenita D.
28. Gelera, Eireen C.
29. Inopiquez, Rosalina A.
30. Lejano, Angel B.

EXHIBIT " 3 "