**JOE HILL, Esq.**
**HILL LAW OFFICES**
P.O. Box 500917
Saipan, CM-MP  96950
Telephone:  (670) 234-6806/7743
Fax:  (670) 234-7753

### IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ABELLANOSA, JOANNA, et al.,**<br><br>**Plaintiffs,**<br><br>**Vs.**<br><br><br>**L & T INTERNATIONAL CORP.**<br><br>**Defendant.** | **Civil Action No. 05-0010**<br><br><br>**PLAINTIFFS' NOTICE AND VERIFIED MOTION TO COMPEL ANSWERS TO REQUESTS FOR ADMISSION AND ANSWERS TO INTERROGATORIES**<br><br>**Hearing:  August 31, 2006**<br>**Time:** _____<br>**Judge:    Hon. Alex R. Munson** |

#### Motion

Pursuant to Rule 37, Federal Rules of Civil Procedure and LR 26.4, Plaintiffs, by counsel, respectfully notice and move for an order determining the sufficiency of the answers and compelling Defendant L&T International Corporation to answer and respond to counsel for Plaintiffs' requests for admission and interrogatories.

On April 25, 2006, Counsel for Plaintiffs propounded and served on

Defendant, Plaintiffs' First Set of Request for Admissions and First Set of Interrogatories to Defendant L&T International Corporation, attached as Exhibit "A" hereto.

On June 12, 2006, Defendant L&T International Corporation served on Plaintiffs its Response to Plaintiffs' First Set of Request for Admissions and Defendant's Response to Plaintiffs' First Set of Request for Interrogatories, attached as Exhibits "B" and "C" hereto.

Counsel for Plaintiffs, having reviewed Defendant's Response, found that certain of the Interrogatories and Request were either not answered completely and fully, were evasive or not responsive to the question asked or objected to and not answered sufficiently for assertedly being vague, overbroad, unduly burdensome or not likely to lead to relevant evidence.

Pursuant to the Amended Case Management Scheduling Order, motions to compel discovery are to be filed and served so as to be heard on or before September 01, 2006, hence supporting in part the necessity for filing the instant motion today, August 03, 2006.

To comply with the meet and confer duty expressed in Local Rule 26.4, on July 28, 2006 counsel for plaintiffs sent via facsimile and thereafter on July 31, 2006 served the original by hand-delivery on counsel for Defendant, Colin Thompson's

office, a detailed letter addressing the requested discovery. A copy of said letter is attached as Exhibit "D" hereto.

Attorney Thompson was apparently off-island and no specific response to the said meet and confer letter has been received.

Counsel is informed that Attorney Thompson will be back in his office by August 15, 2006.

On yesterday, August 02, 2006, Attorney Steven Pixley served and filed his notice of appearance in this matter.

This morning, August 03, 2006 counsel telephoned Attorney Pixley at his office in an attempt to meet and confer regarding the subject discovery.

After stating the purpose of my call, I was told that Attorney Pixley was not available.

I left a message requesting a return call. Later in the day Attorney Pixley sent a facsimile letter in reply, however no specific response was made to the points raised in Plaintiffs' July 28, 2006 meet and confer request letter.

Counsel then again telephoned Attorney Pixley's office but was informed he was not available.

To preserve plaintiffs' rights under the scheduling order for making this motion to compel, plaintiffs believe it necessary to file their motion today.

The following Requests for Admissions and Interrogatories were answered insufficiently in a non-responsive or evasive manner and/or not answered completely or fully:

**REQUEST NO. 1:**  Admit that defendant was aware of the existence and coverage of the Nonresident Workers Act (NWA).
**RESPONSE:** L&T Admits that it was aware of the existence of the Nonresident Workers Act (NRWA). L&T employs Non-resident workers according to the provisions of the NRWA.

**INTERROGATORY NO. 1:** If your answer to Request for Admission No. 1  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.
**RESPONSE:** Not Applicable.

