Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0076

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **JOANNA ABELLANOSA, et al.,** | ) | Civil Action No. 05-0010 |
| | ) | |
| Plaintiffs. | ) | **DEFENDANT L&T INTERNATIONAL** |
| vs. | ) | **CORPORATION'S RESPONSE TO** |
| | ) | **PLAINTIFFS' FIRST SET OF** |
| **L&T INTERNATIONAL CORP.** | ) | **REQUEST FOR ADMISSIONS** |
| | ) | |
| Defendant. | ) | |

Propounding Party: Plaintiffs, Joanna Abellanosa, et. al.

Responding Party: Defendant, L&T International Corporation

**TO :   PLAINTIFFS  and THEIR ATTORNEY OF RECORDS**

Pursuant to Federal Rules of Civil Procedure 36, Defendant, L&T International Corporation (Responding Defendant) hereby responds to Plaintiff First Set of Request for Admissions. The number of responses below correspond to the number of Plaintiffs' requests and in each case, L&T International reserves the right to supplement its response to any particular request a later time as new becomes available.

**EXHIBIT "B"**

1

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

(i) The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

(ii) The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

(iii) The right to object on any ground at any time to future requests for production, demands, interrogatories, document requests, or other discovery proceeding; and

(iv) The right at any time to revise, correct, and to supplement or clarify any of the responses contained herein.

The following responses (and any further responses to the Plaintiffs' First Request for Admission or to their subject matter) are made expressly without acknowledgment of materiality or relevance of information or documents described in the Request for Admission, or that said Request for Admission is in any way reasonably calculated to lead to the discovery of admissible evidence.

## GENERAL OBJECTIONS

1. The Responding Defendant objects to the Request for Admission to the extent it purports to discover evidence or information that is protected by the Attorney-Client Privilege or other privileges or exemptions, which is work product, or that is material prepared in anticipation of litigation within the meaning of the Federal Rules of Civil Procedure, upon the grounds that these matters are exempt from discovery and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have

not been satisfied.  If one or more responses is made that violates the Attorney-Client Privilege or any other privilege, such response is inadvertent and is not intended as a waiver of said privilege.

2. Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Responding Defendant has responded or objected to any Request for Admission or any part thereof should not be taken as an admission that Responding Defendant accepts or admits the existence of any facts set forth or assumed by such Request for Admission or that such response or objection constitutes admissible evidence.  The fact that Responding Defendant has responded to part or all of any Request for Admission is not intended and shall not be construed to be a waiver by Responding Defendant of all or any part of any objection to any Request for Admission made by the Responding Defendant.

3. Responding Defendant objects to the subject Request for Admission insofar as said Request seeks to elicit the legal reasoning and theories underlying the various contentions and defenses of the Responding Defendant.  Further, Responding Defendant objects insofar as such Request for Admission seeks to compel disclosure of privileged information which constitutes the work product and/or attorney-client communication of Responding Defendant and its attorneys of record.

4. Responding Defendant further objects to the Request for Admission on the ground that said Request is compound, overbroad, and burdensome:

    (a) The Request for Admission is overbroad insofar as it seeks to elicit information other than that possessed by current officers, directors, employees or agents of Responding Defendant or otherwise reasonably available to Responding Defendant, or is contained in the documents currently possessed by, or under the control of, the Responding Defendant.

(b) The Request for Admission is burdensome in that it purports to require Responding Defendant to undertake extensive investigation beyond the scope called for in the Rules of Civil Procedure.

(c) The Request for Admission is premature and burdensome in that discovery is just beginning in this action and the depositions of the propounding party and other third parties have not been taken, and many of the facts sought by the Request for Admission are particularly within the knowledge of the propounding party and other third parties.

(d) The Request for Admission is overbroad and burdensome to the extent that the propounding party purports to elicit facts from Responding Defendant relating to contentions which Responding Defendant has previously admitted in its pleadings.

5. The response given below is based upon information that has been gathered to date. Responding Defendant has not yet completed its investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed its preparation for trial. Consequently, Responding Defendant may not be in a position to provide complete responses to each Request for Admission and the following responses are given without prejudice to Responding Defendant's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material. To the best knowledge of Responding Defendant, the information given herein is true and correct at this time, but Responding Defendant reserves the right to correct inadvertent errors or omissions, if any such errors or omissions exist or are hereafter discovered.

