Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
Saipan, MP  96950
Telephone:  (670) 233-0777
Facsimile:  (670) 233-0076

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JOANNA ABELLANOSA, et al.,** | **Civil Action No. 05-0010** |
| **Plaintiffs.** | **DEFENDANT'S RESPONSE** |
| **vs.** | **TO PLAINTIFFS' FIRST SET OF** |
| **L&T INTERNATIONAL CORP.** | **REQUEST FOR INTERROGATORIES** |
| **Defendant.** | |

Propounding Party:    Plaintiffs, Joanna Abellanosa, et. al.

Responding party:      Defendant, L&T International Corporation

　　Pursuant to Federal Rules of Civil Procedure, Defendant, L&T International Corporation, hereby responds to Defendant's First Set of Request for Interrogatories as follows:

I.

## OBJECTIONS

　　1.　　Reservation of Right to Amend/Augment. Responding Defendant is engaged in continuing investigation and discovery in this case.  Therefore, all of the answers contained herein are based upon such information and documents as are presently available to and specifically known

**EXHIBIT "C"**

1

to Defendant. Defendant therefore provides the following responses to the Interrogatories, without prejudice to present later, even at trial, further documentary or other evidence. Defendant also reserves the right to supplement these responses.

2. <u>Objections Reserved</u>. Each response is given subject to all appropriate objections (including, but not limited to, objections of competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

3. <u>Attorney-Client Privilege Objection</u>. Responding Defendant objects to the Interrogatories to the extent that they seek information which is privileged under the attorney-client privilege, attorney work-product doctrine, any other privilege, constitutional, statutory or regulatory proscription against disclosure, or which are otherwise immune from discovery. Inadvertent production of any such information shall not waive any privilege or any ground for objecting to discovery regardless of the subject matter thereof. Nor shall any inadvertent disclosure waive the right of Defendant to object to the use of any such information during any subsequent proceeding in this action.

4. <u>Confidential and Proprietary Information Objection</u>. Responding Defendant objects to the Interrogatories to the extent that they seek information containing confidential, commercial, proprietary information.

5. <u>Relevance and Breadth Objections</u>. Responding Defendant objects to the Interrogatories to the extent that they are overly broad, burdensome and oppressive by seeking information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

6. <u>Objections to Excessive and Inconsistent Obligations</u>. Responding Defendant objects to the Instructions set forth in the Interrogatories to the extent they seek to impose obligations which exceed or differ from those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District Court. Furthermore, Defendant objects to the Instructions on the grounds that they exceed the scope of what defendant are entitled to request. Defendant also objects to the

Definitions set forth in the Interrogatories to the extent they seek to give words meanings other than their ordinary meanings.

7.    <u>No Admissions Made or Inferred</u>.  Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein.  The fact that any interrogatory herein has been responded to should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by any interrogatory, or that such response constitutes evidence of any fact thus set forth or assumed.  All responses must be construed as given on the basis of present knowledge and recollection.

8.    Responding Defendant incorporates here by reference the foregoing objections in response to each of these Interrogatories.


**II.**

**<u>RESPONSES</u>**


**<u>INTERROGATORY NO. 1:</u>** If your answer to Request for Admission No. 1  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**<u>RESPONSE:</u>**  Not Applicable.


**<u>INTERROGATORY NO. 2:</u>**  If your answer to Request for Admission No. 2  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's

answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 3:**  If your answer to Request for Admission No. 3  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY  NO. 4:**  Do you contend that defendant or plaintiff is covered by any exemption provided by the NWA, FLSA or the regulations issued thereunder or under an order, ruling, approval, interpretation, administrative practice or enforcement policy of the CNMI DOL or the Federal Administrator of the Wage and Hour Division as a defense to this action? If so, —

> a.  state the citation of the statute, regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy granting the exemption;

> b.  identify each fact upon which you rely to demonstrate the applicability of the exemption;

> c.  state the workweeks for which the exemption applied;

> d.  identify each document upon which you rely to demonstrate the applicability of the exemption; and

> e.  for each such regulatory order, ruling, interpretation, administrative practice or enforcement policy, state how the defendant has acted in conformity with the same.

