**Colin M. Thompson, Esq.**
Law Offices of Colin M. Thompson
PMB 917, Box 10001
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

**Steven P. Pixley, Esq.**
Attorney at Law
Second Floor, CIC Centre
Beach Road, Garapan
Post Office Box 7757 SVRB
Saipan, M.P. 96950
Telephone:  (670) 233-2898/5175
Facsimile:  (670) 233-4716

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABELLANOSA, JOANNA et. al., ) | Civil Action No. 05-0010 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | DECLARATION OF |
| ) | COLIN M. THOMPSON |
| L&T INTERNATIONAL CORPORATION. ) | IN SUPPORT OF |
| ) | DEFENDANT'S MOTION |
| Defendant. ) | FOR SUMMARY |
| ) | JUDGMENT |

I, Colin M. Thompson, do declare that:

1. I am the attorney of record for Defendant L&T International Corporation.

2. I make this declaration based on my personal knowledge except where the statements expressly identify that they are based on information and belief and I am competent to testify as to the matters set forth.

3. On information and belief, the plaintiffs did not experience severe emotional distress as a result of L&T's reduction in work force and their consequent termination. The information to support this statement comes from the deposition testimony of those plaintiffs deposed that they did not seek medical treatment. Further the deponents described their symptoms of emotional distress in relatively mild language. The belief that none of the plaintiffs suffered severe emotional distress may be rationally extrapolated to the entire group of plaintiffs.

3.1 At the deposition of Plaintiff, Corazon Domine, she testified that she did experience emotional distress because of her termination but did not receive any medical treatment for the emotional distress she suffered. Ms. Domine testified to the following:

    Q    and, did that cause you emotional distress when you were terminated?
    A    yes.
    Q    and have you received any type of medical treatment for that emotional distress that you say you suffered?
    A    nothing. [pg. 56-Ln. 20-25]

3.2 At the deposition of Plaintiff, Andrea Concepcion, she testified that the extent of her emotional distress after she was terminated from L & T amounted to feelings of sadness, loss of sleep and headaches. Ms. Concepcion testified to the following:

    Q    Thank you. Um, you said that the emotional distress you experienced after being terminated from L&T, what, what I understand your, ah, experience was is that you felt sad and there were times you could not sleep?
    A    yes.
    Q    were there any other experiences you had other than those?
    A    I got, ah, always headache.
    Q    ah, anything else?

A     no. [pg.57 Ln.22-25 & pg.58 Ln.1-6]

3.3     At the deposition of Plaintiff, Russel Aquino, she testified that since she left L & T she suffered only minor headaches. Ms. Aquino testified to the following:

> Q     have you suffered any kind of illness since you left your job, since May of 2003, 4?
> A     just a minor sir, I have a head, headache, but that's it sir. [pg. 30 Ln.23-24 & pg. 31-Ln.1-2]

3.4     At the deposition of Plaintiff, Amalia Mendoza, she testified that she had not sought medical treatment since she left L & T. Plaintiff Mendoza testified to the following:

> Q     okay. and how's your health?
> A     it's good, the doctor tell me it's good.
> Q     okay. thank you. Um, have you ever been treated by a mental health professional?
> A     no.
> Q     have you ever seen a psychiatrist, ah,?
> A     no.
> Q     have you ever been treated by a psychiatrist?
> A     no.
> Q     have you ever seen a psychologist?
> A     no. [pg. 9-Ln. 3-13]
> ---
> Q     …have you ever had any type of mental health counseling?
> A     nothing. [pg. 10-Ln. 1-3]

3.5     At the deposition of Plaintiff, Delma Bantillo, she testified that she had not sought medical treatment since she left L & T. Plaintiff Bantillo testified to the following:

> Q     okay. have you, ah, seen a doctor since you've been terminated from L&T?
> A     I did not.
> Q     have you seen a psychologist since you left L&T?
> A     I did not.

3

```
Q     did you see a psychiatrist since you left L&T?
A     I did not.
Q     have you seen any social workers since you left L&T?
A     no.
Q     have you, ah, been prescribed any medications for any reasons since you left L&T?
A     by me sir?
Q     no, have you been prescribed, ah, by a doctor any medications for any reasons since you left L&T?
A     no. [pg. 54Ln. 13-24 &55-Ln. 1-3)
```

4. On information and belief, the plaintiffs were not subjected to outrageous behavior during their employment or termination from L&T. The information supporting this statement comes from the deposition testimony of those plaintiffs deposed describing their experiences at L&T. The asserted belief that none of the plaintiffs suffered severe emotional distress may be rationally extrapolated to the entire group of plaintiffs.

4.1  At the deposition of Plaintiff, Russel Aquino, she testified that she was not treated unfairly by any person at L & T. Russel Aquino testified to the following:

```
Q     ...do you think you were treated unfairly by any person?
A     no sir. [ Pg. 41-Ln. 1-3]
```

4.2. At the deposition of Plaintiff, Corazon Domine, she testified that nobody from L & T Management was mean to her during the meeting and the termination. Ms. Domine testified to the following:

```
Q     during your termination, during the meeting and the termination, was anybody mean to you, anybody from L&T's management mean to you?
A     nobody. [pg. 66-Ln.15-18]
```

5. On information and belief, Plaintiffs can not properly maintain an action for fraud because they did not rely on the verbal promises of any L&T employee in deciding to accept employment with L&T. The information supporting this statement comes from the deposition testimony of those plaintiffs deposed describing why they wanted to enter an employment contract with L&T. The asserted belief that none of the plaintiffs can properly maintain an action for fraud may be rationally extrapolated to the entire group of plaintiffs.

