Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
PMB 917, Box 10001
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0776

*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JOANNA ABELLANOSA, et al., | ) | Civil Action No. 05-0010 |
| | ) | |
| | ) | DEFENDANT'S OPPOSITION TO |
| Plaintiffs. | ) | PLAINTIFFS' MOTION TO COMPEL |
| vs. | ) | ANSWERS TO REQUESTS FOR |
| | ) | ADMISSIONS AND INTERROGATORIES |
| L&T INTERNATIONAL CORP. | ) | |
| | ) | Hearing : September 14, 2006 |
| Defendant. | ) | Time : 9:00 a.m. |
| | ) | Judge : Hon. Alex R. Munson |

**COMES NOW**, Defendant L&T International Corporation ("L&T") by and through the undersigned counsel to, hereby oppose Plaintiff's Motion to Compel responses to requests for admission and interrogatories.

1.   Plaintiffs' motion to compel is not properly before this court. Local Rule 26.4(a) provides that the court will not entertain a motion brought under Rule 26 of the Federal Rules of Civil Procedure unless the parties first meet and confer on all disputed issues. Because the parties

have not previously met or conferred on all disputed issues as required by Local Rules, the court should not entertain Plaintiffs' motion.

2.      Plaintiffs counsel was unable to certify his compliance pursuant to Local Rules 26.4(b). Instead, counsel for Plaintiffs declares the "under the circumstances, counsel, Joe Hill believes that he has reasonably attempted and/or complied with LR 26.4 prior to making the motion to compel". See the Declaration of Plaintiffs' counsel filed in support of the Motion to Compel. This is not a certificate of compliance. The certificate of compliance is a prerequisite to the filing of the instant motion. LR 24.6(b). As demonstrated in Exhibit "A" to the declaration of Colin M. Thompson filed in support of this opposition ("CMT Decl.") the parties have not complied with Local Rule 26.4(a) or (b). Accordingly, the Court should not entertain this motion.

3.      Compliance with Local Rule 24.6(a) is not a mere technically. It is an important safeguard of Court resources. As set forth in Exhibit "A" to CMT Decl., the parties were able to resolve several disputed issues during their initial meet and confer on August 29, 2006. Further meet and confer opportunities would likely lead to additional resolutions. Resolving discovery disputes without Court intervention to the fundamental purpose of the Rule; it is beyond a mere technically.

4.      The importance of the meet and confer requirement is especially important given the substance of the instant motion. Plaintiffs' motion fails to describe with any particularly the deficiencies perceived or the remedies sought. Instead, Plaintiffs ask the Court for an order requiring Defendant to "answer and respond fully and completely for the requested discovery". (see Plaintiffs' Motion To Compel at ¶ 24). L&T is obligated under the Rules of Civil Procedure to do that which Plaintiffs seek by order. L&T has fully answered the propounded discovery and has

supplemented its submissions as required by Rule 26 of the Federal Rules of Civil Procedure. See Exhibits "B" and "C" to CMT Decl. It is unclear to the Defendant exactly where Plaintiffs perceived deficiencies lie. One cannot learn from reading the Motion to Compel where or why Defendant's responses are deficient. This point brings us back to the importance of Local Rule 26.4 and to the conclusion that the Court should not entertain this motion.

For reasons stated above, the Court should not entertain the Plaintiffs' Motion to Compel or the motion should be denied.

Dated 31st day of August 2006.

_____
COLIN M. THOMPSON
Attorney for Defendant