Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
PMB 917, Box 10001
Saipan, MP 96950
Telephone:  (670) 233-0777
Facsimile:    (670) 233-0776

*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| **ABELLANOSA, JOANNA et. al.,** | ) | **Civil Action No. 05-0010** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **DECLARATION OF COUNSEL** |
| **vs.** | ) | |
| | ) | |
| **L&T INTERNATIONAL CORPORATION.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

I, Colin M. Thompson, do declare that:

1.       I am the attorney of record for L&T International Corporation.

2.       I make this declaration based on my personal knowledge and I am competent to testify as to the matters set forth.

3.       Attached to this declaration as Exhibit "A" is a true and correct copy of Colin M. Thompson's letter to Joe Hill dated August 31, 2006

4.       Attached to this declaration as Exhibit "B" is a true and correct copy of Defendant's Supplemental Responses to Plaintiffs' Request for Admission.

5.      Attached to this declaration as Exhibit "C" is a true and correct copy Defendant's Supplemental Responses to Plaintiffs' Request for Interrogatories.

I declare under penalty of perjury under the law of the United States that the foregoing is true to the best of my knowledge and belief.

Dated this 31st day of August 2006.

COLIN M. THOMPSON, ESQ.
Attorney at Law

# Colin M. Thompson
## Attorney at Law

| | |
|---|---|
| PMB 917 Box 10001, Saipan, MP 96950, U.S.A.<br>E-mail: colin.thompson@saipan.com | Telephone No. : (670) 233-0777<br>Facsimile No. : (670) 233-0776 |

August 31, 2006                                    *Via Facsimile and Hand Delivery*

Joe Hill, Esq.
Attorney at Law
P.O. Box 500917
Susupe Village
Saipan, MP 96950

Re:    Abellanosa et al. vs. L&T Corporation
       Civil Action No. 05-0010

Dear Joe,

This will confirm the agreements we reached during our meet and confer held in your office on Tuesday the 29th of August. Significantly, this was the first time we meet and conferred about Plaintiffs' perceived deficiencies in Defendant's response s to discovery.

We were able to resolve a few issues. Wee agreed the subject to serving supplemental responses, Interrogatories 1, 2, 3 and 17 would be eliminated from your motion to compel along with Admissions 1, 2, 3, and 13. We also agreed that you will consider eliminating other responses from your motion depending on your review of the supplemental discovery. Please refer to supplemental responses to Plaintiffs' request for interrogatories and supplemental responses to plaintiffs' request for admissions served with this letter.

Unfortunately we were not able to meet and confer on all disputed issues. I offered to meet later that day, but you stated that you would not have time to meet until next week. Defendant's opposition to your motion to compel is due today. I called you to point out that we had yet to meet and confer as required under Local Rule 26. 4 (a)[1]. I also noted that I invited you to meet and confer a number of times relating to deficiencies in Plaintiffs discovery responses. I suggested that in light of our mutual obligations to meet and confer, that we agree to postpone the motions to compel until after we meet and confer on all issues. You rejected my proposal.

---

[1] <u>Meet and Confer Requirement</u>. The Court will entertain no motion under Federal Rules of Civil Procedure 26 through 37 unless counsel have previously met and conferred concerning all disputed issues. If counsel for the moving party seeks to arrange a conference and counsel for the party against whom the motion is made refuses or fails to meet and confer, the court may order the payment of reasonable expenses, including attorney fees, pursuant to FedR.Civ.P. 37(a)(4) and LR 1.3.

Admitted to practice law in the State of California and
The Commonwealth of the Northern Mariana Islands

Exh. "A"

*Letter to Joe Hill, Esq.*
*Re: Abellanosa et. al. vs. L&T*
*August 31, 2006*
*Page 2 of 2*

As explained, I now have no choice but to file an opposition to your motion to compel citing Local Rule 26.4 for the proposition that the Court should not entertain your motion because we did not meet and confer on all disputed issues. This is more than a technical deficiency. As demonstrated by our brief meet and confer on the 29th of August, we can resolve many disputed issues between ourselves without court intervention. This is especially true in this situation because you have not described with any particularly the deficiencies you perceive in Defendant's responses.

Please give me call if you have any questions or concerns.

Thank you for your cooperation.

Sincerely,

Colin M. Thompson

cc:      Client

CMT/esl

Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0076

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JOANNA ABELLANOSA, et al.,** | Civil Action No. 05-0010 |
| **Plaintiffs.** | **DEFENDANT'S SUPPLEMENTAL** |
| **vs.** | **RESPONSE TO PLAINTIFFS'** |
| **L&T INTERNATIONAL CORP.** | **FIRST SET OF REQUEST** |
| | **FOR ADMISSIONS** |
| **Defendant.** | |

Propounding Party: Plaintiffs, Joanna Abellanosa, et. al.

Responding Party: Defendant, L&T International Corporation

**TO :  PLAINTIFFS and THEIR ATTORNEY OF RECORD**

Pursuant to Federal Rules of Civil Procedure 36, Defendant, L&T International Corporation (Responding Defendant) hereby responds to Plaintiff First Set of Request for Admissions. The number of responses below correspond to the number of Plaintiffs' requests and in each case, L&T International reserves the right to supplement its response to any particular request a later time as new becomes available.

