F I L E D
Clerk
District Court

AUG 3 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABELLANOSA, JOANNA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>L&T INTERNATIONAL CORPORATION,<br><br>Defendant. | Civil Action No. 05-0010<br><br>DECLARATION IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

I, Mila M. Sapiandante, hereby declare as follows:

1. I am over the age of eighteen years old, have personal knowledge of the facts set forth herein, am competent to testify as to these facts if called as a witness in a court of law, and if called would testify as stated herein.

2. I was employed and worked for L & t International Corporation as a hand packer, in 2004 and was present on or about May 13, 2004, when I and other workers in the hand packing section were summoned by the calling of our individual names over the public address system to meet and report to the human resources (HR) office.

3. During my short stint as Hand Packer, L&T never gave me copies of any rules and regulations concerning discipline, termination, employee conduct or grievance procedures, and to my knowledge and/or information and belief, none of my co-workers Plaintiffs were given copies of such documents prior to termination by L&T.

4. Plaintiffs' position as Hand Packers was advertised for a wage of $3.05 hourly.

5. There was no individualized measurement or testing to determine each Packer's individual performance or production. The only production measurement or test was done by counting the machine output (production) from the different lines of Packers.

JOE HILL
Hill Law Offices
P.O. Box 500917 ~ Saipan CM-MP 96950 ~
TEL. NO. (670) 234-6860/7743 ~ FAX: 234-7753

There was really no way for me as an individual packer to control or show an increase in the number of products because I was just one individual on the line with many others. I even learned from reliable sources that among workers in the Packing Section, I was assessed to be one of the productive employees.

6.   Prior to signing my employment contract and at the time the contract was presented to me in the Human Resources (HR) for signing, I was not given an opportunity or time to read the contract before signing it.  The person at the window just slipped the document through the counter-window with the pages turned back, showing only the signature page, and pointed to where I was to sign it, which I did. If I hesitated in signing I fear I might lose the chance to work for L&T. I saw the same procedure happen with workers who signed before and after my turn.

8.   Were were employed and worked for L & t International Corporation as a hand packer, in 2004 I and my co-workers were present on or about May 13, 2004, when I and other workers in the hand packing section were summoned by the calling of our individual names over the public address system to meet and report to the human resources (HR) office.

9.   I did not know why I (We) were being called to come to HR.

10.   I thought that perhaps we were being called regarding receipt of our anticipated ATM Card that the company had us previously filled-out an application for, as they said to make it easier and more convenient for us workers to access and get our anticipated bi-weekly wage payments without having to stand in line waiting for and trying to cash payroll checks.

11.   As we arrived at the designated meeting room, I observed other workers, Corazon Quing, Malou Ernest and Rhodora Bernabe known to us as HR staff, were present at the May 13, 2004 meeting.

JOE HILL
Hill Law Offices
P.O. Box 500917 ~ Saipan CM-MP 96950 ~
TEL. NO. (670) 234-6800/7743 ~ FAX: 234-7753

2

12. That I did not see or hear Corazon Quing read or reading from any document or the so-called "communication plan" as described and stated in Exhibit "A" attached to the Declaration of Corazon Quing.

13. More specifically, I (we) were not told as stated by Corazon Quing that I (we) the workers, had the right to appeal our termination to the "Legal Department" of L&T or to any one else.

14. Neither Malou Ernest, Corazon Quing or any one else at the May 13, 2004 meeting, informed us, that the purpose of the so-called second check was "to cover for 10 days pay in lieu of notice," as stated in paragraph 7, Declaration of Corazon Quing.

15. It was my honest belief that I and my co-workers were terminated on May 13, 2004 and that the termination was effective immediately on and from May 13, 2004, because I (we) were told by HR staff at the May 13, 2004 meeting that today (May 13, 2004) was our last day of employment and at the meeting they demanded that we give up and turn in our company ID cards which were required and needed for company employees to enter company premises; and in addition being required to "turn over any and all company properties in your possession... on or before May 13, 2004" as stated in the Notice of Termination.

16. As a result I believed and felt that I was forced to stop working on May 13, 2004, the same date that the Notice of Termination (dated May 12, 2004) was given to me. Hence, I was not given any prior Notice of Termination.

17. I and the other plaintiffs worked a work schedule and shift, and worked Monday through Saturday, seven (7) hours a day, six (6) days a week, for a total of forty-two (42) hours each work week, including two (2) hour overtime each work week.

18. Even before I worked for L&T, I have known Grace Indico since about 1999 when she was my neighbor. In 2001, she became my son's godmother. Grace started worked

JOE HILL
Hill Law Offices
P.O. Box 500917 ~ Saipan CM-MP 96950 ~
TEL. NO. (670) 234-6860/7743 ~ FAX: 234-7753

at L&T shortly before I did. Grace and I worked the same shift. I knew that Grace was hired under the category of hand packer but she did not do hand packing work but actually daily worked as a Scanner including the period that I worked at L&T.

19. I was surprised to learn that Grace Indico was named and listed as a hand packer in L&T's 2004 RIF Matrix. (Exh. "C", Defendant's Memorandum).

20. Grace started work at L&T shortly before me, however, she was not terminated or riffed, but as a I understand from her, she worked until the natural expiration of her contract in 2005, notwithstanding her low proficiency rating.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 31st day of August, 2006.

/s/ _____
Mila M. Sapiandante
Declarant

JOE HILL
Hill Law Offices
P.O. Box 500917 ~ Saipan CM-MP 96950 ~
TEL. NO. (670) 234-6860/7743 ~ FAX: 234-7753