**JOE HILL**
Hill Law Offices
Susupe Village
P.O. Box 500917
Saipan, MP 96950

Tel: (670) 234-6806/7743
Fax: (670) 234-7753

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABELLANOSA, JOANNA, et al., | Civil Action No. 05-0010 |
| Plaintiffs, | |
| v. | **SUPPLEMENTAL RULE 56(f) AFFIDAVIT OF JOE HILL** |
| L&T INTERNATIONAL CORPORATION, | |
| Defendant. | |

I, JOE HILL, hereby declare as follows:

1. I am counsel for the 76 Plaintiffs in the above-entitled action.

2. I am over the age of eighteen years old, have personal knowledge of the facts set forth herein, am competent to testify as to these facts if called as a witness in a court of law, and if called would testify as stated herein.

3. In Plaintiffs' Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Cross Motion for Summary Judgment, excerpts from the deposition of Jack Torres were quoted and used in the opposition against defendant L&T's motion.

4. In the subsequent Errata that was filed on September 5, 2006, copies of the excerpts from the designated corporate representative's deposition, Jack Torres,

were attached as Appendix "B" thereto. As the designated corporate representative, Mr. Torres' deposition testimony is crucial, pivotal and material to all of Plaintiffs' claims. It is essential that Plaintiffs be given an opportunity to complete and present his deposition testimony.

5.   Under Rule 5(d), Federal Rules of Civil Procedure, the general procedure would be for Plaintiffs to have filed a copy of the deposition of Jack Torres with the court. However, to date, Jack Torres' deposition has not yet been completed. And during his deposition, Mr. Torres promised to provide several material documents/information which he said he had forgotten or neglected to produce under the subpoena *duces tecum* during the July 10 and 11, 2006 Torres' deposition. One example of such promised production and/or information that has not been provided is as follows:

```
Q    Now, . . . at the time the plaintiffs were
     terminated in May of 2004, did . . . L&T have
     sufficient funds to pay plaintiffs for their
     salaries to the completion of their contract?
                         . . . .
A    I do not -- I don't have that information right
     now.
Q    Can you get that information from Mr. Arago?  Or
     some place?
                         . . .
Q    Can we get that information?
A    Yes.  (Deposition of Jack Torres, p.79/lines 18-
     25; p.80/lines 1-5).
```

2

6.     Under the circumstances, Judicial Services' Celina Concepcion has informed counsel that the transcript could not be finalized in its present form. Under Rule 30(e), the deponent after the completion of the transcript must be given 30 days to review and correct it. In the instant case that was not and could not be done because the transcript has not been finalized and because of the pressing time factors arising from the fact that the referenced partial transcript was not received (in floppy disk form) until August 31, 2006, which was also the deadline for filing Plaintiffs' opposition. The hard copy of Mr. Torres' transcript was received on September 1, 2006. In an abundance of caution, Plaintiffs, fearing adverse summary disposition and in an effort to show evidence in support of their claims and to rebut Defendant's allegations of lack of evidence, Plaintiffs seek leave to file the incomplete deposition of Jack Torres and have attached as **Exhibit "A"** hereto the caption page and first page of the transcript and will file a full copy of the transcript if deemed necessary or if leave is granted.

7.     Nenita "Baby" Lopez was the key human resource person who was in direct contact with most, if not all, the Plaintiffs during the application/hiring process, and is the person identified by the Plaintiffs as the one who made representations concerning the claims and issues of fraud, and health certificate fees applicable to and raised in the first, third, fourth and sixth causes of action of the First Amended Complaint.  As such, her deposition testimony is crucial and would preclude summary judgment on, at least, the first, third, fourth, and sixth causes of action.

8.     As shown in Atty. Colin Thompson's June 2, 2006 letter attached as **Exhibit "B"** hereto, he informed counsel for Plaintiffs that Ms. Lopez "was in the Philippines with a serious medical condition" and that he would "continue to update you on her condition." Counsel for Plaintiffs by letter dated June 6, 2006, replied

3

indicating inter alia that Ms. Lopez was a "key witness" and that she was the person in contact with most Plaintiffs during the application/hiring process and that Plaintiffs do not waive their right to depose her at the earliest time her health situation will allow it. Counsel for Plaintiffs requested that he be informed and kept updated on changes in Ms. Lopez's health situation, and her return to the CNMI and her availability dates for her deposition. *See* **Exhibit "C."** Defendant has not updated counsel for Plaintiffs on Ms. Lopez's health status or her availability date.

9. Of the 20 depositions thus far taken (16 by Defendant and 4 by Plaintiffs), at least two of the 16 taken by Defendants were not concluded and 1 of the 4 depositions taken by Plaintiffs was similarly not concluded. Additionally, counsel for Defendant has given notice of his intent to take the depositions of 32 additional Plaintiffs from August 16, 2006 through October 31, 2006.

10. The Court may also take notice that Plaintiffs had filed a Motion to Compel Discovery and that Defendant had filed an Opposition prior to the parties September 8, 2006 stipulation taking the motion off-calendar without prejudice to being re-calendared on subsequent motion.

11. Pursuant to FRCP, Rule 56(f) plaintiffs request that upon considering the motion for summary judgment and opposition thereto, if cause appears warranting the same, that the court as deemed necessary deny the motion or grant Plaintiffs additional time to prepare and submit affidavits, or grant a continuance and/or additional discovery or grant an appropriate continuance to allow plaintiffs to adequately offer evidence and oppose the motion for summary judgment.

I declare under the penalty of perjury that the foregoing is true to the best of my knowledge and belief.

4

Dated this 13th day of September, 2006.

/s/ _____
**JOE HILL**
Declarant