# EMPLOYMENT CONTRACT

This employment contract is entered into by and between _____ _____ of _____, _____, hereinafter referred to as the Employer, and _____ of _____, hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A. **DUTIES AND RESPONSIBILITIES**: The parties hereto agree that the Employee shall be employed only in the job category of _____ and shall perform the following duties and responsibilities to non-resident workers:

> DEPARTMENT OF LABOR & IMMIGRATION
> Division of Labor
> Commonwealth of the Northern Mariana Islands
> Saipan, MP 96950
> **CERTIFIED TRUE & CORRECT COPY**
> 9/27/04    [signature]
> DATE        SIGNATURE

OLD VERSION

B. **TERM**: The term of this Contract shall be for a period of _____ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on _____

C. **WORK DAYS AND HOURS**: The Employee's work days and hours shall be _____ to _____, from _____ to _____, for a total of _____ hours per week.

D. **COMPENSATION**: In consideration of the services to be performed by the Employee, the Employer agrees to pay the Employee compensation in the amount of:

1. $_____ per _____ and
2. $_____ per _____ for overtime compensation payable by check in bi-weekly intervals.
3. Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E. **DEDUCTIONS**: CNMI taxes and Social Security, if applicable, shall be withheld from the Employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Director of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

F. **PRINCIPAL PLACE OF WORK**: The Employee's principal place of employment shall be on _____, CNMI. However, the Employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G. **TRANSPORTATION**: The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H. **INSURANCE/MEDICAL EXPENSES**: The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his/her point of origin.

I. **NOTIFICATION OF NEXT-OF-KIN**: In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

_____
_____
_____

ORIGINAL

EXHIBIT 2

Form: L921014.1                                                Page 1 of 3

J.  **BOARD, LODGING AND OTHERS:**

   The Employer shall ensure that the following facilities are provided:

   1. ☐ Employer-provided housing at a charge of $_____ per month.

      ☐ Employer-provided housing free of charge.

      ☐ Employee self-arranged housing.
         (Attach statement or rental agreement)

   2. ☐ _____ (number) meals per day at a charge of $_____ per month.

   3. ☐ Employee to provide own food.

   4. ☐ Free transportation to and from job site at employer designated pick-up points.

   5. ☐ Employee to provide transportation to and from job site.

   6. ☐ Allowance:

   7. ☐ Others:

K.  **OTHER PROVISIONS:** The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)

L.  **TERMINATION:** This Contract may only be terminated for cause by either party by giving the other party _____ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Director of Labor or his designee.

   1. In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an Employer refuses to allow the Employee to continue working through the effective date of the termination and shall purchase a one-way ticket for the return of the Employee to his/ her point of hire.

   2. Termination for cause may include any of the following:

      a. _____ unauthorized absences and/or _____ unauthorized tardiness to work by the Employee;

      b. Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

      c. Conviction in the CNMI of any felony or two or more misdemeanors;

      d. Abandoning of job or assigned duty by the employee;

      e. Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

      f. Extreme cruelty or abuse, physical or otherwise;

      g. Unreasonable delays in the payment of the Employee's wages or salary;

      h. A breach of any provision of this Contract and not corrected within ten (10) days;

      i. Cessation of business activities or bankruptcy;

      j. Others (specify):

M.  **SETTLEMENT OF DISPUTE:**

   Grievance and Good Faith Settlement:

   All grievances or dispute under this employment contract shall be subject to the following grievance procedure:

   1. The Employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the Employer, any and all grievances or disputes he/she may have regarding his/her employment;

[Stamp: DEPARTMENT OF LABOR & IMMIGRATION, Division of Labor, Commonwealth of the Northern Mariana Islands, Saipan, MP 96950 — CERTIFIED TRUE & CORRECT COPY — 9/27/06 — SIGNATURE] [handwritten: OLD VERSION]

2. If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violations.

3. If the grievance or dispute is not resolved in step 1 or 2 above, the Employee may file a complaint with the Director of Labor or his designee.

The Employee and Employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Director of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N. **REMITTANCE/OTHER OBLIGATIONS**: The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O. **ENTIRE AGREEMENT**: The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

IN WITNESS WHEREOF, the parties hereto affix their names on the date and space so specified.

DATE: _____  _____
                                                    **EMPLOYER**
                                              (Print name, Title and Sign)

DATE: _____  _____
                                                    **EMPLOYEE**
                                              (Print name and Sign)

_____, COMMONWEALTH  )
OF THE NORTHERN MARIANA ISLANDS       ) ss: ACKNOWLEDGEMENT
_____  )

On this _____ day of _____,_____, personally appeared before me _____ and _____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

_____
                NOTARY PUBLIC

_____, COMMONWEALTH  )
OF THE NORTHERN MARIANA ISLANDS       ) ss: ACKNOWLEDGEMENT
_____  )

On this _____ day of _____,_____, personally appeared before me _____ and _____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

_____
                NOTARY PUBLIC

DATE: _____  APPROVED BY: _____
                                                    DIRECTOR OF LABOR

Form: L921014.1                                                    Page 3 of 3