FILED
Clerk
District Court

OCT - 4 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Colin M. Thompson, Esq.
Law Offices of Colin M. Thompson
PMB 917, Box 10001
Saipan, MP 96950
Telephone: (670) 233-0777
Facsimile:   (670) 233-0776

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ABELLANOSA, JOANNA et. al., ) | Civil Action No. 05-0010 |
| ) | |
| Plaintiffs, ) | OBJECTION TO EVIDENCE |
| ) | |
| vs. ) | |
| ) | Date: October 5, 2006 |
| L&T INTERNATIONAL CORPORATION. ) | Time: 9:00 a.m. |
| ) | Judge: Hon. Alex R. Munson |
| Defendant. ) | |
| ) | |

L&T objects to the "Verified/Amended Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Cross Motion for Summary Judgment" filed September 29, 2006, insofar as it is offered as testimony or evidence. The grounds for the objection are set forth below.

On September 29, 2006, Counsel for the Plaintiffs submitted a document signed by Plaintiffs' Counsel. *See* Verified/Amended Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Cross Motion for Summary Judgment filed September 29, 2006. Said document was signed and presented to the Court as a Declaration, and assertions were made "under penalty of perjury." *Id.*

1

at 24. L&T asserts that any testimony offered by Plaintiffs' Counsel in said document is improper and moves to strike any and all factual assertions made by Plaintiffs' Counsel for the following reasons:

(a) Lack of Personal Knowledge:  Federal Rule of Evidence 602; Irrelevant Evidence Inadmissible: Federal Rule of Evidence 402; Hearsay

L & T asserts that Plaintiffs' counsel has no personal knowledge concerning the circumstances surrounding the hiring of any Plaintiff, the conduct of the employees while employed, the termination of the employment relationship between L&T and the plaintiffs, and most, if not all of the facts material to each of the Plaintiffs' causes of action.  "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. F. R. E. 602.

Insofar as Plaintiffs' Counsel lacks personal knowledge of the material facts, any testimony or evidence proffered by Plaintiffs' based on information provided to Counsel is either irrelevant and inadmissible, (F.R.E. 402), prohibited by the Hearsay Rule and inadmissible (F.R.E. 802), or both.

(b) Model Rule of Professional Conduct 3.7:  Lawyer as Witness

To the extent that Plaintiffs' Counsel claims to have first-hand knowledge of the facts material to Plaintiffs' claims, it may be improper for Plaintiffs' Counsel to act as an advocate in the trial. Generally, "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness…" M.R.P.C. 3.7

//

//

//

(c) Unfair Prejudice; Confusion of the Issues: Likely to Mislead the Jury: Federal Rule of Evidence 403.

Insofar as the Court determines that Plaintiffs' Counsel has firsthand knowledge L&T objects to allowing Plaintiff's Counsel to testify because it will unfairly prejudice L&T, cause unnecessary confusion of the issues, and has a high potential to mislead the jury. L&T asserts that the probative value of any evidence offered by Plaintiffs' Counsel is outweighed by the confusion it will engender. Accordingly, any testimony offered by Plaintiffs' Counsel is excludable by Federal Rule of Evidence 403.

Respectfully submitted this 4th day of October, 2006.

_____
COLIN M. THOMPSON, ESQ.
Attorney at Law