**JOE HILL**
Hill Law Offices
Susupe Village
P.O. Box 500917
Saipan, MP 96950
Tel: (670) 234-6806/7743
Fax: (670) 234-7753

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **ABELLANOSA, JOANNA, et al.,**<br><br>        **Plaintiffs,**<br><br>    v.<br><br>**L&T INTERNATIONAL CORPORATION,**<br><br>        **Defendant.** | **Civil Action No. 05-0010**<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANT'S BILL OF COSTS / PLAINTIFFS' BILL OF COSTS**<br><br>Date: _____<br>Time: _____<br>**Judge: Hon. Alex R. Munson** |

Plaintiffs, by and through counsel, object to defendant's Bill of Costs and file plaintiffs' Bill of Costs request on the following grounds:

<u>Rule 54(d), by its own terms, does not apply:</u>

Under Rule 54(d) of the Federal Rules of Civil Procedure, the district court may, in its discretion, award costs to the prevailing party in a lawsuit, unless an express provision regarding costs is made by federal statute or court rule. A prevailing plaintiff is generally one who succeeds on some significant issue in the litigation and thereby achieves some of the benefit sought in filing the lawsuit. *See* Texas State Teachers Ass'n v. Garland Independent Sch., Dist., 489 U.S. 782, 791-92. On the other hand, a prevailing defendant is one who defeats the

litigation and obtains a denial of relief. Thus, a dismissal, <u>with prejudice on the merits</u>, of all claims against a defendant will generally make that defendant a prevailing party. *See* Power Mosfet Techs, L.L.C. v. Siemens AG, 378 F.3d 1396 (Fed. Cir. 2004).

However, the rule is there are no prevailing parties if the case is dismissed for lack of jurisdiction. *See* Miles v. California, 320 F.3d 986, 988 (9th Cir. 2003). The Ninth Circuit determined in *Miles* thusly:

> "We now conclude that, in addition to attorneys' fees requested under the civil rights statute, costs under Rule 54(d) may not be awarded where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." (*Id.* at 988).

In its October 12, 2006 Order Granting Defendant's Motion for Summary Judgment and Taking October 23, 2006 Trial Off-Calendar, the court specifically determined that the court lacked jurisdiction over plaintiffs' claims and that "defendant's motion for summary judgment is granted on that issue, only." In essence, the district court dismissed the case for lack of subject matter jurisdiction and did not reach the merits of the case. Thus, L&T cannot be considered as a "prevailing party" entitled to costs under Rule 54(d) and 28 U.S.C. §1920 without the case having been decided on the merits.

The applicable statute for awarding costs is 28 U.S.C. §1919, which provides in pertinent parts:

> "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, the court may order the payment of just costs."

In *Miles,* the Ninth Circuit reasoned and analyzed the problem thusly:

> "Where the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. §1919. Unlike Rule 54(d), §1919 is permissive, allows the district court to award 'just costs,' and does not turn on which party is the 'prevailing party.'" (*Ibid.* n.2).

Moreover, the taxing of costs under 28 U.S.C. §1919 rests in the sound judicial discretion of the district court and is reviewed for an abuse of discretion. Callicrate v. Farmland Industries, Inc. 139 F.3d 1336, 1339 (10th Cir. 1998).

Unlike the situations covered by Rule 54(d) and 28 U.S.C. §1920, there is no presumption that costs will be awarded under 28 U.S.C. §1919. In *Callicrate,* the Tenth Circuit construed the scope of §1919 as follows:

> "We are mindful that there is a fundamental distinction between awarding costs under §1919, and under §1920 and Fed. R. Civ. P. 54(d). While Rule 54(d)(1) provides that 'costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . .' (emphasis added), §1919 instead states that the court 'may order the payment of just costs' (emphasis added) when a jurisdictional dismissal occurs. It has been noted that unlike costs awarded under Rule 54, costs awarded under §1919 are not subject to a presumption that they will be awarded to a prevailing party." (*Ibid.* n.8).

Because there is a statute, 28 U.S.C. §1919, that expressly covers the situation here, i.e., dismissal for lack of subject matter jurisdiction, Rule 54(d) is not applicable and L&T's bill of costs is not properly brought and should be denied by the court.

