FILED

**NOT FOR PUBLICATION**

JUN 26 2008

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

F I L E D
Clerk
District Court

AUG _ 4 2008

JOANNA ABELLANOSA; et al.,

                Plaintiffs - Appellants,

v.

L & T INTERNATIONAL
CORPORATION,

                Defendant - Appellee.

No. 06-17267

For The Northern Mariana Islands
By_____
           (Deputy Clerk)

D.C. No. CV-05-00010-ARM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, District Judge, Presiding

Argued and Submitted June 18, 2008
Honolulu, Hawaii

Before: GOODWIN, RYMER, and IKUTA, Circuit Judges.

    Joanna Abellanosa and other former contract employees of L&T

International Corp. (collectively, "Abellanosa") appeal the district court's dismissal

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

of their claims against L&T.  We affirm in part, reverse and vacate in part, and remand.

I

Abellanosa argues that the district court mistakenly characterized her illegal deduction claims as non-cognizable under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, when the FLSA provides an independent claim based on illegal deductions.  However, the minimum wage provisions of the FLSA are not applicable in the Commonwealth of the Northern Mariana Islands (CNMI) by virtue of Section 503 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, reprinted at 48 U.S.C. § 1801; and Abellanosa points to no other provision of the FLSA upon which any claim whose gravamen is a deduction from minimum wage could be based.  While the overtime provisions of the FLSA are applicable in the CNMI, there is no mathematical possibility that the payments about which Abellanosa complains affected overtime wages.  Accordingly, her FLSA claims lack merit, and were properly dismissed.

II

Having dismissed the federal claims, the district court then dismissed Abellanosa's CNMI and common law claims for lack of jurisdiction. We conclude this was error. There is no question that there is complete diversity of citizenship between Abellanosa and L&T, and we cannot say to a legal certainty that damages greater than $75,000 could not be recovered on her fraud and intentional infliction of emotional distress claims. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (holding that lack of good faith in choosing a federal forum may be shown only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (noting that "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case.") (original emphasis).

We decline L&T's invitation to affirm on alternative grounds. The district court did not consider whether triable issues of fact were raised, or whether L&T was entitled to summary judgment on the merits as a matter of law. Therefore, having held that subject-matter jurisdiction exists to entertain Abellanosa's CNMI

and common law claims, we vacate the order dismissing those claims and remand

to the district court.[1]

Each party to bear its own costs on appeal.

AFFIRMED IN PART; REVERSED AND VACATED IN PART; and

REMANDED.

---

[1]    We are informed that Abellanosa has intervened in *United States Equal Employment Opportunity Comm'n v. L&T Int'l Corp.*, No. 07-0029, now pending in the United States District Court for the Northern Mariana Islands, and that issues substantially similar to those presented in this case are raised in that action. Abellanosa asked us to stay this appeal pending resolution of that case, which we have declined to do. However, this is without prejudice to the district court's considering on remand the effect, if any, of the *EEOC* action on further proceedings in this action.