**REQUEST NO. 2:**  Admit that defendant was aware of the existence and coverage of the CNMI Minimum Wage and Hours Act (MWHA).
**RESPONSE:**  L&T Admits that it was aware of the existence of the CNMI Minimum Wage and Hours Act (MWHA). L&T employs and compensates people according to the provisions of the MWHA.

**INTERROGATORY NO. 2:**  If your answer to Request for Admission No. 2  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.
**RESPONSE:**  Not Applicable.

**REQUEST NO. 3:**   Admit that defendant was aware of the existence and coverage of the Fair Labor Standards Act (FLSA).

**RESPONSE:** L&T Admits that it was aware of the existence of the Fair Labor Standard Act (FLSA).  L&T employs and compensates people according to the provisions of the FLSA.

**INTERROGATORY NO. 3:**  If your answer to Request for Admission No. 3 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 4:** Do you contend that defendant or plaintiff is covered by any exemption provided by the NWA, FLSA or the regulations issued thereunder or under an order, ruling, approval, interpretation, administrative practice or enforcement policy of the CNMI DOL or the Federal Administrator of the Wage and Hour Division as a defense to this action? If so, —

        a. state the citation of the statute, regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy granting the exemption;

        b. identify each fact upon which you rely to demonstrate the applicability of the exemption;

        c. state the workweeks for which the exemption applied;

        d. identify each document upon which you rely to demonstrate the applicability of the exemption; and

        e. for each such regulatory order, ruling, interpretation, administrative practice or enforcement policy, state how the defendant has acted in conformity with the same.

**RESPONSE:**  L&T is obligated to comply with all Federal and CNMI Laws to the full extent of their applicability. L&T is not exempt from the applicability of these laws.

**REQUEST NO. 4:**  Admit that L&T International Corporation was, during the three (3) years prior to the filing of this suit, an enterprise engaged in commerce or in the production of goods for commerce  within the meaning of 29 USC §203(s).

　　　　**RESPONSE:**  Objection.  Responding Defendant incorporates, as if fully set forth herein the general objections asserted above.  Defendant responds that after reasonable inquiry, the information known or readily obtainable is insufficient to enable it to admit or deny this request.

**INTERROGATORY NO. 5:**  If your answer to Request for Admission No. 4 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.
**RESPONSE:**    L&T employees are presently unaware of any judicial or administrative determination that it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § 203(s).  L&T will continue to investigate this issue and will supplement its response as necessary.

**INTERROGATORY NO. 9:**  If your answer to Request for Admission No. 5 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.
**RESPONSE:**  Not Applicable.

**REQUEST NO. 5:**  Admit or deny that each plaintiff was hired for a term of one year.

1

2

3

**RESPONSE:**   Responding Defendant admits that each plaintiff was hired for a term of one year subject to the terms and conditions of non-resident worker contracts.

4

5

6

7

**INTERROGATORY NO. 6:** Describe and give all names defendant has been known by or used, the type of business engaged in, the company's postal address, address of the head office, address of each manufacturing facility owned and/or operated by defendant, the identity of defendant's parent, subsidiary and affiliate businesses.

8

9

10

11

12

13

14

15

16

**RESPONSE:** L&T International Corporation and L&T Group of Companies.  In further response to this interrogatory, Defendant directs the Plaintiff to the pubic records filed with the corporate Registrar and the Business Licence Office as well as the government public records.  Also please refer to documents attached to the response and bates stamped 0001 through 0012.  The Defendant does not own or operate a manufacturing facility.  Tan Holdings Corporation is the 100% shareholders of L&T Group of Companies, the successor company to L&T International Corporation.  L&T has no subsidiary and has numerous affiliate businesses.  To the Extent the above response falls short of Plaintiff expectations, Defendant objects on the grounds of relevancy and that the request is over broad and unduly burdensome.