6. Responding Defendant also has not identified any consultants with knowledge of certain facts responsive to these Requests for Admission. Responding Defendant intends to designate, at some future time, technical expert witnesses who have knowledge of certain facts described in

Responding Defendant's response to this Request for Admission. Without waiving Responding Defendant's right to later designate such experts, Responding Defendant will identify percipient witnesses who may have knowledge of the facts relating to Responding Defendant's response to this Request for Admission.

7. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

8. By making this response, Responding Defendant does not concede that the Request for Admission propounded nor the response given thereto, is relevant to the subject matter of this proceeding, or are reasonably calculated to lead to the discovery of admissible evidence. Responding Defendant expressly reserves the right to object to further discovery into the subject matter of these Request for Admission and reserves the right to object to introduction into evidence of information, documents or items produced in response to these Request for Admission.

9. Responding Defendant's response to the Request for Admission incorporates, and is to be read in light of, this Preliminary Statement and General Objections. Without waiving the foregoing objections, and specifically reserving the right to supplement the following responses in the future, Responding Defendant responds to the Request for Admission as follows based on such information and documents as are presently available.

**RESPONSE TO REQUEST FOR ADMISSIONS**

Defendant, L&T INTERNATIONAL CORPORATION hereby responds to the Plaintiff's First Set of Request for Admissions as follows:

**REQUEST NO. 1:** Admit that defendant was aware of the existence and coverage of the Nonresident Workers Act (NWA).

**RESPONSE:** L&T Admits that it was aware of the existence of the Nonresident Workers Act (NRWA). L&T employs Non-resident workers according to the provisions of the NRWA.

**REQUEST NO. 2:** Admit that defendant was aware of the existence and coverage of the CNMI Minimum Wage and Hours Act (MWHA).

**RESPONSE:** L&T Admits that it was aware of the existence of the CNMI Minimum Wage and Hours Act (MWHA). L&T employs and compensates people according to the provisions of the MWHA.

**REQUEST NO. 3:** Admit that defendant was aware of the existence and coverage of the Fair Labor Standards Act (FLSA).

**RESPONSE:** L&T Admits that it was aware of the existence of the Fair Labor Standard Act (FLSA). L&T employs and compensates people according to the provisions of the FLSA.

**REQUEST NO. 4:** Admit that L&T International Corporation was, during the three (3) years prior to the filing of this suit, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §203(s).

**RESPONSE:** Objection. Responding Defendant incorporates, as if fully set forth herein the general objections asserted above. Defendant responds that after reasonable inquiry, the information known or readily obtainable is insufficient to enable it to admit or deny this request.

**REQUEST NO. 5:** Admit or deny that each plaintiff was hired for a term of one year.

**RESPONSE:** Responding Defendant admits that each plaintiff was hired for a term of one year subject to the terms and conditions of non-resident worker contracts.

**REQUEST NO. 6:** Admit that plaintiffs' employment with defendant was not at-will employment.

**RESPONSE:** Responding Defendant admits that plaintiffs' employment with defendant was not at-will employment.

**REQUEST NO. 7:** Admit that the document attached hereto and marked as Exhibit "1" is the nonresident worker contract form used by defendant.

**RESPONSE:** Responding Defendant admits that the documents attached to Plaintiffs' request for Admission and marked as Exhibit "1" is the non-resident worker contract form used by defendant.

**REQUEST NO. 8:** Admit that the contract form in Exhibit "1" was drafted by defendant.

**RESPONSE:** Responding Defendant admits that the contract form in Exhibit "1" was drafted by Defendant.

**REQUEST NO. 9:** Admit that the nonresident contract form used by defendant for plaintiffs is not the standard nonresident contract form used by CNMI DOL.

**RESPONSE:** Responding admits that the nonresident contract form used by defendant for plaintiffs is not the standard nonresident contract form used by CNMI DOL.

**REQUEST NO. 10:** Admit that defendant inserted in plaintiffs' contracts the "x" mark in subsection 1 under the provision for Food, Lodging and Others on page 1 of the contract form used by defendant.

**RESPONSE:** Responding Defendant admits that it inserted in plaintiffs' contract the "x" mark in subsection 1 under the provision for Food, Lodging and Others on page 1 of the contract form used by defendant.