**RESPONSE:**  L&T is obligated to comply with all Federal and CNMI Laws to the full extent of their applicability. L&T is not exempt from the applicability of these laws.


**INTERROGATORY NO. 5:**  If your answer to Request for Admission No. 4  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**    L&T employees are presently unaware of any judicial or administrative determination that it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC § 203(s).  L&T will continue to investigate this issue and will supplement its response as necessary.


**INTERROGATORY NO. 6:** Describe and give all names defendant has been known by or used, the type of business engaged in, the company's postal address, address of the head office, address of each manufacturing facility owned and/or operated by defendant, the identity of defendant's parent, subsidiary and affiliate businesses.

**RESPONSE:**  L&T International Corporation and L&T Group of Companies.  In further response to this interrogatory, Defendant directs the Plaintiff to the pubic records filed with the corporate Registrar and the Business Licence Office as well as the government public records.  Also please refer to documents attached to the response and bates stamped 0001 through 0012.  The Defendant does not own or operate a manufacturing facility.   Tan Holdings Corporation is the 100% shareholders of L&T Group of Companies, the successor company to L&T International Corporation.  L&T has no subsidiary and has numerous affiliate businesses.  To the Extent the above

response falls short of Plaintiff expectations, Defendant objects on the grounds of relevancy and that the request is over broad and unduly burdensome.

**INTERROGATORY NO. 7:** State the following information regarding defendant:

        a.  the name, address, and job classification of each and every officer or employee of said corporation who was in the chain of command  between either plaintiff(s) and the person with the highest authority in defendant's operation during the period January 1, 2003 to the date of service of these interrogatories;

        b.  the name and address of each and every shareholder owning at least five percent (5%) of any or all classes of stock in said defendant's corporation during the period January 1, 2003 to the date of service of these interrogatories; and

        c. identify each and every person (by name, address, job classification) responsible for the computation or payment of wages to the plaintiffs-employees of defendant during the period January 1, 2003 to the date of service of these interrogatories stating the function each such person performed with respect to employee wage payments.

**RESPONSE:**

| (a) | Name | Address | Actual Post |
|---|---|---|---|
| | Xi, Xing Qin | Yangzhou, China | Line Leader |
| | Li, Zhi Min | Shanghai, China | Supervisor |
| | Wu, Duan Huai | Quanzhou, China | Supervisor |
| | Cao, Li Qun | Garapan, Saipan | Section Head |
| | Wu, Duan Shu | Suzhou, China | Section Head |
| | Fang, Zai Feng | Shanghai, China | Assistant Manager |
| | Tse, Oi Ling | Navy Hill, Saipan | Production Manager |

(b)    Tan Holdings Corporation is the sole shareholder of L&T.

(c)    Josie Autencio.

**INTERROGATORY NO. 8:** From January 1, 2003 to present, identify the name and job position of:

      a. each and every corporate officer; and

      b. each and every member of the Board of Directors of defendant.

**RESPONSE:**    (a)    The corporate officers are: Willie Tan, President and Director; Jerry Tan, Vice-President and Director; Glicerio Arago, Secretary and Treasurer.

      (b)    The Board of Directors are: Willie Tan, President and Director; Jerry Tan, Vice-President and Director; Glicerio Arago, Secretary and Treasurer.


**INTERROGATORY NO. 9:**  If your answer to Request for Admission No. 5  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.


**INTERROGATORY NO. 10:** If your answer to Request for Admission No. 6  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not Applicable.

**INTERROGATORY NO. 11:**  If your answer to Request for Admission No. 7  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not Applicable.


**INTERROGATORY NO. 12:** If your answer to Request for Admission No. 8  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not Applicable.


**INTERROGATORY NO. 13**: If your answer to Request for Admission No. 9  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not Applicable.


**INTERROGATORY NO. 14:** If your answer to Request for Admission No. 10  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that

the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not Applicable.

**INTERROGATORY NO. 15:**  If your answer to Request for Admission No. 11  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Ms. Ernest holds a policy making position but does not decide who to hire and fire.