5.2 At the deposition of Plaintiff, Russel Aquino, she testified that she took the job at L & T to have a good job and better salary and not because she was promised anything verbally by L&T. Ms. Aquino testified to the following:

> Q …why did you want to enter into a employment contract with L&T?
> A sir I think, I felt sir that I could have a good job and a better salary sir. [pg. 20-Ln. 21-24]
>
> Q okay. Ah, so one reason you wanted to enter a employment with L&T was because you wanted to make more money?
> A yes sir.
> Q and the other reason was what, or was there any other reason?
> A no sir.(pg.21-Ln15-21)

5.3 At the deposition of Plaintiff, Amalia Balcita, she testified that she took the job at L & T because she thinks L & T is a big company and it offers good benefits. Ms. Balcita testified to the following:

> Q why did you apply for work at L&T?
> A because sir I think L&T is a big company. I think if have a nice, good benefits, and I think good company.
> Q okay. Why, and, that's why you wanted to apply to L&T?
> A yes sir.[pg. 46-Ln. 13-17]
>
> Q why did you enter an employment contract with L&T?
> A because I like to work over there sir.
> Q and why did you wanna work for L&T?

> A   I want to work there because big company, it's also secured and we're working, we have overtime.
> Q   okay. Any other reasons?
> A   no sir. [pg. 47-Ln. 3-9]
>
> Q   did anybody from L&T tell you anything to change your opinion about the job at L&T?
> A   nobody sir. [pg. 48-Ln. 11-13]

5.4   At the deposition of Plaintiff, Corazon Domine, she testified that she applied for job and took the job at L & T because she learned from Peter and those who work in garment factories that there is a lot of overtime in garments and not because of verbal promises made by any employee of L&T. Ms. Domine testified to the following:

> Q   at the time you entered into the contract at L&T, um, at that time, why was it that you wanted to work for L&T?
> A   I wanted to work at L&T because I learned that a lot of overtime at garments. That's why I really wanted to work at L&T. [pg. 46-Ln. 18-21]
>
> Q   between the time that you applied to work at L&T and the time that you entered your contract with L&T, did your reasons for wanting to work for L&T change?
> A   no, did not.
> Q   between the time that you applied to work at L&T and the time that you entered a contract with L&T, did you receive any information from anyone working in L&T that changed your opinion about wanting to work at L&T?
> A   nothing. [Pg.47-Ln. 1-9]

5.5   At the deposition of Plaintiff, Belinda Mendoza, she testified that she took the job at L & T because it was better than her prior job and she was told that her salary would not be delayed and not because of any verbal promises from L&T employees. Ms. Mendoza testified to the following:

> Q   and, why did you accept employment with L&T?

A    I accepted it because I know that it is better than my previous employer, even if its only $3.05 there is overtime I was told, and I was also told that the salary will not be delayed, that's it.
Q    is there any other reason that you accepted employment with L&T other than it was better than your previous employment, that you would be paid $3.05 plus overtime and that your salary would not be delayed.
A    none, only that. [pg. 42-Ln. 20-24 & pg. 43 Ln.1-5]

5.6    At the deposition of Plaintiff, Belinda Mendoza, she testified that no employee of L & T ever made any verbal promise to her about her employment with L & T. Ms. Mendoza testified to the following:

Q    did any employee of L&T ever make any verbal promises to you about your employment with L&T?
A    none, ah, but on the interview they told us and so, they told us that there will be overtime. [pg. 45 Ln. 6-9]

Q    ...Did anyone from L&T, any employee of L&T ever promise to renew your contract at the end of 1 year?
A    none, nothing. [pg. 50-Ln. 1-4]

5.7    At the deposition of Plaintiff, Marla Mateo, she that the only reason she wanted to work at L&T was so that she could stay in Saipan and earn money and not because L&T employees made her any verbal promises; she testified to the following:

Q    ...why did you wanna work for L&T?
A    to earn money.
Q    okay. any other reason other than to earn money?
A    nothing. [pg. 30-Ln. 16-20]

Q    okay. so you accepted a job with L&T so that you can stay in Saipan and so that you can earn money, is that right?
A    yes sir.
Q    is there any other reason you accepted employment with L&T?
A    ah,
MR MARIANO: (translates question in tagalong)
A    because, ah, just to work.
Q    okay. before you accepted employment and signed the contract with L&T, did any person from L&T make you any promises?
A    promises of what sir?

```
Q    anything.
A    nothing, just work. [pg. 31-Ln. 8-22)

Q    did L&T promise you, um, anything else about your employment other than overtime?
A    no sir. [pg. 33 Ln. 18-20]
```

5.8   At the deposition of Plaintiff, Delma Bantillo, she testified to the following:

```
Q    ...so the reasons that you accepted employment with L&T is because you wanted to find an employer in Saipan and because, um, you like working in the garments and because you wanted to get a lot of overtime?
A    yes sir.
Q    and there's no other reason you accepted employment with L&T?
A    no. [pg. 46-Ln. 20-25 & pg. 47 Ln. 1-3]
```

5.9 At the deposition of Plaintiff, Amalia Miranda, she testified to the following:

```
Q    so did anyone from L&T, any L&T employee promise you, um, any specific length of time for your employment?
A    nobody, cory didn't say anything.
Q    how long did you expect to work for L&T?
A    when they hired me, and I signed the contract, I expect one year because it is a contract. [pg. 24-Ln. 17-22]
```

I declare by penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated this 3rd day of August, 2006.

/s/ Colin M. Thompson
**COLIN M. THOMPSON, Esq.**
Attorney for Defendant