1

Exh. "B"

**PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action, without waiver of, and with preservation of:

(i)The right to object to all questions as to competency, relevancy, materiality, confidentiality, privilege, and admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial);

(ii) The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding in this action (including trial);

(iii) The right to object on any ground at any time to future requests for production, demands, interrogatories, document requests, or other discovery proceeding; and

(iv) The right at any time to revise, correct, and to supplement or clarify any of the responses contained herein.

The following responses (and any further responses to the Plaintiffs' First Request for Admission or to their subject matter) are made expressly without acknowledgment of materiality or relevance of information or documents described in the Request for Admission, or that said Request for Admission is in any way reasonably calculated to lead to the discovery of admissible evidence.

**GENERAL OBJECTIONS**

1. The Responding Defendant objects to the Request for Admission to the extent it purports to discover evidence or information that is protected by the Attorney-Client Privilege or other privileges or exemptions, which is work product, or that is material prepared in anticipation of litigation within the meaning of the Federal Rules of Civil Procedure, upon the grounds that these matters are exempt from discovery and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in the Rules of Civil Procedure, which prerequisites have

not been satisfied.  If one or more responses is made that violates the Attorney-Client Privilege or any other privilege, such response is inadvertent and is not intended as a waiver of said privilege.

2. Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Responding Defendant has responded or objected to any Request for Admission or any part thereof should not be taken as an admission that Responding Defendant accepts or admits the existence of any facts set forth or assumed by such Request for Admission or that such response or objection constitutes admissible evidence.  The fact that Responding Defendant has responded to part or all of any Request for Admission is not intended and shall not be construed to be a waiver by Responding Defendant of all or any part of any objection to any Request for Admission made by the Responding Defendant.

3. Responding Defendant objects to the subject Request for Admission insofar as said Request seeks to elicit the legal reasoning and theories underlying the various contentions and defenses of the Responding Defendant.  Further, Responding Defendant objects insofar as such Request for Admission seeks to compel disclosure of privileged information which constitutes the work product and/or attorney-client communication of Responding Defendant and its attorneys of record.

4. Responding Defendant further objects to the Request for Admission on the ground that said Request is compound, overbroad, and burdensome:

        (a) The Request for Admission is overbroad insofar as it seeks to elicit information other than that possessed by current officers, directors, employees or agents of Responding Defendant or otherwise reasonably available to Responding Defendant, or is contained in the documents currently possessed by, or under the control of, the Responding Defendant.

3

(b)The Request for Admission is burdensome in that it purports to require Responding Defendant to undertake extensive investigation beyond the scope called for in the Rules of Civil Procedure.

(c)    The Request for Admission is premature and burdensome in that discovery is just beginning in this action and the depositions of the propounding party and other third parties have not been taken, and many of the facts sought by the Request for Admission are particularly within the knowledge of the propounding party and other third parties.

(d)    The Request for Admission is overbroad and burdensome to the extent that the propounding party purports to elicit facts from Responding Defendant relating to contentions which Responding Defendant has previously admitted in its pleadings.

5. The response given below is based upon information that has been gathered to date. Responding Defendant has not yet completed its investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed its preparation for trial. Consequently, Responding Defendant may not be in a position to provide complete responses to each Request for Admission and the following responses are given without prejudice to Responding Defendant's right to produce, at the time of trial, subsequently discovered evidence relating to the proof of facts subsequently discovered to be material.   To the best knowledge of Responding Defendant, the information given herein is true and correct at this time, but Responding Defendant reserves the right to correct inadvertent errors or omissions, if any such errors or omissions exist or are hereafter discovered.

6. Responding Defendant also has not identified any consultants with knowledge of certain facts responsive to these Requests for Admission.   Responding Defendant intends to designate, at some future time, technical expert witnesses who have knowledge of certain facts described in

Responding Defendant's response to this Request for Admission. Without waiving Responding Defendant's right to later designate such experts, Responding Defendant will identify percipient witnesses who may have knowledge of the facts relating to Responding Defendant's response to this Request for Admission.

7. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses.

8. By making this response, Responding Defendant does not concede that the Request for Admission propounded nor the response given thereto, is relevant to the subject matter of this proceeding, or are reasonably calculated to lead to the discovery of admissible evidence. Responding Defendant expressly reserves the right to object to further discovery into the subject matter of these Request for Admission and reserves the right to object to introduction into evidence of information, documents or items produced in response to these Request for Admission.

9. Responding Defendant's response to the Request for Admission incorporates, and is to be read in light of, this Preliminary Statement and General Objections. Without waiving the foregoing objections, and specifically reserving the right to supplement the following responses in the future, Responding Defendant responds to the Request for Admission as follows based on such information and documents as are presently available.