<u>Costs as Inappropriate, Inequitable and Unjust:</u>

Defendant has submitted to the court what it asserts is a bill of costs without providing any legal analysis or explanation of why those stated expenses are "costs of the action" within the meaning of 28 U.S.C. §1920. Moreover, the bill of costs prepared and submitted by defendant is fundamentally flawed, inappropriate, inequitable and unjust as it *inter alia,* fails to apportion costs respectively to each of the seventy-six (76) individual plaintiffs to whom said costs are to be logically attributed or charged as contemplated under the rules. It is undisputed that this is not a class action. The alleged costs should be itemized and categorized for each plaintiff. For example, in this case, each plaintiff presents independent claims against the defendant. Defendant deposed sixteen (16) of the plaintiffs in this case; while the remaining majority of them were not deposed at all. Obviously, defendant's deposition transcripts claimed expenses ($7,794.00)(Defendant's Bill of Costs) should not be fairly and justly charged against all the plaintiffs including those whose depositions were not taken. Under the specific facts of this case, it would be both unjust and inequitable to allow defendant to charge the deposition expenses as costs against those plaintiffs whose depositions were not taken where there is no common nexus of their individual claims.

<u>Billings by Concorde and CTSI Logistics Philippines Incorporation who are not Parties to the Case</u>:

In its Bill of Costs, defendant submitted a claim for costs incurred by "CONCORDE GARMENT MFG CORPORATION" and "CTSI Logistics Philippines Incorporated." *See* Bill of Costs, attachments except copying costs. This case is a suit between plaintiffs Abellanosa et al., against defendant L&T International Corporation. No other entity has joined or participated in this suit.

4

The documentation submitted by defendant L&T apparently for asserted costs incurred by Concorde and CTSI, both non-parties, in the conduct of the case are not authorized as costs or do not meet the requirements for award under the cited or relevant statutes and rules, to parties.

Valid Grounds to Deny Costs:

Defendant cites 28 U.S.C. §1920 as its authority for taxation of costs. "Costs" as defined by §1920 are as follows:

1. Fees of the clerk and marshal;

2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3. Fees and disbursements for printing and witnesses;

4. Fees for exemplification, and copies of papers necessarily obtained for use in the case;

5. Docket fees under section 1923 of this title;

6. Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Assuming *arguendo,* but not conceding the application of §1920 plaintiffs make the following arguments:

a. Fees for exemplification and copies of papers necessarily obtained for use in the case...$2,957.25:

Defendant's Bill of Costs claims a lump sum $2,957.25 for copying costs. *See* Bill of Costs, p. 2. While fees for exemplification and copies of papers necessarily obtained for use in the case are taxable as costs under 28 U.S.C.

5

§1920, defendant made no itemized computation, i.e., the cost for each page, the number of pages actually used in the case, thus making it impossible for the clerk or court to evaluate and determine the reasonableness of those claimed costs.

b. <u>Deposition Transcripts ...$7,794.00</u>:

Moreover, some of the items for deposition transcripts were charged twice. The transcription services for Jocelyn Tobias is charged twice, once dated 5/31/2006 and once dated 5/18/2006 at $868.00 each billing. The transcription services for Precilla Arcega was billed on 7/11/2006 for $196.00 and on 7/31/2006 for $256.00. Additionally, transcription services charges were vague and for unspecified work/services, such as "TRANSCRIPTION SERVICES RE ABELLANOSA ET AL.," thus, makes it impossible for the clerk or court and plaintiffs to evaluate the reasonableness and legitimacy of those charges.

Regarding Nenita Lopez's deposition in Manila, counsel for defendant did not furnish plaintiffs a copy of the audio visual deposition transcript nor inform plaintiffs that one was available for a fee, and thereby prevented plaintiffs from effectively using the deposition testimony of Nenita Lopez. *See* Verified/Amended Opposition to Defendant's Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment dated September 29, 2006, p. 11; Supplemental Rule 56(f) Affidavit of Joe Hill dated September 29, 2006; and Declaration of Joe Hill in Support of Plaintiffs' Bill of Costs.

c. <u>Notary Public for Nenita Lopez Deposition . . .$100.80</u>:

Section 1920, cited by defendant as its authority for taxation of costs, does not explicitly authorize an award of costs for notary public fees. Notary public

6

fee is a necessary expense incurred in furnishing representation that would normally be treated as part of attorney's fees chargeable to fee paying client such as the corporate giant and defendant L&T. The general rule in the United States, known as the "American Rule," is that a successful litigant generally may not recover attorneys' fees from an opponent. *See* Alyeska Pipeline Service Co. v. Wilderness Societies, 421 U.S. 240, 269 (1975).