17

18

19

20

21

22

23

24

25

26

27

**INTERROGATORY NO. 7:** State the following information regarding defendant:

a.  the name, address, and job classification of each and every officer or employee of said corporation who was in the chain of command  between either plaintiff(s)  and  the  person with  the  highest  authority  in  defendant's  operation during the period January 1, 2003 to the date of service of these interrogatories;

b.  the name and address of each and every shareholder owning at least five percent (5%) of any or all classes of stock in said defendant's corporation during the period January 1, 2003 to the date of service of these interrogatories; and

c. identify each and every person (by name, address, job classification) responsible for the computation or payment of wages to the plaintiffs-employees of defendant  during  the  period  January  1,  2003  to  the  date  of  service  of  these interrogatories stating the function each such person performed with respect to employee wage payments.

28

29

**RESPONSE:**

| (a) | Name | Address | Actual Post |
|---|---|---|---|
| | Xi, Xing Qin | Yangzhou, China | Line Leader |
| | Li, Zhi Min | Shanghai, China | Supervisor |
| | Wu, Duan Huai | Quanzhou, China | Supervisor |
| | Cao, Li Qun | Garapan, Saipan | Section Head |
| | Wu, Duan Shu | Suzhou, China | Section Head |
| | Fang, Zai Feng | Shanghai, China | Assistant Manager |
| | Tse, Oi Ling | Navy Hill, Saipan | Production Manager |

(b)    Tan Holdings Corporation is the sole shareholder of L&T.

(c)    Josie Autencio.

**REQUEST NO. 11:**   Admit that Ma. Luisa Dela-Cruz Ernest was employed as Manager of Human Resources for defendant, with policy level and making authority, and authority to hire and fire plaintiffs, at all pertinent times.

**RESPONSE:**  Responding Defendant admits that Ma. Luisa Dela-Cruz Ernest was employed as Manager of Human Resources for defendant, with policy level and making authority.  Responding Defendant denies that Malou Dela- Cruz-Ernest had authority to hire and fire plaintiffs, at all pertinent times.

**INTERROGATORY NO. 15:**  If your answer to Request for Admission No. 11 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Ms. Ernest holds a policy making position but does not decide who to hire and fire.

**REQUEST NO. 12:** Admit that Ma. Luisa Dela-Cruz Ernest was the Manager of Human Resources for the business entities and corporations under the L&T Group of Companies.

**RESPONSE:**  Responding Defendant admits that Ma. Luisa Dela-Cruz Ernest was the Manager of Human Resources for the L&T Group of Companies.

1

2

3

4

5

6

7

8

9

**INTERROGATORY NO. 16**:  If your answer to Request for Admission No. 12 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.
**RESPONSE:**  Ma. Luisa Dela Cruz- Ernest has been the Human Resources Manager for the garment making affiliates of L&T Group of Companies since 2003.

10

11

12

13

**REQUEST NO. 13:** Admit that defendant and the L&T Group of Companies share a single-centralized Human Resources Department.
**RESPONSE:** Responding Defendant denies that L&T Group of Companies share a single-centralized Human Resources Department.

14

15

16

17

18

19

20

**INTERROGATORY NO. 17:**  If your answer to Request for Admission No. 13 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.
**RESPONSE:**  L&T Group of Companies is the successor corporation to L&T International Corporation.

21

22

23

24

25

**REQUEST NO. 20:**  Admit that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' physical examination.
**RESPONSE:**  Responding Defendant denies that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' physical examination.

26

27

28

29

**INTERROGATORY NO. 24:**  If your answer to Request for Admission No. 20 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Defendant's motion to dismiss.

**REQUEST NO. 21**:    Admit that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' health certificates.

**RESPONSE:**  Responding Defendant denies that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' health certificates.

**INTERROGATORY NO. 25**:  If your answer to Request for Admission No. 21 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Defendant's motion to dismiss.

**REQUEST NO. 25:** Admit or deny that plaintiffs' employment was terminated without just cause.

**RESPONSE:**    Responding Defendant denies that plaintiffs' employment was terminated without just cause.

**INTERROGATORY NO. 29:** If your answer to Request for Admission No. 25 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Plaintiffs' employment contracts, the Notice of termination and all documents supporting the decision to reduce the work force.