**REQUEST NO. 11:** Admit that Ma. Luisa Dela-Cruz Ernest was employed as Manager of Human Resources for defendant, with policy level and making authority, and authority to hire and fire plaintiffs, at all pertinent times.

**RESPONSE:** Responding Defendant admits that Ma. Luisa Dela-Cruz Ernest was employed as Manager of Human Resources for defendant, with policy level and making authority. Responding Defendant denies that Malou Dela-Cruz-Ernest had authority to hire and fire plaintiffs, at all pertinent times.

**REQUEST NO. 12:** Admit that Ma. Luisa Dela-Cruz Ernest was the Manager of Human Resources for the business entities and corporations under the L&T Group of Companies.

**RESPONSE:** Responding Defendant admits that Ma. Luisa Dela-Cruz Ernest was the Manager of Human Resources for the L&T Group of Companies.

**REQUEST NO. 13:** Admit that defendant and the L&T Group of Companies share a single-centralized Human Resources Department.

**RESPONSE:** Responding Defendant denies that L&T Group of Companies share a single-centralized Human Resources Department.

**REQUEST NO. 14:** Admit that defendant signed and executed a document entitled Application to Employ Nonresident Worker(s) and Employer's Nonresident Worker Agreement, to employ plaintiffs as required under the Nonresident Workers Act (NWA).

**RESPONSE:** Responding Defendant admits that defendant signed and executed a document entitled Application to Employ Nonresident Worker(s) and Employer's Nonresident Worker Agreement, to employ plaintiffs as required under the Nonresident Workers Act (NWA).

**REQUEST NO. 15:** Admit that defendant did not pay the physical examination fees of the plaintiffs listed in Exhibit "4" of the First Amended Complaint.

**RESPONSE:** Responding Defendant admits it did not pay the physical examination fees of the plaintiffs listed in Exhibit "4" of the First Amended Complaint.

**REQUEST NO. 16:** Admit that defendant did not pay the health certificate fees of the plaintiffs listed in Exhibit "4" of the First Amended Complaint.

**RESPONSE:** Responding Defendant admits it did not pay the health certificate fees of the plaintiffs listed in Exhibit "4" of the First Amended Complaint.

**REQUEST NO. 17:** Admit that plaintiffs listed in Exhibit "5" of the First Amended Complaint were required by defendant to pay the fees for their physical examination.

**RESPONSE:** Responding Defendant denies that plaintiffs listed in Exhibit "5" of the First Amended Complaint were required by defendant to pay the fees for their physical examination.

**REQUEST NO. 18:** Admit that plaintiffs listed in Exhibit "5" of the First Amended Complaint were required by defendant to pay the fees for their health certificates.

**RESPONSE:** Responding Defendant denies that plaintiffs listed in Exhibit "5" of the First Amended Complaint were required by defendant to pay the fees for their health certificates.

**REQUEST NO. 19:** Admit that defendant did not pay for the physical examination fees and health certificate fees of plaintiffs.

**RESPONSE:** Responding Defendant admits that it did not pay for the physical examination fees and health certificate fees of plaintiffs.

**REQUEST NO. 20:** Admit that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' physical examination.

**RESPONSE:** Responding Defendant denies that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' physical examination.

**REQUEST NO. 21**: Admit that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' health certificates.

**RESPONSE:** Responding Defendant denies that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' health certificates.

**REQUEST NO. 22:** Admit that defendant promised to pay the fees for plaintiffs' physical examination and health certificate for the second year of plaintiffs' employment.

**RESPONSE:** Responding Defendant denies that defendant promised to pay the fees for plaintiffs' physical examination and health certificate for the second year of plaintiffs' employment.

**REQUEST NO. 23:** Admit that in calculating plaintiffs' regular hourly rate for overtime pay, defendant did not factor in the amount or reasonable value of physical examination fees, and health certificate fees.

**RESPONSE:**  Responding Defendant admits that in calculating plaintiffs regular hourly rate for overtime pay, defendant did not factor in the amount or reasonable value of physical examination fees, and health certificate fees.

**REQUEST NO. 24:**  Admit that defendant sometimes used workers from affiliate corporations to perform work for defendant.

**RESPONSE**:  Responding Defendant admits that defendant sometimes used workers from affiliate corporations to perform work for defendant.