**INTERROGATORY NO. 16**:  If your answer to Request for Admission No. 12  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**    Ma. Luisa Dela Cruz- Ernest has been the Human Resources Manager for the garment making affiliates of L&T Group of Companies since 2003.

**INTERROGATORY NO. 17:**  If your answer to Request for Admission No. 13  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for

Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**    L&T Group of Companies is the successor corporation to L&T International Corporation.

**INTERROGATORY NO. 18**:  If your answer to Request for Admission No. 14  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 19**:  If your answer to Request for Admission No. 15  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not Applicable.

**INTERROGATORY NO. 20:**  If your answer to Request for Admission No. 16  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's

answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not Applicable.


**INTERROGATORY NO. 21:**  If your answer to Request for Admission No. 17  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Responding Defendant did not require any plaintiff to pay for their health certificate or physical examination.  Because the plaintiffs were hired on-island and all had existing employers, it was anticipated that the Plaintiffs would have valid health certificates and physical examinations would not be necessary.


**INTERROGATORY NO. 22:**  If your answer to Request for Admission No. 18  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Responding Defendant did not require any plaintiff to pay for their health certificate or physical examination.  Because the plaintiffs were hired on-island and all had existing employers, it was anticipated that the Plaintiffs would have valid health certificates and physical examinations would not be necessary.

**INTERROGATORY NO. 23:** If your answer to Request for Admission No. 19 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Not Applicable.


**INTERROGATORY NO. 24:** If your answer to Request for Admission No. 20 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Please refer to Defendant's motion to dismiss.


**INTERROGATORY NO. 25**: If your answer to Request for Admission No. 21 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Please refer to Defendant's motion to dismiss.


**INTERROGATORY NO. 26:** If your answer to Request for Admission No. 22 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that

the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  L&T did not promise to pay the fees for plaintiffs' physical examination and health certificate for the second year of plaintiff's employment.  All promises made to plaintiffs by L&T are contained in the employment contract.

**INTERROGATORY NO. 27:**  If your answer to Request for Admission No. 23  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 28:**  If your answer to Request for Admission No. 24  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 29:**  If your answer to Request for Admission No. 25  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that

13

the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Plaintiffs' employment contracts, the Notice of termination and all documents supporting the decision to reduce the work force.

**INTERROGATORY NO. 30:**  If your answer to Request for Admission No. 26  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Plaintiffs' employment contracts, the Notice of termination and all documents supporting the decision to reduce the work force.

**INTERROGATORY NO. 31:**  For each plaintiff terminated, by defendant, describe in detail and/or state:

     a.  the name, last known address, employer and employment position of each and every person who in any way participated in the decision to terminate each plaintiff;

     b. the reason(s) for plaintiffs' termination of employment;

     c. the name and last known address of each person who was present when plaintiffs' employment was terminated; and

d. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:**

| a) | Name | Address | Employer | Position |
|---|---|---|---|---|
| | Tse. Oi Ling | Navy Hill | L&T | Production Manager |
| | Joaquin Torres | Gualo Rai | L&T | HR Director |
| | Choi Yeung, Mei Ngor | Navy Hill | L&T | Vice-President Production |

b)    Please refer to Plaintiffs' employment contracts, the Notice of termination and all documents supporting the decision to reduce the work force.

| c) | | |
|---|---|---|
| | Quing. Ma. Corazon | Lower Navy Hill |
| | Rhodora Bernabe | Finasisu Apartment |
| | Maria Luisa Ernest | Navy Hill |

**INTERROGATORY NO. 32:**  State whether any employees and/or agents of defendant took any notes and/or prepared any memoranda or other writings during and/or in connection with the termination of plaintiffs' employment with defendant. If yes, identify:

a. the name and job position of the individual who took the notes and/or prepared the memoranda or other writings;

b. the location of the notes and memoranda; and

c. the substance of the notes and memoranda.