## RESPONSE TO REQUEST FOR ADMISSIONS

Defendant, L&T INTERNATIONAL CORPORATION hereby responds to the Plaintiff's First Set of Request for Admissions as follows:

**REQUEST NO. 1:**    Admit that defendant was aware of the existence and coverage of the Nonresident Workers Act (NWA).

**RESPONSE:**    L&T Admits that it was aware of the existence and scope of the Nonresident Workers Act (NRWA).

**REQUEST NO. 2:**    Admit that defendant was aware of the existence and coverage of the CNMI Minimum Wage and Hours Act (MWHA).

**RESPONSE:**    L&T Admits that it was aware of the existence and scope of the CNMI Minimum Wage and Hours Act (MWHA).

**REQUEST NO. 3:**    Admit that defendant was aware of the existence and coverage of the Fair Labor Standards Act (FLSA).

**RESPONSE:** L&T Admits that it was aware of the existence and scope of the Fair Labor Standard Act (FLSA).

**REQUEST NO. 4:**    Admit that L&T International Corporation was, during the three (3) years prior to the filing of this suit, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §203(s).

**RESPONSE:** Admit.

**REQUEST NO. 5:**    Admit or deny that each plaintiff was hired for a term of one year.

**RESPONSE:**    Responding Defendant admits that each plaintiff was hired for a term of one year subject to the terms and conditions of non-resident worker contracts.

**REQUEST NO. 11:**   Admit that Ma. Luisa Dela-Cruz Ernest was employed as Manager of Human Resources for defendant, with policy level and making authority, and authority to hire and fire plaintiffs, at all pertinent times.

**RESPONSE:**   Responding Defendant admits that Ma. Luisa Dela-Cruz Ernest was employed as Manager of Human Resources for defendant, with policy level and making authority.  Responding Defendant denies that Malou Dela- Cruz-Ernest had authority to hire and fire plaintiffs, at all pertinent times.

**REQUEST NO. 12:**    Admit that Ma. Luisa Dela-Cruz Ernest was the Manager of Human Resources for the business entities and corporations under the L&T Group of Companies.

**RESPONSE:**   Responding Defendant admits that Ma. Luisa Dela-Cruz Ernest was the Manager of Human Resources for some of the business entities under the L&T Group of Companies. Responding Defendant admits that the L&T Group of Companies does not own shares in any other corporation.

**REQUEST NO. 13:** Admit that defendant and the L&T Group of Companies share a single-centralized Human Resources Department.

**RESPONSE:** Responding Defendant denies that L&T Group of Companies share a single-centralized Human Resources Department.

**REQUEST NO. 20:**   Admit that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' physical examination.

**RESPONSE:**   Objection Vague as to time. Responding Defendant denies that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' physical examination prior to their employment with the Responding Defendant.

**REQUEST NO. 21**:    Admit that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' health certificates.

**RESPONSE:**  Objection Vague as to time. Responding Defendant denies that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' health certificates prior to employment with the Responding Defendant.

**REQUEST NO. 25:** Admit or deny that plaintiffs' employment was terminated without just cause.

**RESPONSE:**    Responding Defendant denies that plaintiffs' employment was terminated without just cause.

**REQUEST NO. 26:** Admit that defendant did not give each plaintiff ten (10) days advance written notice before termination.

**RESPONSE:**   Responding Defendant denies that defendant did not give each plaintiff ten (10) days advance written notice before termination.

**REQUEST NO. 28:** Admit that defendant hired Chinese workers who performed the work of Hand Packers during the period from February 1, 2004 through April 1, 2006.

**RESPONSE:** Admit.

**REQUEST NO. 31:** Admit that plaintiffs did not read the substantive content of their employment contract prior to signing.

**RESPONSE:** Responding Defendant admits that some of the Plaintiffs testified in depositions that they did not read the substantive content of their employment contract prior to signing. Except to the extent admitted, L&T lacks sufficient information to admit or deny request No. 31 despite reasonable inquiry conducted to date.

**REQUEST NO. 35:** Admit that defendant is obligated to pay plaintiffs' return airfare to the Philippines.

**RESPONSE:**  Responding Defendant admits that defendant is obligated to pay plaintiffs' return airfare to the Philippines to the extent provided for in the non-resident worker contract and according to CNMI law.

Dated this 30th day of August, 2006.

**COLIN M. THOMSON**
Attorney at Law

## CERTIFICATE OF SERVICE

1
2
3     Emily S. Licop, hereby certifies that a true and correct copy of **DEFENDANT'S**
4  **SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST SET OF REQUEST FOR**
5  **ADMISSIONS** in the foregoing civil action was served via facsimile and hand delivery to the office
6  of:
7
8          **Joe Hill, Esq.**
           Hill Law Offices
9          P.O. Box 500917
           Saipan, MP 9695
10
11
12     Dated this 31st day of August, 2006.
13
14
15                              _____
                               **EMILY S. LICOP**
16
17
18
19
20
21
22
23
24
25

Colin M. Thompson, Esq.
The Law Offices of Colin M. Thompson
J.E. Tenorio Building
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile: (670) 233-0076

*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **JOANNA ABELLANOSA, et al.,** | )    **Civil Action No. 05-0010** |
| | ) |
| | ) |
| **Plaintiffs.** | )    **DEFENDANT'S SUPPLEMENTAL** |
| **vs.** | )    **RESPONSE TO PLAINTIFFS'** |
| | )    **FIRST SET OF REQUEST FOR** |
| **L&T INTERNATIONAL CORP.** | )    **INTERROGATORIES** |
| | ) |
| **Defendant.** | ) |
| | ) |

Propounding Party:   Plaintiffs, Joanna Abellanosa, et. al.