Moreover, this amount for notarial fees is excessive considering the amount of time (roughly twenty seconds) the notary public spent in swearing in Nenita Lopez before her deposition.

d. <u>Video Professional Services Fee for Nenita Lopez Deposition . . .$100.00</u>:

Section 1920 does not explicitly authorize an award of costs for video services. The only provision of §1920 that could arguably apply to defendant's video service fee is subsection (4) regarding "exemplification and copies of papers." But a video is obviously not a copy of paper. Nor is it an exemplification as that term is defined "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." Black's Law Dictionary 593 (7th ed. 1999).

Absent any authority for awarding costs for the video, the district court should not make the award. A district court cannot award costs beyond those specified by Section 1920. *See* Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987).

e. <u>Airfare charges . . .$553.00</u>:

L&T claims $553.00 as airfare for its counsel's travel from and to Saipan,

7

and Manila. *See* Defendant's Bill of Costs, 3rd attachment.

Section 1920, cited by defendant as its authority for taxation of costs, does not explicitly authorize an award of costs for airfare charges. Airfare charge is an out-of-pocket expenses which may be treated as part of attorney's fees chargeable to fee paying client, such as the corporate giant and defendant L&T. The general rule in the United States, known as the "American Rule," is that a successful litigant generally may not recover attorneys' fees from an opponent. *See* Alyeska Pipeline Service Co. v. Wilderness Societies, 421 U.S. 240, 269 (1975).

f. <u>Hotel Accomodation (for Depo in Manila Phils.) . . . $522.65</u>:

Section 1920, cited by defendant as its authority for taxation of costs, does not explicitly authorize an award of costs for hotel accommodation. Hotel accommodation expense is an out-of-pocket expenses which may be treated as part of attorneys' fees chargeable to fee paying client such as corporate giant and defendant L&T. The general rule in the United States, known as the "American Rule," is that a successful litigant generally may not recover attorneys' fees from an opponent. *Ibid.*

Moreover, the invoice for hotel accommodation contains entries or items such as, pringles, smb dry, smb pale, which are not considered taxable costs under applicable rules and statutes. While left unexplained by defendant, "smb," on information and belief, stands for "san miguel beer" dry or pale pilsen, a popular beer beverage in Manila, Philippines.

<u>Plaintiffs' indigency and lack of financial resources</u>:

The proper exercise of a trial court's discretion to deny costs will hinge on

whether the costs are of a type authorized by law and whether the costs are for materials necessarily obtained for use in the case. *See* Allison v. Bank One-Denver, 289 F.3d 1223, 1248 (10th Cir. 2002). Costs may be denied where the party required to pay is unable to pay or would be rendered indigent by paying. *See* Champion Produce, Inc. v. Ruby Robinson Co., 342 F3d. 1016, 1022 (9th Cir. 2003). Here, plaintiffs are in no position to pay costs and presently impoverished and/or most have been unable to find jobs since their May 13, 2004 termination by defendant. *See* Declarations in Support of Plaintiffs' Objection to Taxing and Awarding of Costs to Defendant attached hereto.

Although some of the plaintiffs were able to find jobs after termination, their wages are at the $3.05 or slightly above the minimum wage, but placing them below the federal poverty line. Plaintiffs would be rendered indigent if required to pay costs in any amount, especially the demanded $12,027.70 to defendant, who, unlike the plaintiffs, has huge financial resources.