**REQUEST NO. 26:**  Admit that defendant did not give each plaintiff ten (10) days advance written notice before termination.

**RESPONSE:**   Responding Defendant denies that defendant did not give each plaintiff ten (10) days advance written notice before termination.


**INTERROGATORY NO. 30:**  If your answer to Request for Admission No. 26 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Plaintiffs' employment contracts, the Notice of termination and all documents supporting the decision to reduce the work force.


**INTERROGATORY NO. 31:**   For each plaintiff terminated, by defendant, describe in detail and/or state:

      a. the name, last known address, employer and employment position of each and every person who in any way participated in the decision to terminate each plaintiff;

      b. the reason(s) for plaintiffs' termination of employment;

      c. the name and last known address of each person who was present when plaintiffs' employment was terminated; and

      d. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:**

| a) | Name | Address | Employer | Position |
|----|------|---------|----------|----------|
| | Tse. Oi Ling | Navy Hill | L&T | Production Manager |
| | Joaquin Torres | Gualo Rai | L&T | HR Director |
| | Choi Yeung, Mei Ngor | Navy Hill | L&T | Vice-President Production |

1
2

b)    Please refer to Plaintiffs' employment contracts, the Notice of termination and all documents supporting the decision to reduce the work force.

3
4
5

c)    Quing. Ma. Corazon        Lower Navy Hill
       Rhodora Bernabe           Finasisu Apartment
       Maria Luisa Ernest         Navy Hill

6
7
8
9
10
11
12
13
14

**INTERROGATORY NO. 32:**  State whether any employees and/or agents of defendant took any notes and/or prepared any memoranda or other writings during and/or in connection with the termination of plaintiffs' employment with defendant. If yes, identify:
       a. the name and job position of the individual who took the notes and/or prepared the memoranda or other writings;
       b. the location of the notes and memoranda; and
       c. the substance of the notes and memoranda.
**RESPONSE:**  L&T is unaware of the existence of any documents responsive to this request.

15
16
17
18
19

**INTERROGATORY NO. 33:**  Identify by date, location and participants of each and every conversation in which the subject of termination of plaintiffs was discussed by defendant and any of its supervisors, officers or managers, and state the substance of each such conversation.
**RESPONSE:**  Objection.  Vague, overbroad and unduly burdensome.

20
21
22
23
24

**INTERROGATORY NO. 34:**  Describe in detail and identify by date each and every correspondence, memorandum or other document in which the subject of the termination of plaintiffs was discussed by defendant, its officers, managers or other employees.
**RESPONSE:**  Objection.  Vague, overbroad and unduly burdensome.

25
26
27

**INTERROGATORY NO. 37:**  State whether any disciplinary or warning action for job performance reasons or otherwise was ever taken against plaintiffs any time during the course of their employment with defendant. If yes, state:

28
29

a. the dates on which the disciplinary or warning action was taken;

b. the reason for and the form of the disciplinary or warning action;

c. the name and job position of each person who in any way participated in the decision to issue the disciplinary or warning action; and

d. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:**  None of the Charging Parties were given formal or documented disciplinary or warning action during the course of their employment with defendant.

**REQUEST NO. 28:**  Admit that defendant hired Chinese workers who performed the work of Hand Packers during the period from February 1, 2004 through April 1, 2006.

**RESPONSE:**    Responding Defendant denies that defendant hired Chinese workers who performed the work of Hand Packers during the period from February 1, 2004 through April 1, 2006.

**INTERROGATORY NO. 39:**  If your answer to Request for Admission No. 28 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to employment contracts, L&T employee roster, job vacancy announcements and payroll registers for the relevant time.

**REQUEST NO. 31:**  Admit that plaintiffs did not read the substantive content of their employment contract prior to signing.