**REQUEST NO. 25:** Admit or deny that plaintiffs' employment was terminated without just cause.

**RESPONSE:**  Responding Defendant denies that plaintiffs' employment was terminated without just cause.

**REQUEST NO. 26:**  Admit that defendant did not give each plaintiff ten (10) days advance written notice before termination.

**RESPONSE:**  Responding Defendant denies that defendant did not give each plaintiff ten (10) days advance written notice before termination.

**REQUEST NO. 27:**  Admit that defendant did not offer any position or employment opportunity to the plaintiffs with the companies, corporations, affiliates or business entities, affiliated or connected with or under the Tan Holdings Corporation in lieu of terminating plaintiffs.

**RESPONSE:**  Responding Defendant admits that defendant did not offer any position or employment opportunity to the plaintiffs with the companies, corporations, affiliates or business entities, affiliated or connected with or under the Tan Holdings Corporation in lieu of terminating plaintiffs.

**REQUEST NO. 28:** Admit that defendant hired Chinese workers who performed the work of Hand Packers during the period from February 1, 2004 through April 1, 2006.

**RESPONSE:** Responding Defendant denies that defendant hired Chinese workers who performed the work of Hand Packers during the period from February 1, 2004 through April 1, 2006.

**REQUEST NO. 29:** Admit that defendant gave plaintiffs no advance written notice of reduction in force (RIF) pursuant to the Worker Adjustment and Retraining Notification Act (WARN). (29 U.S.C. § 2102(a)(1) and (2).

**RESPONSE:** Responding Defendant admits that defendant gave plaintiffs no advance written notice of reduction in force (RIF) pursuant to the Worker Adjustment and Retraining Notification Act (WARN). (29 U.S.C. § 2102(a)(1) and (2).

**REQUEST NO. 30:** Prior to May 13, 2004, defendant did not give plaintiffs a copy of their employment contract.

**RESPONSE:** Responding Defendant admits that prior to May 13, 2004, defendant did not give plaintiffs a copy of their employment contract.

**REQUEST NO. 31:** Admit that plaintiffs did not read the substantive content of their employment contract prior to signing.

**RESPONSE:** Responding Defendant admits that some of the Plaintiffs say that they did not read the substantive content of their employment contract prior to signing. Except to the extent admitted, L&T lacks sufficient information to admit or deny request No. 31 despite reasonable inquiry conducted to date.

**REQUEST NO. 32:** Admit or deny that the plaintiffs were told to eat their lunch under a makeshift tent across the street from the place of work.

**RESPONSE:** Responding Defendant denies that the plaintiffs were told to eat their lunch under a makeshift tent across the street from the place of work. Plaintiffs were permitted to eat lunch at a place of their choosing which included a tented area.

**REQUEST NO. 33:** Admit that none of defendant's Chinese workers were required to eat their lunch under a tent.

**RESPONSE:** Responding Defendant admits that that none of defendant's Chinese workers were required to eat their lunch under a tent.

**REQUEST NO. 34:** Admit that defendant's Chinese workers ate their lunch in the company's air-conditioned Cafeteria.

**RESPONSE:** Responding Defendant admits that some of defendant's Chinese workers ate their lunch in the company's Cafeteria.

**REQUEST NO. 35:** Admit that defendant is obligated to pay plaintiffs' return airfare to the Philippines.

**RESPONSE:** Responding Defendant admits that defendant is obligated to pay plaintiffs' return airfare to the Philippines to the extent provided for in the non-resident worker contract and according to CNMI law.

//
//
//
//

**REQUEST NO. 36:** Admit or deny that the three-page document attached hereto and marked as Exhibit "2" is a genuine and authentic document.

**RESPONSE:** Responding Defendant admits that the three-page document attached hereto and marked as Exhibit "2" is a genuine and authentic document.

Dated this 12th day of June, 2006.

                                                                               _____
                                                                               **COLIN M. THOMSON**
                                                                                 Attorney at Law

## CERTIFICATE OF SERVICE

Emily S. Licop, hereby certifies that a true and correct copy of **DEFENDANT L&T INTERNATIONAL CORPORATION'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUEST OF ADMISSIONS** in the foregoing civil action was served via facsimile and mail delivery to the office of:

> **Joe Hill, Esq.**
> Hill Law Offices
> P.O. Box 500917
> Saipan, MP 9695

Dated this 12th day of June, 2006.

_____
**EMILY S. LICOP**