**RESPONSE:**  L&T is unaware of the existence of any documents responsive to this request.

**INTERROGATORY NO. 33:**   Identify by date, location and participants of each and every conversation in which the subject of termination of plaintiffs was discussed by defendant and any of its supervisors, officers or managers, and state the substance of each such conversation.

**RESPONSE:**  Objection.  Vague, overbroad and unduly burdensome.

**INTERROGATORY NO. 34:**  Describe in detail and identify by date each and every correspondence, memorandum or other document in which the subject of the termination of plaintiffs was discussed by defendant, its officers, managers or other employees.

**RESPONSE:**  Objection.  Vague, overbroad and unduly burdensome.

**INTERROGATORY NO. 35:**  State each and every date on which the subject of plaintiffs' termination was discussed between: (1) employees/officers of defendant; and (2) employees/officers of defendant and third parties. For each such discussion:

a. identify each participating individual by name, job title and employer;

b. describe the substance of each discussion; and

c. state whether any notes were taken during the discussion or whether any memoranda or other written documents referring to the discussion were subsequently created.

**RESPONSE:**  Objection.  Vague, overbroad and unduly burdensome.

**INTERROGATORY NO. 36**:  Describe in detail, giving the dates of any decision, resolution, discussion or consideration by the defendant's Board of Directors, its officers and managers, concerning "on-going re-engineering and reduction in force due to economic necessity."

**RESPONSE:**  L&T has no board or shareholders resolutions or minutes of meeting concerning "on-going re-engineering or RIF".

**INTERROGATORY NO. 37:** State whether any disciplinary or warning action for job performance reasons or otherwise was ever taken against plaintiffs any time during the course of their employment with defendant. If yes, state:

        a. the dates on which the disciplinary or warning action was taken;

        b. the reason for and the form of the disciplinary or warning action;

        c. the name and job position of each person who in any way participated in the decision to issue the disciplinary or warning action; and

        d. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:** None of the Charging Parties were given formal or documented disciplinary or warning action during the course of their employment with defendant.

**INTERROGATORY NO. 38::** If your answer to Request for Admission No. 27 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Not Applicable.

**INTERROGATORY NO. 39:** If your answer to Request for Admission No. 28 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's

answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Please refer to employment contracts, L&T employee roster, job vacancy announcements and payroll registers for the relevant time.

**INTERROGATORY NO. 40:** If your answer to Request for Admission No. 29 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 41:**  If your answer to Request for Admission No. 30  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not applicable.

**INTERROGATORY NO. 42:** If your answer to Request for Admission No. 31 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports  or  tends  to  support  the  defendant's  answer  to  that  Request  for

Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Responding Defendant presently lacks sufficient information to answer this question as to all plaintiffs.

**INTERROGATORY NO. 43:**  If your answer to Request for Admission No. 32  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Plaintiffs were permitted to eat their lunch in a place of their choosing.

**INTERROGATORY NO. 44:**  If your answer to Request for Admission No. 33  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 45:** If your answer to Request for Admission No. 34  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for

19

Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Many Chinese workers did not eat at the Cafeteria.  The Cafeteria is not air-conditioned.

**INTERROGATORY NO. 46:** If your answer to Request for Admission No. 35 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Responding Defendant admits that defendant is obligated to pay plaintiffs' return airfare to the Philippines to the extent provided for in the non-resident worker contract and according to CNMI law.

**INTERROGATORY NO. 47:**  If your answer to Request for Admission No. 36 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 48:** Give the name(s) and address(es) of each employee of the defendant having supervisory duties in relation to the named plaintiffs.

**RESPONSE:**

| Name: | Address |
|---|---|
| Li, Zhi Min | Shanghai, China |
| Wu, Duan Huai | Quanzhou, China |
| Cao. Li Qun | Garapan, Saipan |
| Wu, Duan Shu | Suzhou, China |

**INTERROGATORY NO. 49:** Identify each of plaintiffs' supervisors, state (a) the dates during which each plaintiff was under the supervision of each such supervisor; and (b) the language(s) in which the supervisor communicated to plaintiffs in.