Responding party:   Defendant, L&T International Corporation

       Pursuant to Federal Rules of Civil Procedure, Defendant, L&T International Corporation, hereby responds to Plaintiffs' First Set of Request for Interrogatories as follows:

## I.

## OBJECTIONS

       1.    <u>Reservation of Right to Amend/Augment.</u> Responding Defendant is engaged in continuing investigation and discovery in this case. Therefore, all of the answers contained herein are based upon such information and documents as are presently available to and specifically known

Exh. "C."

to Defendant. Defendant therefore provides the following responses to the Interrogatories, without prejudice to present later, even at trial, further documentary or other evidence. Defendant also reserves the right to supplement these responses.

2.    <u>Objections Reserved</u>.  Each response is given subject to all appropriate objections (including, but not limited to, objections of competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any statement contained herein.  All such objections and grounds therefore are reserved and may be interposed at the time of trial.

3.    <u>Attorney-Client Privilege Objection</u>.    Responding Defendant objects to the Interrogatories to the extent that they seek information which is privileged under the attorney-client privilege, attorney work-product doctrine, any other privilege, constitutional, statutory or regulatory proscription against disclosure, or which are otherwise immune from discovery.  Inadvertent production of any such information shall not waive any privilege or any ground for objecting to discovery regardless of the subject matter thereof.  Nor shall any inadvertent disclosure waive the right of Defendant to object to the use of any such information during any subsequent proceeding in this action.

4.    <u>Confidential and Proprietary Information Objection</u>.  Responding Defendant objects to the Interrogatories to the extent that they seek information containing confidential, commercial, proprietary information.

5.    <u>Relevance and Breadth Objections</u>.  Responding Defendant objects to the Interrogatories to the extent that they are overly broad, burdensome and oppressive by seeking information which is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

6.    <u>Objections to Excessive and Inconsistent Obligations</u>. Responding Defendant objects to the Instructions set forth in the Interrogatories to the extent they seek to impose obligations which exceed or differ from those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District Court.  Furthermore, Defendant objects to the Instructions on the grounds that they exceed the scope of what defendant are entitled to request.  Defendant also objects to the

Definitions set forth in the Interrogatories to the extent they seek to give words meanings other than their ordinary meanings.

7. <u>No Admissions Made or Inferred.</u>  Except for facts explicitly admitted herein without qualification, no admission of any nature whatsoever is to be implied or inferred in the responses referenced herein.  The fact that any interrogatory herein has been responded to should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by any interrogatory, or that such response constitutes evidence of any fact thus set forth or assumed.  All responses must be construed as given on the basis of present knowledge and recollection.

8. Responding Defendant incorporates here by reference the foregoing objections in response to each of these Interrogatories.

## II.

## RESPONSES

**INTERROGATORY NO. 1:** If your answer to Request for Admission No. 1 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 2:**  If your answer to Request for Admission No. 2 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's

answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Not Applicable.

**INTERROGATORY NO. 3:** If your answer to Request for Admission No. 3 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Not Applicable.

**INTERROGATORY NO. 4:** Do you contend that defendant or plaintiff is covered by any exemption provided by the NWA, FLSA or the regulations issued thereunder or under an order, ruling, approval, interpretation, administrative practice or enforcement policy of the CNMI DOL or the Federal Administrator of the Wage and Hour Division as a defense to this action? If so, —

      a.  state the citation of the statute, regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy granting the exemption;

      b.  identify each fact upon which you rely to demonstrate the applicability of the exemption;

      c.  state the workweeks for which the exemption applied;

      d.  identify each document upon which you rely to demonstrate the applicability of the exemption; and

      e.  for each such regulatory order, ruling, interpretation, administrative practice or enforcement policy, state how the defendant has acted in conformity with the same.

**RESPONSE:**  Objection vague, irrelevant and overbroad.  Notwithstanding the objections, L&T is obligated to comply with all Federal and CNMI Laws to the full extent of their applicability. L&T is generally not exempt from the applicability of these laws.  At times, L&T has received exemptions from specific requirements of the NRWA, but those exemptions are not relevant to the instant case or likely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 5:**  If your answer to Request for Admission No. 4  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Not Applicable.

**INTERROGATORY NO. 6:**  Describe and give all names defendant has been known by or used, the type of business engaged in, the company's postal address, address of the head office, address of each manufacturing facility owned and/or operated by defendant, the identity of defendant's parent, subsidiary and affiliate businesses.