In *Ass'n of Mexican -Amer. Educators v. State of California,* 231 F.3d 572, 591-593 (9th Cir. 2000) the district court denied the Rule 54(d) bill of costs of the prevailing defendants. When the prevailing defendants appealed, the Ninth Circuit affirmed the denial reasoning thusly:

> "In past cases, this court has approved the following reasons for refusing to award costs to a prevailing party: the losing party's limited financial resources; and misconduct on the part of the prevailing party. Further, in *[Stanley],* we held that the district court abused its discretion in denying a losing civil rights plaintiff's motion to re-tax costs without considering (1) <u>the plaintiff's limited financial resources</u>; and (2) the 'chilling effect of imposing such high costs on future civil rights litigants.'" (Internal citations omitted; emphasis added).

9

It is offered that this court is not precluded from and indeed should seriously consider the chilling effect on imposing such high costs ($12,027.70) on future alien-minority persons and groups as plaintiffs who are all alien-female contract workers. Hence, the court should deny any costs to defendant or impose in its discretion only nominal costs.

PLAINTIFFS' BILL OF COSTS:

In its October 12, 2006 Order Granting Defendant's Motion for Summary Judgment and Taking October 23, 2006 Trial Off-Calendar, the court specifically determined that "plaintiffs' claim for a declaratory judgment is and has been moot as defendant has acknowledged from the first its obligation under Commonwealth law to provide return airline tickets to each plaintiff." The court went further and determined that there is no justiciable issue before the court. On October 19, 2006, an entry of judgment was entered in this case.

With respect to Seventh Cause of Action of the First Amended Complaint - Plaintiffs' Claim for Declaratory Relief for Return Air Fare, this issue was in effect resolved in plaintiffs favor and/or against defendant. Plaintiffs submit this Bill of Costs pursuant to 28 U.S.C. §1919 which, in pertinent parts, provides:

> "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, the court may order the payment of just costs."

The Seventh Cause of Action on October 19, 2006, plaintiffs request the Clerk to tax the following items as just costs against defendant:

10

JOE HILL
Hill Law Offices
P.O. Box 500917 ~ Saipan CM-MP 96950 ~
TEL. NO. (670) 234-6860/7743 ~ FAX: 234-7753

      a.  Filing fee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $250.00

         b.  Service of process

            Complaint & Summons . . . . . . . . . . . . . $20.00

            Opposition on Motion To Dismiss . . . . $20.00

            Motion for Leave to Comply . . . . . . . . . .$20.00

            First Amended Complaint . . . . . . . . . . . . $20.00

            Case Management Conference

               And Initial Disclosure . . . . . . . . . . . . . $20.00

            Motion to Compel. . . . . . . . . . . . . . . . . $20.00

         c.  Translation services re deposition

            of Amy Tse - Mr. Chi Kwan Ng . . . . . . .$112.50

         d.  Transcription services - Judicial Services

            Jack Torres' deposition . . . . . . . . . . . . . $1,152.00

         e.  Courier services . . . . . . . . . . . . . . . . . . . . . . . $66.46

         f.  Telephone charges . . . . . . . . . . . . . . . . . . . . .$174.24

         g.  Copying charges (8,533 @ $0.25 cents/page).. ..$2,133.25

**Total costs incurred . . . . . . . . . . . . . . . . . . . . . . . $4,008.45**

*See* 28 U.S.C. 1924 Declaration of Alma H. Ng In Support of Plaintiffs' Bill of Costs attached hereto.

<u>Conclusion</u>

Plaintiffs respectfully request that the Clerk/ Court, in the exercise of its sound discretion, deny Defendant's Bill of Costs for the reasons stated herein-above.

11

Alternatively, in the exercise of its sound discretion, the Court should and is asked to condition any payment of costs by the Plaintiffs upon the payment by Defendant of the respective Plaintiffs' airfare to their home in Manila, Philippines or that any award of costs be limited, in the Court's discretion, to nominal costs only.

Finally, in the exercise of its sound discretion, the Clerk/Court is asked to grant Plaintiffs' Bill of Costs.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on the 2nd day of November, 2006.

/s/ _____
**JOE HILL**
Attorney for Plaintiffs/Declarant

JOE HILL
Hill Law Offices
P.O. Box 500917 ~ Saipan CM-MP 96950 ~
TEL. NO. (670) 234-6860/7743 ~ FAX: 234-7753