**RESPONSE:**  Responding Defendant admits that some of the Plaintiffs say that they did not read the substantive content of their employment contract prior to signing.  Except to the extent admitted, L&T lacks sufficient information to admit or deny request No. 31 despite reasonable inquiry conducted to date.

**INTERROGATORY NO. 42:** If your answer to Request for Admission No. 31 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Responding Defendant presently lacks sufficient information to answer this question as to all plaintiffs.

**REQUEST NO. 35:** Admit that defendant is obligated to pay plaintiffs' return airfare to the Philippines.

**RESPONSE:** Responding Defendant admits that defendant is obligated to pay plaintiffs' return airfare to the Philippines to the extent provided for in the non-resident worker contract and according to CNMI law.

**INTERROGATORY NO. 46:** If your answer to Request for Admission No. 35 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Responding Defendant admits that defendant is obligated to pay plaintiffs' return airfare to the Philippines to the extent provided for in the non-resident worker contract and according to CNMI law.

**INTERROGATORY NO. 53:** Identify each and every fringe benefit (including, but not limited to, health, life and disability insurance, pension plan, profit sharing, bonus plan, savings plan and stock option plan) for which the plaintiffs were eligible while employed by defendant. For each such benefit, state:

        a. the date on which each plaintiff became eligible for the benefit;

        b. the monthly cost to defendant for providing the benefit to plaintiffs as of the last date of plaintiffs' employment with defendant;

c. where the defendant contributes to a fund for a particular fringe benefit, state the basis for determining the amount of contribution  and the amount of each monthly contribution made by defendant per fringe benefit for each and every month during the twelve (12) months preceding plaintiffs' termination;

d. where eligibility for the fringe benefit is governed by vesting requirements, identify those vesting requirements;

e. for any bonus or commission for which each plaintiff was eligible, state the basis for determining the amount of bonus or commission and identify each and every bonus or commission each plaintiff received  during the term of their employment; and

f. identify each and every document which in any way describes each fringe benefit and the benefits thereunder.

**RESPONSE:**      Please refer to Plaintiffs' employment contract.


**INTERROGATORY NO. 54:** Identify and describe all fringe benefits provided by defendant that were factored into defendant's calculation of plaintiff(s) regular hPlease refer to plaintiffs employment contract.

**RESPONSE:** None


**INTERROGATORY NO. 57:** From January 1, 2003 to the present, state whether severance pay or any other payments or benefits were given to any of defendant's employees on or following the date of that employee's termination of employment with defendant. If yes:

a. identify by name, job position (title) and date of termination all persons who received such severance pay, payments or benefits, and identify by name and job position all individuals at defendant  who directed, approved, recommended or were otherwise involved in the granting of such severance pay, payments or benefits to those individuals;

b. state whether any company, corporation, affiliate or business entity, affiliated or connected with or under the Tan Holdings  Corporation, their officers, employees and directors,   directed, approved, recommended or was otherwise involved in the payments;

c. describe the precise nature and amount of each item of severance pay or other payment or benefit;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

d. describe the precise factual basis and reason for each item of severance pay or other payment or benefit given; and

e. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:**  Please refer to production of documents response to item A.3 (e. to g.)

**INTERROGATORY NO. 58:** Describe in detail, stating each fact and legal theory relied on, defendant's termination of plaintiffs based on "on-going re-engineering and reduction in force due to economic necessity."

**RESPONSE:**  L&T's employment contact with the plaintiffs provided that termination for cause included a reduction in force due to adverse economic conditions or economic necessity.  L&T terminated the plaintiffs contract, because reduction in force due to economic necessity.

**INTERROGATORY NO. 59:**  Describe in detail, identifying each document and opinion relied on, stating each fact and legal theory relied on, the process and procedures utilized by defendant in determining that each plaintiff had to be terminated because of "on-going re-engineering and reduction in force due to economic necessity," giving the date(s) of said actions.