**RESPONSE:**

| Name: | Languages: |
|---|---|
| Li, Zhi Min | English |
| Wu, Duan Huai | English |
| Cao, Li Qun | English |
| Wu, Duan Shu | English |
| Tse, Oi Ling | English |

**INTERROGATORY NO. 50:** State and describe the daily schedule of work, meal breaks, and rest breaks for each of the plaintiffs during the period of plaintiffs' employment with defendant.

**RESPONSE:** Daily schedule of work, meal breaks and rest breaks for each plaintiff vary on production work schedules or please refer to Request for production response on items 11 to 14

**INTERROGATORY NO. 51:** For each job classification held by either plaintiff, at defendant's facilities during the period January 1, 2003 to the date of service of interrogatories, state the plaintiffs' general duties and responsibilities, and identify any documents (as defined in Rule 1001,

Federal Rules of Evidence) in defendant's possession or control, or of which it has knowledge, reflecting any of the said information.

**RESPONSE:**    Plaintiffs worked as Hand Packagers.    Please refer to Plaintiffs' employment contract.

**INTERROGATORY NO. 52:** List each present and former employee of the defendant who has performed work as a Hand Packer during the time period January 1, 2003 to the date of service of these interrogatories, and for such employee, state the following:

        a.   the name, current or last known address, and the telephone number of the employee;

        b.  the location(s) within the defendant's facilities and outside in other business places at which the employee worked;

        c.   the job title of the employee (if more than one job title, include the dates the employee held the particular job title);

        d.  the last date on which the employee worked for the defendant (if the employee no longer works for defendant), and defendant's stated reason(s) for termination of each such employee.

**RESPONSE:   52 (a)** Please see attached list of employees (Present and former) who performed work as Hand Packer from 2003 to May 2006, labeled # 52a.

**52b.** Lydia Caylan; employed at Century Hotel on March 14, 2001 to February 17, 2004.

**52c.**

| Name | Full Name | Job Title | Dates Job Held |
|------|-----------|-----------|----------------|
| Agcaoili | Jeny | Trimmer | 07/16/01 – 08/09/01 |
| Caylan | Lydia | Housekeeper | 03/14/01 – 02/17/04 |

**52d.** Please see attached list of employees (present and former) who performed work as Hand Packer from 2003 to May 2006, labeled #52d.

**INTERROGATORY NO. 53:**  Identify each and every fringe benefit (including, but not limited to, health, life and disability insurance, pension plan, profit sharing, bonus plan, savings plan and stock option plan) for which the plaintiffs were eligible while employed by defendant. For each such benefit, state:

        a. the date on which each plaintiff became eligible for the benefit;

        b. the monthly cost to defendant for providing the benefit to plaintiffs as of the last date of plaintiffs' employment with defendant;

        c. where the defendant contributes to a fund for a particular fringe benefit, state the basis for determining the amount of contribution  and the amount of each monthly contribution made by defendant per fringe benefit for each and every month during the twelve (12) months preceding plaintiffs' termination;

        d. where eligibility for the fringe benefit is governed by vesting requirements, identify those vesting requirements;

        e. for any bonus or commission for which each plaintiff was eligible, state the basis for determining the amount of bonus or commission and identify each and every bonus or commission each plaintiff received  during the term of their employment; and

        f. identify each and every document which in any way describes each fringe benefit and the benefits thereunder.

**RESPONSE:**  Please refer to Plaintiffs' employment contract.


**INTERROGATORY NO. 54:** Identify and describe all fringe benefits provided by defendant that were factored into defendant's calculation of plaintiff(s) regular hPlease refer to plaintiffs employment contract.

**RESPONSE:**  None

**INTERROGATORY NO. 55:** Identify all expert witnesses you may call at the time of trial and state their opinions and the basis for those opinions.

**RESPONSE:**  Objection.  This interrogatory requests information that will be revealed pursuant to the case management order in due course and in compliance with the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 56:** Identify by name, job position and last known address, all persons having knowledge of plaintiffs' performance as Hand Packers or Folders while at defendant-L&T.