**RESPONSE:**    Objection vague, irrelevant and overbroad.    Notwithstanding the objections, Responding Defendant identifies all names that the defendant has been known by or used as L&T, L&T International Corporation and L&T Group of Companies.   In further response to this interrogatory, Defendant directs the Plaintiff to the pubic records filed with the corporate Registrar and the Business Licence Office as well as the government public records.  Also please refer to business licenses attached to the response and Bates stamped 100001 through 100012.   The Defendant does not own or operate a manufacturing facility but does provide services and labor to Concorde Garment Manufacturing Corporation.  Tan Holdings Corporation is the 100% shareholder

of L&T Group of Companies, the successor corporation to L&T International Corporation.  L&T has no subsidiary and has numerous affiliate businesses.

**INTERROGATORY NO. 7:** State the following information regarding defendant:

a.  the name, address, and job classification of each and every officer or employee of said corporation who was in the chain of command  between either plaintiff(s) and the person with the highest authority in defendant's operation during the period January 1, 2003 to the date of service of these interrogatories;

b.  the name and address of each and every shareholder owning at least five percent (5%) of any or all classes of stock in said defendant's corporation during the period January 1, 2003 to the date of service of these interrogatories; and

c. identify each and every person (by name, address, job classification) responsible for the computation or payment of wages to the plaintiffs-employees of defendant during the period January 1, 2003 to the date of service of these interrogatories stating the function each such person performed with respect to employee wage payments.

**RESPONSE:**

(a)

| Name | Address | Actual Post |
|---|---|---|
| Xi, Xing Qin | Yangzhou, China | Line Leader |
| Li, Zhi Min | Shanghai, China | Supervisor |
| Wu, Duan Huai | Quanzhou, China | Supervisor |
| Cao, Li Qun | Garapan, Saipan | Section Head |
| Wu, Duan Shu | Suzhou, China | Section Head |
| Fang, Zai Feng | Shanghai, China | Assistant Manager |
| Tse, Oi Ling | Navy Hill, Saipan | Production Manager |

(b)     Tan Holdings Corporation is the sole shareholder of L&T.

| (c) | Josie Autencio. | Finasisu, Saipan | Accountant |
|---|---|---|---|

**INTERROGATORY NO. 9:** If your answer to Request for Admission No. 5 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Responding Defendant hired the Plaintiffs under the terms and conditions contained in each plaintiff's respective non resident worker contract. The employment contracts between the Plaintiffs and Defendant provided for one year of employment subject to termination under certain express conditions including termination for a reduction in force due to economic necessity. Please refer to those contracts previously produced by the Defendant.

**INTERROGATORY NO. 15:** If your answer to Request for Admission No. 11 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:** Ms. Ernest holds a policy making position but does not decide who to hire and fire. Please refer to Defendant's Rule 26 disclosure.

**INTERROGATORY NO. 16:** If your answer to Request for Admission No. 12 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's

7

answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**    Ma. Luisa Dela Cruz- Ernest has been the Human Resources Manager for the garment making affiliates of L&T Group of Companies since 2003.   Please refer to Ms. Earnest's personnel file previously produced to the Plaintiffs.

**INTERROGATORY NO. 17:**  If your answer to Request for Admission No. 13  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to  support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**    L&T Group of Companies is the successor corporation to L&T International Corporation.  The human resources department for L&T International Corporation and its successor, L&T Group of Companies, is the same department.

**INTERROGATORY NO. 24:**  If your answer to Request for Admission No. 20 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to  support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Plaintiff's request for Admission No. 20 and Defendants response are as follows:

> **REQUEST NO. 20:**  Admit that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-employer was required to pay the fees for plaintiffs' physical examination.
> **RESPONSE:**   Objection Vague as to time. Responding Defendant denies that pursuant to the Nonresident Workers Act (3 CMC §§ 4437[c]; 4438[b]), defendant-

employer was required to pay the fees for plaintiffs' physical examination prior to their employment with the Responding Defendant.

3 CMC § 4437(c) provides in relevant part that "All private sector nonresident employment contracts under this chapter shall provide that the employer is responsible and liable for the insurance or payment of all medical expenses of the nonresident worker, including cost of referral and evacuation for medical treatment outside the Commonwealth, and cost of the embalming and transportation of the body back to the country of origin in the event of death of the nonresident worker..."    3 CMC § 4438(b) provides in relevant part that

> [t]he secretary may require the worker, together with any accompanying family
> member, to undergo a physical examination in the Commonwealth performed by any
> medical physician licensed to practice general medicine in the Commonwealth by the
> Commonwealth Medical Professional Licensing Board, within 10 working days of
> initial entry into the Commonwealth of a nonresident worker for employment under
> this chapter or, if the worker is already present in the Commonwealth for some other
> purpose, within 10 working days after the director issues a nonresident worker
> identification certificate for the worker.  Any family member preceding or following
> the nonresident worker to the Commonwealth may also be required to undergo a
> medical examination by a medical physician licensed to practice general medicine in
> the Commonwealth by the Commonwealth Medical Professional Licensing Board
> within 10 working days after entry into the Commonwealth.  The cost of any
> examination of a nonresident worker shall be borne by the employer.  The cost of any
> examination of a member of the family of any nonresident worker shall be borne by
> either the worker or the employer, as the employment contract shall provide.  The
> director shall by regulation provide for annual physical examination of nonresident
> workers and family members in the Commonwealth by any medical physician
> licensed to practice general medicine in the Commonwealth by the Commonwealth
> Medical Professional Licensing Board when employment under this chapter will
> continue for more than one year.  The cost of all examinations under this section shall
> reflect the total cost, including physician fees, of providing the examinations.  Any
> nonresident worker or immediate family member who falls to comply with this
> section shall be subject to immediate deportation to the point of origin.  All costs of
> repatriation of the nonresident worker shall be the responsibility of the employer.