**RESPONSE:**  Please refer to documents produced in connection with Plaintiffs request for production of documents.

**INTERROGATORY NO. 60:** Describe in detail and identify each and every fiscal and economic indicator, occurrence, event, report, opinion and factor, that defendant relied on in determining to terminate plaintiffs because of "on-going re-engineering and reduction in force due to economic necessity."

**RESPONSE:** Please refer to documents produced in connection with Plaintiffs request for production of documents.

**INTERROGATORY NO. 61:**  Identify and describe in detail each and every employee that was laid-off, suffered a reduction in hours or was terminated as a result of defendant's asserted  "on-going re-engineering and reduction in force due

to economic necessity," during the period from January 1, 2001 through January 1, 2006.

**RESPONSE:**  Objection. Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 62:** Identify and describe in detail each job vacancy filled by defendant between January 1, 2001 and January 1, 2006.

**RESPONSE:**  Please refer to response to production of documents item D. 37 to 40.

**INTERROGATORY NO. 63:** Identify and describe all defendant's employee manuals and/or employee handbooks, rules and regulations, regarding employee conduct, discipline and termination in existence for the period January 1, 2003 to January 1, 2006. And if defendant will do so without a formal request for production, provide copies of any such documents to counsel for plaintiffs by attaching copies to defendant's answers to these interrogatories.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 64:**  Give the names and addresses of all businesses to which defendant supplied garments, goods or services for the years 2001 to the present.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 65:**  Describe and identify all payments made to plaintiffs for each work week and payroll period during plaintiffs' employment with defendant, stating for each such period (a) each plaintiffs' regular hourly wage rate; (b) hourly overtime rate; and (c) each plaintiff's gross and net pay.

**RESPONSE:**  Please refer to response to production of documents item A. 3 (e. to g.)

**INTERROGATORY NO. 66:** State the amount of your net worth for each of the last five fiscal years.

**RESPONSE:** Objection. Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 67:** From 2001 to present, state whether defendant has ever been named a party to any action, whether administrative or judicial (or was put on notice that such an action would be initiated), wherein either allegations of breach of contract, failure to pay wages, unlawful termination and bad faith breach of contract, breach of covenants of good faith and fair dealings, intentional infliction of emotional distress or fraud and deceit, were raised and, in so doing, state:

        a. the name of each individual who named defendant as a party or informed defendant that he/she intended to do so;

        b. the date on which the action was filed or on which defendant was put on notice that such action would or might be filed;

        c. the final disposition of the action or notice that such action would be pending; and

        d. the docket number of any such action and the name of the court or administrative agency in which it was filed.

**RESPONSE:** Objection. Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 68:** State and describe in detail, the legal and factual basis for and supporting the defendant's First Affirmative Defense that "Plaintiff fails to state a claim upon a relief can be granted" as set forth in its Answer.

**RESPONSE:** There is no independent cause of action for return airfare.

**INTERROGATORY NO. 78:** State and describe in detail what information, documentation, and facts defendant had in its possession indicating and supporting assertion that "Plaintiff's claims are limited because Plaintiff has not suffered damage or because of Plaintiff's failure to mitigate damages" as set forth in the Eleventh Affirmative Defense in its Answer.

**RESPONSE:** Please refer to plaintiffs' deposition testimony and documents produced pursuant to Defendant requests.

1

<u>Arguments</u>

Defendant's proffered objections and failure to respond and answer fully the requests and interrogatories are improper, violative of the rules of discovery and are otherwise subject to a motion to compel as being insufficient.

Tri-State Hosp. Supply Corp. v. United States, 226 F.R.D. 118, 138 (D.D.C.2005); In re Heritage Bond Litigation, 220 F.R.D. 624,626 (C.D.Cal.2004).