**RESPONSE:**  See response to interrogatories numbers 7, 31, 48 and 49.

**INTERROGATORY NO. 57:** From January 1, 2003 to the present, state whether severance pay or any other payments or benefits were given to any of defendant's employees on or following the date of that employee's termination of employment with defendant. If yes:

a. identify by name, job position (title) and date of termination all persons who received such severance pay, payments or benefits, and identify by name and job position all individuals at defendant  who directed, approved, recommended or were otherwise involved in the granting of such severance pay, payments or benefits to those individuals;

b. state whether any company, corporation, affiliate or business entity, affiliated or connected with or under the Tan Holdings  Corporation, their officers, employees and directors, directed, approved, recommended or was otherwise involved in the payments;

c. describe the precise nature and amount of each item of severance pay or other payment or benefit;

d. describe the precise factual basis and reason for each item of severance pay or other payment or benefit given; and

e. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:** Please refer to production of documents response to item A.3 (e. to g.)

**INTERROGATORY NO. 58:** Describe in detail, stating each fact and legal theory relied on, defendant's termination of plaintiffs based on "on-going re-engineering and reduction in force due to economic necessity."

**RESPONSE:** L&T's employment contact with the plaintiffs provided that termination for cause included a reduction in force due to adverse economic conditions or economic necessity. L&T terminated the plaintiffs contract, because reduction in force due to economic necessity.

**INTERROGATORY NO. 59:** Describe in detail, identifying each document and opinion relied on, stating each fact and legal theory relied on, the process and procedures utilized by defendant in determining that each plaintiff had to be terminated because of "on-going re-engineering and reduction in force due to economic necessity," giving the date(s) of said actions.

**RESPONSE:** Please refer to documents produced in connection with Plaintiffs request for production of documents.

**INTERROGATORY NO. 60:** Describe in detail and identify each and every fiscal and economic indicator, occurrence, event, report, opinion and factor, that defendant relied on in determining to terminate plaintiffs because of "on-going re-engineering and reduction in force due to economic necessity."

**RESPONSE:** Please refer to documents produced in connection with Plaintiffs request for production of documents.

**INTERROGATORY NO. 61:**  Identify and describe in detail each and every employee that was laid-off, suffered a reduction in hours or was terminated as a result of defendant's asserted  "on-going re-engineering and reduction in force due to economic necessity," during the period from January 1, 2001 through January 1, 2006.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 62:** Identify and describe in detail each job vacancy filled by defendant between January 1, 2001 and January 1, 2006.

**RESPONSE:**  Please refer to response to production of documents item D. 37 to 40.

**INTERROGATORY NO. 63:** Identify and describe all defendant's employee manuals and/or employee handbooks, rules and regulations, regarding employee conduct, discipline and termination in existence for the period January 1, 2003 to January 1, 2006. And if defendant will do so without a formal request for production, provide copies of any such documents to counsel for plaintiffs by attaching copies to defendant's answers to these interrogatories.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 64:**  Give the names and addresses of all businesses to which defendant supplied garments, goods or services for the years 2001 to the present.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 65:**  Describe and identify all payments made to plaintiffs for each work week and payroll period during plaintiffs' employment with defendant, stating for each such period (a) each plaintiffs' regular hourly wage rate; (b) hourly overtime rate; and (c) each plaintiff's gross and net pay.

**RESPONSE:**  Please refer to response to production of documents item A. 3 (e. to g.)

**INTERROGATORY NO. 66:**  State the amount of your net worth for each of the last five fiscal years.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 67:** From 2001 to present, state whether defendant has ever been named a party to any action, whether administrative or judicial (or was put on notice that such an action would be initiated), wherein either allegations of breach of contract, failure to pay wages, unlawful termination and bad faith breach of contract, breach of covenants of good faith and fair dealings, intentional infliction of emotional distress or fraud and deceit, were raised and, in so doing, state:

    a. the name of each individual who named defendant as a party or informed defendant that he/she intended to do so;

    b. the date on which the action was filed or on which defendant was put on notice that such action would or might be filed;

    c. the final disposition of the action or notice that such action would be pending; and

    d. the docket number of any such action and the name of the court or administrative agency in which it was filed.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 68:** State and describe in detail, the legal and factual basis for and supporting the defendant's First Affirmative Defense that "Plaintiff fails to state a claim upon a relief can be granted" as set forth in its Answer.