Under the statutes cited above, L&T would only become responsible for the payment of the Plaintiffs' physical examinations after L&T became the Plaintiffs approved employer.  The First Amended Complaint in this case alleges that L&T's obligation to pay for the Plaintiffs' physical exam preceded the Department of Labor's approval or L&T employment of the Plaintiffs.  L&T

denies this allegation.   Request for Admission No. 20 is vague because it does not state what physical examinations are being referred to or when the examinations took place.

**INTERROGATORY NO. 25**:  If your answer to Request for Admission No. 21 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Defendant's Response to Interrogatory No. 24.

**INTERROGATORY NO. 29:** If your answer to Request for Admission No. 25  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Each Plaintiff was hired by L&T under contract.   Each contract provided for termination when the employer needed to reduce the work force.  Plaintiffs were terminated pursuant to the terms of their employment contracts due to a reduction in the work force. The work force was reduced because of declining orders pursuant to the Reduction in Force Policy.   Please refer to Plaintiffs' employment contracts, the Notices of termination, reduction in force policies and all documents supporting the decision to reduce the work force.

**INTERROGATORY NO. 30:**  If your answer to Request for Admission No. 26  is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes  supports or tends to  support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**  Please refer to Plaintiffs' employment contracts and the Notices of termination.


**INTERROGATORY NO. 31:**  For each plaintiff terminated, by defendant, describe in detail and/or state:

      a.   the name, last known address, employer and employment position of each and every person who in any way participated in the decision to terminate each plaintiff;

      b. the reason(s) for plaintiffs' termination of employment;

      c. the name and last known address of each person who was present when plaintiffs' employment was terminated; and

      d. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:**

a)

| Name | Address | Employer | Position |
|---|---|---|---|
| Tse. Oi Ling | Navy Hill | L&T | Production Manager |
| Joaquin Torres | Gualo Rai | L&T | HR Director |
| Choi Yeung, Mei Ngor | Navy Hill | L&T | Vice-President Production |

b)    Plaintiffs' employment contracts with L&T were terminated because of a reduction in force. Please refer to Plaintiffs' employment contracts, the Notices of termination and all documents supporting the decision to reduce the work force including sales reports, production reports, workforce budgeting reports, worker efficiency reports among other documents all identified in Defendants Rule 26 disclosure and made available to Plaintiffs for inspection.

c)    The following individuals were present when the Plaintiffs were notified of the termination of their employment with L&T.

| | |
|---|---|
| Quing. Ma. Corazon | Lower Navy Hill |
| Rhodora Bernabe | Finasisu Apartment |
| Maria Luisa Ernest | Navy Hill |

**INTERROGATORY NO. 32:**  State whether any employees and/or agents of defendant took any notes and/or prepared any memoranda or other writings during and/or in connection with the termination of plaintiffs' employment with defendant. If yes, identify:

a. the name and job position of the individual who took the notes and/or prepared the memoranda or other writings;

b. the location of the notes and memoranda; and

c. the substance of the notes and memoranda.

**RESPONSE:**  Objection, vague and overbroad and unduly burdensome.  L&T is unaware of the existence of any notes, memoranda or other writings made during the termination of the plaintiffs. Documents made in connection with the termination include the termination notices, the employment contracts and more broadly speaking, the efficiency reports, reduction in force policies, and other documents identified in Defendants Rule 26 disclosure.

**INTERROGATORY NO. 33:**  Identify by date, location and participants of each and every conversation in which the subject of termination of plaintiffs was discussed by defendant and any of its supervisors, officers or managers, and state the substance of each such conversation.

**RESPONSE:**  Objection.  Vague, overbroad and unduly burdensome.


**INTERROGATORY NO. 34:**  Describe in detail and identify by date each and every correspondence, memorandum or other document in which the subject of the termination of plaintiffs was discussed by defendant, its officers, managers or other employees.

**RESPONSE:**  Objection.  Vague, overbroad and unduly burdensome.  Please refer to documents identified in Defendants Rule 26 disclosure.


**INTERROGATORY NO. 37:**  State whether any disciplinary or warning action for job performance reasons or otherwise was ever taken against plaintiffs any time during the course of their employment with defendant. If yes, state:

       a. the dates on which the disciplinary or warning action was taken;

       b. the reason for and the form of the disciplinary or warning action;

       c. the name and job position of each person who in any way participated in the decision to issue the disciplinary or warning action; and

       d. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:**  None of the Charging Parties were given formal or documented disciplinary or warning action during the course of their employment with defendant.  Cory Quing testified in her deposition that she recalled verbally warning a few plaintiffs on a few occasions about unsatisfactory work performance.