<u>Analysis of Specific Objections</u>

*Relevance Objection.* Courts have uniformly held that a responding party may not curtail the scope of relevance based on its subjective view of the facts or respondent's own adversarial theory of the case. *Adolph Coors Co. v. Movement Against Rascism,* 777 F. 2d 1538, 1543 (11th Cir. 1985) (noting that appellant "made clear that they would divulge only that information they deemed discoverable and no more"); *Smith v. Logansport Community School Corp.,* 139 F.R.D. 637, 648 (N.D. IND. 1991) responding party may object to or seek protective order regarding request for document deemed overly broad, but may not withhold requested documents based on *ex parte* determination or relevance); *Baine v. General Motors Corp.,* 141 F.R.D. 328, 330 (M.D) Ala. 1991) (noting that General Motors had unilaterally limited its responses to a particular year and model automobile, and holding that "[t]his Court cannot allow General Motors to define the parameters and content of discovery in this case"). Objecting respondents must provide the court with specific factual allegations supporting the relevance objection. *See, e.g.,* Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980). A respondent resisting discovery on the basis of relevance has the burden of showing the information sought is "clearly

irrelevant" or "has no possible bearing upon the subject matter." *La Chemise La Coste v. Alligator Co., Inc.,* 60 F.R.D. 164, 171 (D. Del. 1973).

The general rule has been interpreted by the Courts as being that discovery should be permitted as to matters that are or "may become relevant to the subject matter in contention."   Justice Powell, writing for a unanimous Supreme Court, reasoned

> The key phrase in this definition – "relevant to the subject matter involved in the pending action" – has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or *may be* in the case. Consistent with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues *may arise during litigation* that are not related to the merits. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citations omitted; emphasis added).

Courts, in determining the scope and breadth of discovery relevance, have determined and ruled that discovery should be allowed as to matters that "might conceivably have a bearing on the subject matter." *United Nuclear Corp. v. General Atomic Co.* 629 P.2d 231, 250 (N.M. 1980), *cert. denied,* 451 U.S. 901, *reh'g denied,* 452 U.S. 932 (1981).

Scholars and courts, confronted with uncertainty as to relevance of a particular request, have reasoned that the proper course should initially be to order the request to be answered, subject to a later finding of irrelevancy. Kaufman, Irving R., *Judicial Control Over Discovery,* 28 F.R.D. 111, 119 (1961).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

*Vagueness Objection.* With respect to requests for production, consistent with the general rule of liberal interpretation, the prevailing rule is that considerable latitude, as opposed to exactness of definition, is to be permitted in the form of inquiry. 8 Wright & Miller, *Federal Practice and Procedure,* Section 221 at 629, 631. And the courts have ruled that respondent be <u>required to specify and state precisely the language it believes to be vague,</u> and to seek further definition or apply an everyday layman's definition. *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 298, 302; *Mallinckradt Chem. Works v. Goldmen, Sachs & Co.,* 58 F.R.D. 348, 354 (S.D.N.Y. 1973). Here L&T has failed to specify the language or portion of the request for admissions and interrogatories that are ostensibly vague, hence the vagueness objection is not properly interposed and Defendant L&T should either specify the asserted vagueness or respond fully and completely to the request and interrogatory.

*Burdensome Objection.* While Rule 26(b)(1) authorizes the court to limit discovery if it determines certain facts to exist, L&T's general statement and objection that the request(s) are burdensome, is neither a proper answer nor an objection and may be deemed a waiver of the objection. *See, for example,* Josephs v. Harris Corp., 677 F. 2d 985, 992 (3d Cir. 1982). And a party objecting to discovery as burdensome, must allege specific facts in support of each such objection. *Martin v. Easton Publishing Corp.,* 85 F.R.D. 312 (E.D. Pa. 1980). Similarly in the instant case defendant L&T "has neither detailed her "undue burden" nor provided satisfactory responses…" *ibid* at 316.

<u>*Overly Broad.*</u> Where part of an interrogatory is objectionable, the remainder should be answered to the extent that it is not objectionable. Accordingly, overly broad interrogatories must be answered to the extent they are not overly broad. *See*

Omega Engineering, Inc. v. Omega, S.A., 2001 WL 173765 (D. Conn. 2001); Walls v. International Paper Co., 192 F.R.D. 294 (D. Kan. 2000).