**RESPONSE:** There is no independent cause of action for return airfare.

**INTERROGATORY NO. 69:** State and describe in detail, the legal and factual basis for and supporting the defendant's Second Affirmative Defense that "Plaintiff's claims are barred by Waiver" as set forth in its Answer.

**RESPONSE:** Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 70:**  State and describe in detail, the legal and factual basis for and supporting the defendant's Third Affirmative Defense that "Plaintiff's claims are barred by Estoppel" as set forth in its Answer.

**RESPONSE:** Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 71:** State and describe in detail, the legal and factual basis for and supporting the defendant's Fourth Affirmative Defense that "Plaintiff's claims are barred by Fraud" as set forth in its Answer.

**RESPONSE:**  Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 72:** State and describe in detail, the legal and factual basis for and supporting the defendant's Fifth Affirmative Defense that "Plaintiff's claims are barred by the Statute of Limitations" as set forth in its Answer.

**RESPONSE:**  Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 73:** State and describe in detail, the legal and factual basis for and supporting the defendant's Sixth Affirmative Defense that "Plaintiff's claims are barred by Illegality" as set forth in its Answer.

**RESPONSE:**  Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 74:** State and describe in detail, the legal and factual basis for and supporting the defendant's Seventh Affirmative Defense that "Plaintiff's claims are barred by Laches" as set forth in its Answer.

**RESPONSE:**  Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 75:** State and describe in detail, the legal and factual basis for and supporting the defendant's Eight Affirmative Defense that "Plaintiff's claims are barred by Unclean hands" as set forth in its Answer.

**RESPONSE:**  Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 76:** State and describe in detail, the legal and factual basis for and supporting the defendant's Ninth Affirmative Defense that "Plaintiff's claims are barred by Release" as set forth in its Answer.

**RESPONSE:**  Defendant has discovered no facts to support this defense at this time.  Discovery is continuing.

**INTERROGATORY NO. 77:** State and describe in detail, the legal and factual basis for and supporting the defendant's Tenth Affirmative Defense that "Plaintiff's claims are barred by Statute of Frauds" as set forth in its Answer.

**RESPONSE:**  To the extent that Plaintiffs seek relief beyond the one year contract period, the claims are barred by the statute of frauds.

**INTERROGATORY NO. 78:** State and describe in detail what information, documentation, and facts defendant had in its possession indicating and supporting assertion that "Plaintiff's claims are limited because Plaintiff has not suffered damage or because of Plaintiff's failure to mitigate damages" as set forth in the Eleventh Affirmative Defense in its Answer.

**RESPONSE:**  Please refer to plaintiffs' deposition testimony and documents produced pursuant to Defendant requests.

**INTERROGATORY NO. 79:** State the name(s), business address(es), and job title(s) or capacity(ies) of the persons, officer(s), employee(s) or agent(s) answering or providing any information used to answer any of these Interrogatories.

**RESPONSE:**

Joaquin Torres          -          Human Resources, Director

Ma. Luisa C. Ernest          -          Human Resources Manager

Glicerio "Eli" Arago          -          Secretary, Treasurer and Director

Corazon 'Cory" Quing          -          Human Resources Adviser

Milo Valdez          -          Industrial Engineering


        Dated this 12th day of June, 2004.




                                          _____
                                          **COLIN M. THOMPSON, Esq.**
                                          Attorney for Defendant

## CERTIFICATE OF SERVICE

**Emily S. Licop**, hereby certifies that a true and correct copy of **DEFENDANT'S RESPONSE TO PLAINTIFFS FIRST SET OF REQUESTS FOR INTERROGATORIES** in the foregoing civil action was served via facsimile and mail delivery to the office of:

**Joe Hill, Esq.**
Attorney at Law
P.O. Box 500917
Saipan, MP 96950

This 12th day of June, 2006.

_____
**EMILY S. LICOP**