**INTERROGATORY NO. 39:** If your answer to Request for Admission No. 28 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Not applicable.

**INTERROGATORY NO. 42:** If your answer to Request for Admission No. 31 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

**RESPONSE:**   Except for those Plaintiffs whose depositions were taken and who testified on this issue, Responding Defendant presently lacks sufficient information to answer this question as to all plaintiffs.

**INTERROGATORY NO. 46:** If your answer to Request for Admission No. 35 is anything other than unequivocal "Admit," please describe, state and explain in detail each fact and legal theory that the defendant believes supports or tends to support the defendant's answer to that Request for Admission, including the identity of documents that support or tend to support the defendant's answer and the identity of all persons who have knowledge of facts that the defendant believes supports or tends to support the defendant's answer to that Request for Admission.

1   **RESPONSE:**  Responding Defendant admits that defendant is obligated to pay plaintiffs' return

2   airfare to the Philippines to the extent provided for in the non-resident worker contract and according

3   to CNMI law. 3 CMC § 4438(b) "All costs of repatriation of the nonresident worker shall be the

4   responsibility of the employer."  Pursuant to the employment contract between L&T and the

5   Plaintiffs "The employer shall be responsible for the booking and purchase of the employee's return

6   airplane ticket to his/her pint of hire at the expiration or termination of the employment contract.

7   The employee expressly agrees to depart the Commonwealth no later than three days after the

8   expiration of the permit is renewed, or the employee is permitted to stay in the Commonwealth by

9   operation of law.  The employer shall not be responsible for repatriation expenses in the event the

10  employee is transferred to another employer by the Department of Labor and Immigration or where

11  repatriation is not required or mandated by law due to a change in labor or immigration status of the

12  employee."  L&T is ready, willing and able to repatriate any Plaintiff who notifies L&T of their

13  intent to repatriate.

14

15  **INTERROGATORY NO. 53:**  Identify each and every fringe benefit (including, but not limited to,

16  health, life and disability insurance, pension plan, profit sharing, bonus plan, savings plan and stock

17  option plan) for which the plaintiffs were eligible while employed by defendant. For each such

18  benefit, state:

19          a. the date on which each plaintiff became eligible for the benefit;

20          b. the monthly cost to defendant for providing the benefit to plaintiffs as of the last

21  date of plaintiffs' employment with defendant;

22          c. where the defendant contributes to a fund for a particular fringe benefit, state the

23  basis for determining the amount of contribution  and the amount of each monthly contribution made

24  by defendant per fringe benefit for each and every month during the twelve (12) months preceding

    plaintiffs' termination;

25          d. where eligibility for the fringe benefit is governed by vesting requirements, identify

    those vesting requirements;

e. for any bonus or commission for which each plaintiff was eligible, state the basis for determining the amount of bonus or commission and identify each and every bonus or commission each plaintiff received during the term of their employment; and

f. identify each and every document which in any way describes each fringe benefit and the benefits thereunder.

**RESPONSE:** Please refer to Plaintiffs' employment contract.


**INTERROGATORY NO. 54:** Identify and describe all fringe benefits provided by defendant that were factored into defendant's calculation of plaintiff(s) regular hourly rate.

**RESPONSE:** Please refer to Plaintiffs' employment contracts.


**INTERROGATORY NO. 57:** From January 1, 2003 to the present, state whether severance pay or any other payments or benefits were given to any of defendant's employees on or following the date of that employee's termination of employment with defendant. If yes:

a. identify by name, job position (title) and date of termination all persons who received such severance pay, payments or benefits, and identify by name and job position all individuals at defendant who directed, approved, recommended or were otherwise involved in the granting of such severance pay, payments or benefits to those individuals;

b. state whether any company, corporation, affiliate or business entity, affiliated or connected with or under the Tan Holdings Corporation, their officers, employees and directors, directed, approved, recommended or was otherwise involved in the payments;

c. describe the precise nature and amount of each item of severance pay or other payment or benefit;

d. describe the precise factual basis and reason for each item of severance pay or other payment or benefit given; and

e. identify each and every document upon which you base your answer to this interrogatory.

**RESPONSE:** Objection vague, overbroad and irrelevant. Notwithstanding the objections, please refer to the employment contracts and payroll records Bates stamped respectively as 01154 through 01722.

**INTERROGATORY NO. 58:** Describe in detail, stating each fact and legal theory relied on, defendant's termination of plaintiffs based on "on-going re-engineering and reduction in force due to economic necessity."

**RESPONSE:** L&T's employment contract with the Plaintiffs provided that termination for cause included a reduction in force due to adverse economic conditions or economic necessity. L&T terminated the plaintiffs contract, because reduction in force due to economic necessity. Please refer to Documents identified in L&T's Rule 26 disclosure.