*Duty of Inquiry.* L&T, as a corporate defendant, is required to produce relevant materials over which it has a right of "control." Fed. R. Civ. P. 34(a); *Haseotes v. Abacab Intl'l. Computers, Inc.* 120 F.R.D. 12, 15 (D. Mass. 1988). And defendant corporation is required to make inquiry and furnish information and produce documents in the possession of a corporate subsidiary, a sister corporation, the corporate parent, a successor corporation and a company with which respondent has an indemnity agreement. *See respectively,* Gerling Int'l Ins. Co. v. Commissioner, 839 F. 2d 131, 140-41 (3d Cir. 1988); Anderson v. Cryovac, Inc., 862 F2d. 910, 928-29, 931 (1st Cir. 1988); Kozlowski v. Sears, Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976).

*Composite Knowledge.* A responding agent's answers (for the Corporation) must provide the composite knowledge available to the party. Law v. NCAA, 167 F.R.D. 464, 476 (D. KAN. 1996) vacated on other grounds, Univ. of Texas at Austin v. Vratil, 96 F. 3d 1337 (10th Cir. 1996).

*Privilege Matters.* While privileged matters are specifically excluded from the scope of discovery under Rule 26(b)(1), facts are not privileged simply because they are included in a privileged communication or work-product document. Hence, courts have held that even where the document is privileged, the underlying factual data and information may be discoverable. *Bradley v. Melroe Co.,* 141 F.R.D. 1, 3 (D.D.C. 1992) (holding that factual data contained in work-product documents were discoverable; responding party permitted to redact "all mental impressions, opinions, evaluations, recommendations, and theories"). *Momath vs. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting

Therefore, counsel for defendant's conclusory statements that production of the requested information/document would violate a privilege is not apropos and insufficient to avoid disclosure/production of the information.

Furthermore, Defendant-respondent, in resisting discovery, has the burden of proof. *Compare* United States v. Bump, 605 F.2d 548, 551 (10th Cir. 1979). Importantly, Defendant has raised a number of general objections to Plaintiffs' counsel discovery request, and also has incorporated by reference those general objections as the grounds for its objection to each request for admission and interrogatory. Defendant's so-called general objections are without merit. Defendant failed to state which general objection is applicable to each specific request. Rather, Defendant simply cited to all the general objections. Defendant has failed to specify how each specific discovery request would be objectionable on the various grounds asserted. Accordingly, Defendant's objections must fail as a matter of law. Courts have held that the "mere recitation of the familiar litany than an interrogatory or a document production request is 'overly broad, burdensome, oppressive, irrelevant' will not suffice." *Momath v. Albert Einstein Medical Center,* 164 F.R.D. 412, 417 (E.D. Pa. 1996) (quoting *Josephs v. Harris Corp.,* 677 F.2d 985, 991-992 (3rd Cir. 1992). The courts have required that an objecting party "must state the specific reasons for their objections to the discovery requests." *PLX, Inc. v. Prosystems, Inc.,* 220 F.R.D. 291, 293 (N.D. W. Va. 2004). <u>Defendant-respondent must not only identify the specific documents under which the claim of privilege applies but also allege facts demonstrating that the privilege has been properly invoked</u>. *See* King v. Conde, 121 F.R.D. 180, 189 (E.D.N.Y. 1988). Rule 26(b)(5) mandates a party claiming privilege to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

Defendant L&T should therefore be required and ordered to answer and respond fully and completely to the requested discovery.

## **CONCLUSION**

**WHEREFORE,** for the reasons set forth above, counsel for Plaintiffs respectfully move this Honorable Court for an Order directing or compelling Defendant L&T International Corporation to answer fully and completely the request for admission and answer the interrogatories posited in Plaintiffs' First Set of Request for Admissions and First Set of Interrogatories to Defendant.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this 3rd day of August, 2006.


/s/ _____
**JOE HILL**
Attorney for Plaintiffs