**INTERROGATORY NO. 59:** Describe in detail, identifying each document and opinion relied on, stating each fact and legal theory relied on, the process and procedures utilized by defendant in determining that each plaintiff had to be terminated because of "on-going re-engineering and reduction in force due to economic necessity," giving the date(s) of said actions.

**RESPONSE:** Please refer to the reduction in force policies, the matrix of employees subject to termination, the employment contracts, sales reports, orders, sales projections, industrial engineering reports, employee efficiency reports and all documents identified in Defendant's Rule 26 disclosures and the documents identified in connection with Plaintiffs request for production of documents.

**INTERROGATORY NO. 60:** Describe in detail and identify each and every fiscal and economic indicator, occurrence, event, report, opinion and factor, that defendant relied on in determining to

17

terminate plaintiffs because of "on-going re-engineering and reduction in force due to economic necessity."

**RESPONSE:**     Please refer to documents produced in connection with Plaintiffs request for production of documents and identified in Defendants Rule 26 Disclosure.


**INTERROGATORY NO. 61:**  Identify and describe in detail each and every employee that was laid-off, suffered a reduction in hours or was terminated as a result of defendant's asserted  "on-going re-engineering and reduction in force due to economic necessity," during the period from January 1, 2001 through January 1, 2006.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.


**INTERROGATORY NO. 62:**  Identify and describe in detail each job vacancy filled by defendant between January 1, 2001 and January 1, 2006.

**RESPONSE:**   Please refer to response to production of documents Bates Stamped Nos.   00711 through 01125 and documents Bates Stamped No. 002188 through 002255.

**INTERROGATORY NO. 63:**  Identify and describe all defendant's employee manuals and/or employee handbooks, rules and regulations, regarding employee conduct, discipline and termination in existence for the period January 1, 2003 to January 1, 2006. And if defendant will do so without a formal request for production, provide copies of any such documents to counsel for plaintiffs by attaching copies to defendant's answers to these interrogatories.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.  Notwithstanding, the objections, please refer to Code of Conduct Bates Stamped No. 000074 through 000084 and all of the Plaintiffs employment contracts.

**INTERROGATORY NO. 64:**  Give the names and addresses of all businesses to which defendant supplied garments, goods or services for the years 2001 to the present.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.  Notwithstanding, the objections, Responding Defendant supplied services to Concorde Garment Manufacturing Corporation.

**INTERROGATORY NO. 65:**  Describe and identify all payments made to plaintiffs for each work week and payroll period during plaintiffs' employment with defendant, stating for each such period (a) each plaintiffs' regular hourly wage rate; (b) hourly overtime rate; and (c) each plaintiff's gross and net pay.

**RESPONSE:**  Please refer to payroll records Bates Stamped No. 001154-001722.

**INTERROGATORY NO. 66:**  State the amount of your net worth for each of the last five fiscal years.

**RESPONSE:**  Objection.  Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.  Further, Defendant has proffered a stipulated protective order under which such information may be released if relevant.  Plaintiff has to date not executed the stipulated protective order.

**INTERROGATORY NO. 67:** From 2001 to present, state whether defendant has ever been named a party to any action, whether administrative or judicial (or was put on notice that such an action would be initiated), wherein either allegations of breach of contract, failure to pay wages, unlawful termination and bad faith breach of contract, breach of covenants of good faith and fair dealings, intentional infliction of emotional distress or fraud and deceit, were raised and, in so doing, state:

        a. the name of each individual who named defendant as a party or informed defendant that he/she intended to do so;

b. the date on which the action was filed or on which defendant was put on notice that such action would or might be filed;

c. the final disposition of the action or notice that such action would be pending; and

d. the docket number of any such action and the name of the court or administrative agency in which it was filed.

**RESPONSE:** Objection. Overbroad, unduly burdensome and seeks information unlikely to lead to the discovery of relevant evidence.

**INTERROGATORY NO. 68:** State and describe in detail, the legal and factual basis for and supporting the defendant's First Affirmative Defense that "Plaintiff fails to state a claim upon a relief can be granted" as set forth in its Answer.

**RESPONSE:** There is no independent cause of action for return airfare.

**INTERROGATORY NO. 78:** State and describe in detail what information, documentation, and facts defendant had in its possession indicating and supporting assertion that "Plaintiff's claims are limited because Plaintiff has not suffered damage or because of Plaintiff's failure to mitigate damages" as set forth in the Eleventh Affirmative Defense in its Answer.

**RESPONSE:** Please refer to plaintiffs' deposition testimony and documents produced at deposition pursuant to Defendants request.

Dated this 31st day of August, 2005.

COLIN M. THOMPSON, Esq.
Attorney for Defendant

20

## CERTIFICATE OF SERVICE

**Emily S. Licop**, hereby certifies that a true and correct copy of **DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR INTERROGATORIES** in the foregoing civil action was served via facsimile and hand delivery to the office of:

> **Joe Hill, Esq.**
> Attorney at Law
> P.O. Box 500917
> Saipan, MP 96950

This 31st day of August, 2006.


_____
EMILY S. LICOP